ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

E-filing

FILED
MAY 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PJH

CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

Plaintiffs,

v.

ZEPHYR CAFE; MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation,

Defendants.

CASE NO. CV 08 2293
Civil Rights

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation and allege as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' ZEPHYR's, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2. Plaintiff CRAIG YATES is a person with physical disabilities who, on or about September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007, January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008, was an invitee, guest, patron, customer at defendants' ZEPHYR's, in the City of San Francisco, California. At said time and place, defendants failed to provide proper legal access to the cafe, which is a "public accommodation" and/or a "public facility" including, but not limited to *the* west entrance, east entrance, service counter and unisex restroom. The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 3643 Balboa Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6. Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society. DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7. That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject ZEPHYR CAFE, and that the interests of plaintiff DREES in removing architectural barriers at the subject café advance the purposes of DREES to assure that all public accommodations, including the subject cafe, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8. Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as ZEPHYR CAFE, located at/near 3643 Balboa Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9. At all times relevant to this complaint, defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, own and operate in joint venture the subject ZEPHYR CAFE as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10. At all times relevant to this complaint, defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation are jointly and severally responsible to identify and remove architectural barriers at the subject ZEPHYR CAFÉ pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201 General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> 28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. The ZEPHYR CAFÉ, is a cafe, located at/near 3643 Balboa Street, San Francisco, California. The ZEPHYR CAFE, its west entrance, east entrance, service counter, unisex restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the ZEPHYR CAFÉ and each of its facilities, its west entrance, east entrance, service counter and unisex restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12. At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ZEPHYR CAFÉ as being handicapped accessible and handicapped usable.

14. On or about September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007, January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject ZEPHYR CAFE, for purposes of enjoying beverages, pastries and snacks.

15. On or about September 9, 2007, plaintiff CRAIG YATES attempted to enter ZEPHYR CAFÉ through one of its two (2) entrances. This was the west door. The entrance had a single door and no strike side clearance. Plaintiff could not open the door. Plaintiff CRAIG YATES stress and strained himself. Plaintiff CRAIG YATES was only able to enter when a patron exited and held the door open.

16. At said time and place, plaintiff CRAIG YATES wheeled to the counter to order coffee. The counter was too high. Plaintiff CRAIG YATES then needed to use a restroom.

17. At said time and place, plaintiff CRAIG YATES got a key and went to the unisex restroom. The door swings in, and the toilet was so far from the wall that plaintiff CRAIG YATES could not position his wheelchair to the left of the water closet, so as to gain more room upon entering, which would make it easier to close the restroom door. As the lavatory was in a cabinet, it was difficult for plaintiff CRAIG YATES to use it. Plaintiff CRAIG YATES banged around in his wheelchair attempting to maneuver in a space which was too small due to the placement of the restroom elements.

18. On or about September 16, 2007, plaintiff CRAIG YATES returned to ZEPHYR's. Plaintiff CRAIG YATES went to the west entrance and attempted to access the west door. Plaintiff CRAIG YATES struggled and stressed with the west door as it had no strike side entrance. A patron entering the café opened the door for plaintiff CRAIG YATES. Plaintiff CRAIG YATES entered. Plaintiff CRAIG YATES encountered the same high service counter.

19. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom and still struggled in his attempts to close the restroom stall door and open the restroom stall door upon exiting, and in general maneuvering in the restroom itself.

///

///

20. On or about September 23, 2007, plaintiff CRAIG YATES again patronized ZEPHYR's. Plaintiff CRAIG YATES on this occasion attempted to enter through the two (2) east double doors. Each double door was too narrow to pass through. A customer inside came to the doors and opened them for plaintiff CRAIG YATES to allow plaintiff CRAIG YATES entry into the café. Plaintiff ordered from the same high service counter.

21. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

22. On or about October 17, 2007, plaintiff CRAIG YATES returned to the west entrance with the single door at ZEPHYR. A patron exiting the café came out and held the door open for plaintiff CRAIG YATES. Plaintiff wheeled in and ordered at the same high counter.

23. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

24. On or about January 24, 2008, plaintiff CRAIG YATES returned to ZEPHYR CAFÉ. Plaintiff CRAIG YATES attempted to open the west entrance single door. Plaintiff was unable to do so. A customer coming out held the door open for plaintiff CRAIG YATES to enter the café. Plaintiff CRAIG YATES ordered from the same high counter.

25. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

26. On or about February 6, 2008, plaintiff CRAIG YATES wrote the landlord and the tenants at the ZEPHYR CAFÉ about the access issues. While the letter was sent to the correct address, the exact contents of the letter concerned a different public accommodation. However, the letter still addressed an entry door and difficulty maneuvering in the restroom. Plaintiff CRAIG YATES provided information on where to get information to enable them to identify and remove barriers.

27. On or about February 16, 2008, plaintiff CRAIG YATES once again patronized ZEPHYER's. Plaintiff CRAIG YATES was unable to independently enter the café and only recalls that someone assisted him into the café. There was no change to the service counter from which plaintiff CRAIG YATES ordered.

28. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

29. On or about March 5, 2008, plaintiff CRAIG YATES returned to ZEPHYR CAFÉ. Plaintiff CRAIG YATES could not enter through the single west door. The service counter person, a young Korean/Asian came to the west door, which is in the line of sight from the service counter and opened the door for plaintiff CRAIG YATES to allow him in. Plaintiff CRAIG YATES encountered the same high counter.

30. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

31. At said time and place, this young woman opened the single door for plaintiff CRAIG YATES to exit.

32. On or about March 11, 2008, plaintiff CRAIG YATES sent two (2) more letters to the landlord and tenant relative to the access issues. Plaintiff CRAIG YATES never received a response.

33. On or about March 31, 2008, plaintiff CRAIG YATES returned to ZEPHYER's. Plaintiff CRAIG YATES could not access the single door. A Korean/Asian man came to the door and opened the door for plaintiff CRAIG YATES. Plaintiff CRAIG YATES encountered the same food service counter.

34. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

35. On or about April 3, 2008, plaintiff CRAIG YATES returned to ZEPHYR CAFÉ. Plaintiff CRAIG YATES attempted to open the west entrance single door. While attempting to do this, the same Korean/Asian man came to the door and held it open for plaintiff CRAIG YATES. Plaintiff CRAIG YATES received his order from the high counter.

36. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

37. At said time and place, as plaintiff CRAIG YATES was leaving the café, the Korean/Asian man opened the door to allow plaintiff to exit. For approximately twenty (20) minutes, plaintiff CRAIG YATES engaged this gentleman in conversation about access. In substance this is what was said: plaintiff CRAIG YATES said and gestured to put in an automatic door and button. The reply was that the building was very old and that the landlord said not to touch and not to fix. Plaintiff CRAIG YATES pointed out that an automatic door and button would not change the building and then he, (Yates) could enter.

38. On or about April 16, 2008, returned to ZEPHYER's. No remedial work had been done. The Korean/Asian man opened the door. Plaintiff CRAIG YATES ordered from the high counter.

39. At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom, and plaintiff encountered the same barriers and experienced the same difficulties as stated previously herein.

40. At said time and place, when plaintiff CRAIG YATES decided to leave, the Korean/Asian man opened the single door for plaintiff.

///

///

///

///

///

///

41. Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject ZEPHYR CAFE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a. lack of directional signage to show accessible routes of travel, i.e entrances;

b. lack of an accessible entrance;

c. lack of handicapped accessible service counter;

d. lack of a handicapped-accessible unisex public restroom; and

e. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

42. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

43. On or about February 6, 2008 and March 11, 2008, defendant(s) were sent a total of four (4) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

44. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

45. As a legal result of defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

46. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about September 9 and 16, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing the west side entry door plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to pull the door open without strike side clearance.

47. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

///

48. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

49. Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation , because defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation maintained a café without access for persons with physical disabilities to its facilities, including but not limited to the west entrance, east entrance, service counter, unisex restroom and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

50. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

51. Plaintiffs, as described hereinbelow, seek injunctive relief to require the ZEPHYR CAFÉ to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the café as a public facility.

52. Plaintiffs seek damages for violation of their civil rights on September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007, January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was

readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

53. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

54. Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendants to make the ZEPHYR CAFÉ accessible to persons with disabilities.

55. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other cafes, restaurants, coffee houses and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

56. Plaintiffs are informed and believe and therefore allege that defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation , and each of them, caused the subject building(s) which constitute the ZEPHYRS

CAFE to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the café and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said cafe and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the café and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

57. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the café and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other cafes, restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the café accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the ZEPHYR CAFE. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and

continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

58. Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

59. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

60. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///

///

61. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

62. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

63. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

64. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges,

> advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

65. The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ZEPHYR CAFE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

66. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the

standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

67. On information and belief, construction work on, and modifications of, the subject building(s) of ZEPHYR CAFE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

68. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

69. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about April 16, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

70. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

71. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

73. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///

///

///

74. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.
>
> Civil Code §54.1(d)

75. Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' ZEPHYR CAFÉ. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the café because of their knowledge and belief that the café is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.
>
> Civil Code §54.3(a)

///

///

///

///

///

76. On or about September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007, January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the west entrance, east entrance, service counter, unisex restroom and other public facilities as stated herein at the ZEPHYR CAFÉ and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

77. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about September 9, 2007 and 16, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing west side entrance single door, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to enter the cafe.

78. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

79. Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007,

January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

80. As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(Health & Safety Code §19955, *et seq.*)

81. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 80 of this complaint.

///

///

///

///

///

///

82. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

83. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the ZEPHYR CAFÉ and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the café and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said *café* and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

84. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the ZEPHYR CAFÉ and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to

each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

85. Cafes such as the ZEPHYR CAFE are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

86. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

87. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

88. Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

///

///

///

///

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(Civil Code §51, 51.5)

89. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 88 of this complaint.

90. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

91. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

92. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §59, *et seq.*, as if repled herein.

///

93. As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on or about September 9 and September 16, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing west side entrance door, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the entry door which had no strike side clearance.

94. Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

1. For injunctive relief, compelling defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive, to make the ZEPHYR CAFE, located at 3643 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive, to make the ZEPHYR CAFE, located at 3643 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291;

7. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff CRAIG YATES, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. General and compensatory damages according to proof.

**IV. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive, to make the ZEPHYR CAFE, located at 3643 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**V. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. Treble damages pursuant to Civil Code §52(a);

///

4. For all costs of suit;

5. Prejudgment interest pursuant to Civil Code §3291; and

6. Such other and further relief as the court may deem just and proper.

**VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff CRAIG YATES, and Against Defendants MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

1. General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: 4/30/08, 2008

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: [signature]
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 4/30/08, 2008

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: [signature]
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

February 6, 2008

Manager
Zephyr Caffe
3643 Balboa St.
San Francisco, CA 94121

Dear Manager of Zephyr Caffe:

Recently, I visited Zephyr Caffe on a few occasions. As I use a wheelchair, I had problems with the entry door. The door pressure is unbelievable. I needed help to open it. I saw the button for the automatic door but it never works. When it came time to use the restroom, I couldn't. It's plenty big but you've got tables stacked up and a cabinet for the sink. You can't maneuver very easily. If my recollection is right, you're also missing a grab bar. I'm left with the impression that somebody made the restroom accessible and that somebody else undid it. Am I right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Zephyr Caffe once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

EXH A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

February 6, 2008

Owner of Building
Zephyr Caffe
3643 Balboa St.
San Francisco, CA 94121

Dear Owner of Building for Zephyr Caffe:

Recently, I visited Zephyr Caffe on a few occasions. As I use a wheelchair, I had problems with the entry door. The door pressure is unbelievable. I needed help to open it. I saw the button for the automatic door but it never works. When it came time to use the restroom, I couldn't. It's plenty big but you've got tables stacked up and a cabinet for the sink. You can't maneuver very easily. If my recollection is right, you're also missing a grab bar. I'm left with the impression that somebody made the restroom accessible and that somebody else undid it. Am I right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Zephyr Caffe once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 11, 2008

Manager
Zephyr Caffe
3643 Balboa St.
San Francisco, CA 94121

Dear Manager of Zephyr Caffe:

I sent you a letter on February 6, 2008 and did not get a response. I reread my letter and realized I sent it to the wrong place. So, I'm positive it made no sense to you and ignored it. I would have done the same thing. Please accept my apology. But on a positive note, maybe you got the information about access that I told you was available.

Anyway, let me try this again. So I'm rewriting my letter to you. Here goes. I have been to Zephyr's on many occasions. Each time I've had problems. The two entrances aren't usable by wheelchair users like myself unless somebody opens the door. The single door can't be opened because it's inset and you can't open it if you're in a chair. The two double doors are too narrow and you have to get both opened to get in. The service counter is too high and the restroom needs reworking. The door to the restrooms opens in and eliminates space to get in and the sink is in a cabinet so it's hard to use in a wheelchair. So, the big picture is that Zephyr's is not wheelchair friendly. But I think all this would be easy to fix. The rest of my February 6, 2008 letter was okay so I'll just say it again.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Zephyr Caffe once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.    You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 11, 2008

Owner of Building
Zephyr Caffe
3643 Balboa St.
San Francisco, CA 94121

Dear Owner of Building for Zephyr Caffe:

I sent you a letter on February 6, 2008 and did not get a response. I reread my letter and realized I sent it to the wrong place. So, I'm positive it made no sense to you and ignored it. I would have done the same thing. Please accept my apology. But on a positive note, maybe you got the information about access that I told you was available.

Anyway, let me try this again. So I'm rewriting my letter to you. Here goes. I have been to Zephyr's on many occasions. Each time I've had problems. The two entrances aren't usable by wheelchair users like myself unless somebody opens the door. The single door can't be opened because it's inset and you can't open it if you're in a chair. The two double doors are too narrow and you have to get both opened to get in. The service counter is too high and the restroom needs reworking. The door to the restrooms opens in and eliminates space to get in and the sink is in a cabinet so it's hard to use in a wheelchair. So, the big picture is that Zephyr's is not wheelchair friendly. But I think all this would be easy to fix. The rest of my February 6, 2008 letter was okay so I'll just say it again.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Zephyr Caffe once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.    You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

JS 44 - CAND (Rev. 11/04)

E-filing

(5) PJH

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

**DEFENDANTS**

ZEPHYR CAFE; MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES INC., a California corporation.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

San Francisco County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109 (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transfered from Another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liabiltiy
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl.Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patant
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (US Plaintiff or Defendant
- ☐ 871 IRS - Third Party 28 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights
- ☐ 445 Amer w/ disab - Empl
- ☒ 446 Amer w/ disab - Other

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 4/30/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611018746
Cashier ID: bucklem
Transaction Date: 05/02/2008
Payer Name: thomas e. frankovich

---

CIVIL FILING FEE
For: craig yates
Case/Party: D-CAN-3-08-CV-002293-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 10574
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

pjh

Checks and drafts are accepted subject to collections and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.