FILED

08 JUL 15 AM 10:55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Magdalene Y. Ho, Trustee of the Ng
Revocable Living Trust and Ng
Survivor's Trust
173 Ladera Steet
Monterey Park, CA 91754

Telephone No.: (626) 300-8588
Fax Number:    (626) 570-9888

Attorney In Pro Per

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation<br><br>Plaintiffs,<br><br>vs.<br><br>ZEPHYR CAFE; MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, and TRUSTEE OF THE NG SURVIVOR'S TRUST; and WON HYUN ENTERPRISES, INC., a California corporation,<br><br>Defendants. | CASE NO. CV-08-02293-PJH<br><br>**ANSWER OF MAGDALENE Y. HO, TRUSTEE OF THE NG REVOCABLE LIVING TRUST, AND TRUSTEE OF THE NG SURVIVOR'S TRUST, TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Defendant MAGDALENE Y. HO, as Trustee of the Ng Revocable Living Trust, and Trustee of the Ng Survivor's Trust (hereinafter "Ho"), on her own behalf only, answers the complaint and admits, denies, and alleges as follows:

**ANSWER TO INTRODUCTORY ALLEGATIONS**

1. As to paragraph 1, Ho admits to the nature of the lawsuit as stated therein.

2. As to paragraph 2 of the amended complaint, Ho denies the allegations contained

therein relating to plaintiff Craig Yates' (hereinafter "Yates") physical disabilities and his presence at the Zephyr Cafe (hereinafter "Café") for lack of information and belief. As to the remaining allegations, Ho denies each and every one of them.

### ANSWER TO ALLEGATIONS RE JURISDICTION AND VENUE

3. Ho admits the allegations contained in paragraphs 3 and 4 of the amended complaint.

4. As to paragraphs 5, 6 and 7, Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based upon this lack of information and belief, Ho denies each of the allegations contained therein.

5. As to paragraph 8 of the amended complaint, Ho admits that she, in her capacity as Trustee, is the owner of the building within which is located the Café. Ho denies each and every other allegation contained in said paragraph.

6. Ho denies each and every allegation contained in paragraph 9 of the amended complaint.

7. As to paragraph 10 of the amended complaint, Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based upon this lack of information and belief, Ho denies each of the allegations contained therein.

### ANSWER TO PRELIMINARY ALLEGATIONS

8. As to paragraph 11 of the amended complaint, Ho admits that the Café is located at/near 3643 Balboa Street, San Francisco, California. With this exception, Ho denies each and every of the other allegations contained therein.

9. As to paragraphs 12 through 44, inclusive, of the amended complaint, defendant Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based on this lack of information and belief, Ho denies each of the allegations contained therein.

10. As to paragraphs 45 through 53, inclusive, of the amended complaint, defendant Ho denies each and every allegation contained therein.

−2−

1    11. As to paragraphs 54 and 55 of the amended complaint, defendant Ho admits that defendants are seeking the relief stated therein.

12. As to paragraphs 56 through 60, inclusive, defendant Ho denies each and every allegation contained therein.

13. As to paragraph 61 of the amended complaint, defendant Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based on this lack of information and belief, Ho denies each of the allegations contained therein.

**ANSWER TO FIRST CAUSE OF ACTION**

14. In responding to paragraph 62 of the amended complaint, defendant Ho repleads and incorporates by reference, as if fully set forth again herein, her responses to the allegations contained in paragraphs 1 through 61 of the amended complaint

15. As to paragraphs 63 through 66, inclusive, Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based on this lack of information and belief, Ho denies each of the allegations contained therein.

16. As to paragraph 67 of the amended complaint, Ho denies that her acts were in violation of plaintiffs' rights under the ADA and other laws set forth therein. As to the remaining allegations in said paragraph, Ho is without sufficient information or belief to admit or deny the allegations contained therein. Based on this lack of information and belief, Ho denies each of the allegations contained therein.

17. As to paragraph 68 of the amended complaint, Ho denies each and every allegation contained therein.

18. As to paragraph 69, Ho is without sufficient information or belief to admit or deny the allegations contained therein as to the meaning of "readily achievable." Based on this lack of information and belief, Ho denies said allegations. As to every other allegation contained in said paragraph, Ho denies each and every one.

19. As to paragraphs 70 and 71, Ho denies each and every allegations contained therein.

1    20. As to paragraphs 72 and 73 of the amended complaint, Ho is without sufficient
2 information or belief to admit or deny the allegations contained therein relating to the applicable law.
3 Based on this lack of information and belief, Ho denies each such allegation. As to the remaining
4 allegations contained in these paragraphs, Ho denies each and every allegation contained therein.

**ANSWER TO SECOND CAUSE OF ACTION**

6    21. In responding to paragraph 74 of the amended complaint, defendant Ho repleads and
7 incorporates by reference, as if fully set forth again herein, her responses to the allegations
8 contained in paragraphs 1 through 73 of the amended complaint.

9    22.    In responding to paragraphs 75 through 77, inclusive, Ho is without sufficient
10 information or belief to admit or deny the allegations contained therein relating to the applicable law.
11 Based on this lack of information and belief, Ho denies each such allegation.

12    23. As to paragraph 78 of the amended complaint, Ho is without sufficient information or
13 belief to admit or deny the allegations contained therein relating to the applicable law. Based on this
14 lack of information and belief, Ho denies each such allegation. As to the remaining allegations
15 contained in this paragraph, Ho denies those allegations.

16    24. As to paragraphs 79 through 83, inclusive, of the amended complaint, Ho denies each
17 and every allegations contained therein.

**ANSWER TO THIRD CAUSE OF ACTION**

19    25. In responding to paragraph 84 of the amended complaint, defendant Ho repleads and
20 incorporates by reference, as if fully set forth again herein, her responses to the allegations
21 contained in paragraphs 1 through 83 of the amended complaint.

22    26. As to paragraph 85 of the amended complaint, Ho is without sufficient information or
23 belief to admit or deny the allegations contained therein relating to the applicable law. Based on this
24 lack of information and belief, Ho denies each such allegation.

25    27. As to paragraph 86 of the amended complaint, Ho is without sufficient information or
26 belief to admit or deny the allegations contained therein relating to the applicable law. Based on this

- 4 -

1  lack of information and belief, Ho denies each such allegation. As to the remaining allegations
2  contained in this paragraph, Ho denies those allegations.

3  28. As to paragraph 87 of the amended complaint, Ho is without sufficient information or
4  belief to admit or deny the allegations contained therein relating to the applicable law. Based on this
5  lack of information and belief, Ho denies each such allegation

6  29. As to paragraph 88 of the amended complaint, Ho is without sufficient information or
7  belief to admit or deny the allegations contained therein as it relates to the applicable law. Based on
8  this lack of information and belief, Ho denies each such allegation.

9  30. As to paragraph 89 of the amended complaint, Ho denies each and every allegation
10 contained therein.

11 31. As to paragraph 90 of the amended complaint, Ho is without sufficient information or
12 belief to admit or deny the allegations contained therein relating to plaintiffs' right to recover
13 attorney's fees. Based on this lack of information and belief, Ho denies each such allegation. As to
14 the remaining allegations contained in this paragraph, Ho denies those allegations.

15 32. Ho admits that plaintiffs are seeking injunctive relief as alleged in paragraph 91.

### ANSWER TO FOURTH CAUSE OF ACTION

17 33. In responding to paragraph 92 of the amended complaint, defendant Ho repleads and
18 incorporates by reference, as if fully set forth again herein, her responses to the allegations
19 contained in paragraphs 1 through 91 of the amended complaint.

20 34. As to paragraphs 93 through 95, inclusive, of the amended complaint, Ho is without
21 sufficient information or belief to admit or deny the allegations contained therein relating to the
22 applicable law and/or regulations. Based on this lack of information and belief, Ho denies each such
23 allegation. As to the remaining allegations contained in this paragraph, Ho denies those allegations.

24 35. As to paragraphs 96 and 97 of the amended complaint, defendant Ho denies each and
25 every allegation contained therein.

### AFFIRMATIVE DEFENSES

27
28

1 **FIRST AFFIRMATIVE DEFENSE**

2 **(Unclean Hands)**

3   36. Plaintiffs come to this court with unclean hands, and under the circumstances of this
4 case, this limits or bars any recovery that may be had as against this answering defendant.

5 **SECOND AFFIRMATIVE DEFENSE**

6 **(Failure To State A Claim For Relief)**

7   37. Neither the complaint nor any cause of action therein states facts sufficient to constitute
8 a claim for relief against this answering defendant.

9 **THIRD AFFIRMATIVE DEFENSE**

10 **(Mitigation of Damages)**

11   38. Plaintiffs have failed to mitigate their damages, and to the extent of such failure to
12 mitigate, any damages awarded to plaintiffs should be reduced accordingly.

13 /////

14 **FOURTH AFFIRMATIVE DEFENSE**

15 **(Comparative Negligence)**

16   39. Plaintiffs, by their actions and conduct, have failed to exercise reasonable care and
17 diligence in their own behalf, thereby causing or contributing to their alleged damages. Plaintiffs'
18 recovery against this answering defendant, if any, must be reduced by the proportion of damages
19 alleged caused by their own acts and conduct.

20 **FIFTH AFFIRMATIVE DEFENSE**

21 **(Negligence of Others)**

22   40. To the extent plaintiffs have suffered any damages as alleged in the complaint, the
23 damages were caused by the negligence or fault of persons and entities other than this answering
24 defendant. Plaintiffs' right of recovery from this answering defendant, if any, must be reduced
25 accordingly.

26 **SIXTH AFFIRMATIVE DEFENSE**

27

28

– 6 –

**(Causation)**

41.  Plaintiffs' alleged damages, if any, were caused by circumstances and conduct other than those alleged in the complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages)**

42.  Plaintiffs have not suffered any damages as a result of any actions taken by this answering defendant or her agents, and plaintiffs are therefore barred from asserting any cause of action against this answering defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

43.  Plaintiffs' consented to the conduct about which they are now complaining. Plaintiffs' consent bars any recovery as alleged in the complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

44.  Plaintiffs' claim are barred because defendant performed or is in the process of remedying any access barrier with alternative methods of access.

**TENTH AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

45. Plaintiffs' claims are barred because removal of any alleged access barrier is not readily achievable and no alternative method of access could be provided without fundamentally altering the nature of the goods, services and facilities being provided.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

46. At all relevant times, this answering defendant has met all statutory obligations owed to plaintiffs, or any other persons with disabilities, if any, and therefore plaintiffs' claims are barred.

**TWELVETH AFFIRMATIVE DEFENSE**

**(Mootness)**

47. This answering defendant is informed, believe, and based thereon allege that some or all of plaintiffs' claims for relief are moot and this court therefore lacks jurisdiction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Actionable Wrong)**

48. This court lacks subject matter jurisdiction over this matter because there is no actionable wrong arising under the ADA, 42 U.S.C. Sections 1201, et seq.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

49. Plaintiffs' causes of action are barred by the doctrine of waiver because plaintiffs have refused reasonable and appropriate measures which would have permitted plaintiffs the same access as that provided to the general public.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

50. Plaintiffs lack standing to maintain this action under the ADA and the California Persons With Disabilities Act.

/////

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

51. Plaintiffs lack standing to maintain this cause of action on behalf of the general public.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Responsibility of Others)**

52. Pursuant to law and contract, this answering defendant is not responsible for any access violations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unreasonable Hardship)**

1   53. For a further separate and distinct defense, this answering defendant alleges that to require modifications of this property to comply with the Americans With Disabilities Act would constitute an unreasonable hardship upon these defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Structurally Impractical)**

54. Plaintiffs' claims are barred because removal of any alleged access barriers are structurally impractical and no alternative method of access could be provided without fundamentally altering the nature of the goods, services and facilities being provided.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Technically Infeasible)**

55. Plaintiffs' claims are barred because the removal of any alleged access barrier is not technically feasible and no alternative method of access could be provided without fundamentally altering the nature of the goods, services, and facilities being provided.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Equivalent Facilitation)**

56. Any barriers as alleged by plaintiffs are permitted departures from the guidelines because, while not technically compliant, they provide equivalent facilitation for the maximum independence of persons with disabilities while presenting the least risk of harm, injury, or other hazard to such person or others, and provide equivalent or greater access to or unsuitability of the facility.

Defendant Ho presently has insufficient knowledge or information upon which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant pray that plaintiffs take nothing by way of plaintiffs' complaint, for defendant's costs of suit, and for such other and further relief as the court deems

1  proper.

2  DATED: July 14, 2008

3  _____
   MAGDALENE Y. HO, Trustee

4

**DEMAND FOR JURY TRIAL**

5

6  MAGDALENE Y. HO, as Trustee of the NG REVOCABLE LIVING TRUST and the NG

7  SURVIVOR'S TRUST, hereby demands that she be provided a jury to serve as the trier of fact of all

8  issues pertaining to this case.

9  DATED: July 14, 2008

10 _____
   MAGDALENE Y. HO, Trustee

– 10 –