CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frank S. Moore, SBN 158029<br>Law Offices of Frank S. Moore, APC<br>1374 Pacific Avenue<br>San Francisco, California 94109<br>TELEPHONE NO.: 415 292-6091    FAX NO. *(Optional):* 415 292-6695<br>E-MAIL ADDRESS *(Optional):* fsmoore@pacbell.net<br>ATTORNEY FOR *(Name):* PURGATORY, INC., dba LA ROCCA'S CORNER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Unlimited Jurisdiction

| PLAINTIFF/PETITIONER: CRAIG YATES et al. | CASE NUMBER:<br>CGC-07-469605 |
|---|---|
| DEFENDANT/RESPONDENT: LA ROCCA'S CORNER, et al. | JUDICIAL OFFICER<br>Hon. David L. Ballati |
| **NOTICE OF RELATED CASE** | DEPT.:<br>206 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Ashley, et al v. Blackwell, et al
    b.  Case number: 2:1999cv01669-FCD
    c.  Court: ☐ same as above
        ☑ other state or federal court *(name and address):* United States District Court for the Eastern District
    d.  Department: 501 "I" Street, Sacramento, CA 95814
    e.  Case type: ☑ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
    f.  Filing date: 08/27/1999
    g.  Has this case been designated or determined as "complex?" ☐ Yes ☑ No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        ☑ involves the same parties and is based on the same or similar claims.
        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        ☐ involves claims against, title to, possession of, or damages to the same property.
        ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            ☑ Additional explanation is attached in attachment 1X 2
    i.  Status of case:
        ☐ pending
        ☑ dismissed ☑ with ☐ without prejudice
        ☐ disposed of by judgment

2.  a.  Title: Pickern, et al v. Eppie's Capitol, et al
    b.  Case number: 2:2000cv02231-WBS
    c.  Court: ☐ same as above
        ☑ other state or federal court *(name and address):* United States District Court for the Eastern District
    d.  Department: 501 "I" Street, Sacramento, CA 95814

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]    **NOTICE OF RELATED CASE**    Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: CRAIG YATES et al. | CASE NUMBER: CGC-07-469605 |
| DEFENDANT/RESPONDENT: LA ROCCA'S CORNER, et al. | |

2. (continued)

   e. Case type: ☐ limited civil  ☑ unlimited civil  ☐ probate  ☐ family law  ☐ other (specify):

   f. Filing date: 10/12/2000

   g. Has this case been designated or determined as "complex?" ☐ Yes  ☑ No

   h. Relationship of this case to the case referenced above (check all that apply):

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☑ Additional explanation is attached in attachment No 2

   i. Status of case:

      ☐ pending

      ☑ dismissed  ☑ with  ☐ without prejudice

      ☐ disposed of by judgment

3.  a. Title: Connally, et al v. Eppie's N Street, et al

   b. Case number: 2:2000cv02232-WBS

   c. Court: ☐ same as above

      ☑ other state or federal court (name and address): United States District Court for the Eastern District

   d. Department: 501 "I" Street, Sacramento, CA 95814

   e. Case type: ☐ limited civil  ☑ unlimited civil  ☐ probate  ☐ family law  ☐ other (specify):

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes  ☑ No

   h. Relationship of this case to the case referenced above (check all that apply):

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☑ Additional explanation is attached in attachment No 2

   i. Status of case:

      ☐ pending

      ☑ dismissed  ☑ with  ☐ without prejudice

      ☐ disposed of by judgment

1

4. ☑ Additional related cases are described in Attachment X Number of pages attached: 102 (not including proof of service)

Date: August 28, 2008

Frank S. Moore
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** (Number): 1  **Page 1 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

**A.    List All Related Civil Cases by Court, Case Name, Case Number and Filing Date.**

**Plaintiff:**        **YATES, CRAIG**

Court:                **San Francisco County Superior Court**
                      **400 McAllister Street, San Francisco, California, 94102**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

    ☒    involves the same parties and is based on the same or similar claims.

    ☒    arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐    involves claims against, title to, possession of, or damages to the same property.

    ☒    is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☒    Additional explanation is attached in attachment 2.

| **Case Number** | **Case Name** | **Filing Date** | **Status/Dismissal** |
|---|---|---|---|
| CGC-06-452090 | CRAIG YATES et al vs. CIGAR AMOUR et al | 05/09/2006 | Pending |
| CGC-06-452131 | CRAIG YATES et al vs. JUST DESERTS et al | 05/10/2006 | 05/02/2007 |
| CGC-06-452509 | CRAIG YATES et al vs. THE ABBEY TAVERN INC., A CALIFORNIA CORPORATION et al | 05/23/2006 | 03/05/2008 |
| CGC-06-456662 | CRAIG YATES et al vs. DRAGON CITY RESTAURANT et al | 10/02/2006 | 01/14/2008 |
| CGC-06-459119 | CRAIG YATES et al vs. PAKWAN RESTAURANT et al | 12/28/2006 | Pending |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 2 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| CGC-07-467642 | CRAIG YATES et al vs. RICO'S RESTAURANT INC., A CALIFORNIA CORPORATION et al | 09/27/2007 | Pending |
|---|---|---|---|
| CGC-07-469073 | CRAIG YATES et al vs. K &L RESTAURANT et al | 11/09/2007 | Pending |
| CGC-08-470951 | CRAIG YATES et al vs. CANDYSTORE COLLECTIVES,LLC A CALIFORNIA LIMITED et al | 01/10/2008 | Pending |
| CGC-08-473176 | CRAIG YATES vs. UNION SQUARE et al | 03/11/2008 | Pending |
| CGC-08-473260 | CRAIG YATES et al vs. DA FLORA RESTAURANT et al | 03/13/2008 | Pending |
| CGC-08-473716 | CRAIG YATES et al vs. BENJARONG THAI CUISINE et al | 03/27/2008 | Pending |

**Court:**    **San Francisco County Superior Court**
**400 McAllister Street, San Francisco, California, 94102**

**Plaintiff:**    **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

☒    involves the same parties and is based on the same or similar claims.

☒    arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐    involves claims against, title to, possession of, or damages to the same property.

☒    is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☒    Additional explanation is attached in attachment 2.

**ATTACHMENT**
**to Judicial Council Form**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 3 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| Case Number | Case Name | Filing Date | Status/Dismissal |
|---|---|---|---|
| CGC-05-443089 | LES JANKEY et al vs. QUEEN ANNE HOTEL et al | 07/13/2005 | 11/02/2006 |
| CGC-05-443128 | LES JANKEY et al vs. HERITAGE MARINA HOTEL et al | 07/14/2005 | Pending |
| CGC-05-443154 | LES JANKEY et al vs. MARK TWAIN HOTEL et al | 07/15/2005 | 07/13/2007 |
| CGC-05-443179 | LES JANKEY et al vs. EL HERRADERO RESTAURANT et al | 07/18/2005 | 11/16/2006 |
| CGC-06-452092 | LES JANKEY et al vs. THE BLUE MUSE RESTAURANT et al | 05/09/2006 | 08/09/2007 |
| CGC-06-452098 | NICOLE MOSS et al vs. RED JADE RESTAURANT et al | 05/10/2006 | 01/31/2007 |
| CGC-06-452101 | PATRICK CONNALLY et al vs. TWILIGHT ZONE et al | 05/10/2006 | 12/26/2007 |
| CGC-06-452129 | PATRICK CONNALLY et al vs. NORTH BEACH PIZZA INC. A CALIFORNIA CORPORATION et al | 05/10/2006 | 05/04/2007 |
| CGC-06-452130 | LES JANKEY et al vs. ASA SUSHI et al | 05/10/2006 | 12/12/2007 |
| CGC-06-452131 | CRAIG YATES et al vs. JUST DESERTS et al | 05/10/2006 | 05/02/2007 |
| CGC-06-452133 | NICOLE MOSS et al vs. ROYAL GROUND COFFEE et al | 05/10/2006 | 06/07/2007 |
| CGC-06-452509 | CRAIG YATES et al vs. THE ABBEY TAVERN INC., A CALIFORNIA CORPORATION et al | 05/23/2006 | 03/05/2008 |
| CGC-06-452983 | LES JANKEY et al vs. LAUREL INN ASSOCIATES LLC, A CALIFORNIA LIMITED et al | 06/08/2006 | 02/20/2007 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** (Number): 1  **Page 4 of 38**

*(This Attachment may be used with any Judicial Council form.)* *(Add pages as required)*

| | | | |
|---|---|---|---|
| CGC-06-454493 | PATRICK CONNALLY et al vs. O'REILLY'S IRISH PUB & RESTAURANT INC. et al | 07/25/2006 | Pending |
| CGC-06-455148 | LES JANKEY et al vs. TIA MARGARITA et al | 08/15/2006 | 01/25/2008 |
| CGC-06-455150 | PATRICK CONNALLY et al vs. SZECHUAN TASTE RESTAURANT et al | 08/15/2006 | 02/15/2008 |
| CGC-06-457253 | PATRICK CONNALLY et al vs. LUISA'S RESTORANTE et al | 10/23/2006 | Pending |
| CGC-06-459119 | CRAIG YATES et al vs. PAKWAN RESTAURANT et al | 12/28/2006 | Pending |
| CGC-07-459698 | LES JANKEY et al vs. THE HOTEL MAJESTIC et al | 01/18/2007 | 07/13/2007 |
| CGC-07-462659 | LES JANKEY vs. GLASS PROPERTIES LP, A DELEWARE LIMITED et al | 04/24/2007 | 05/05/2008 |
| CGC-07-463040 | LES JANKEY et al vs. SONG KOO LEE et al | 05/03/2007 | Pending |
| CGC-07-464669 | NICOLE MOSS et al vs. MOLTE COSE et al | 06/27/2007 | Pending |
| CGC-07-469073 | CRAIG YATES et al vs. K &L RESTAURANT et al | 11/09/2007 | Pending |
| CGC-07-469631 | PATRICK CONNALLY et al vs. GRAFFEO COFFEE ROASTING COMPANY, INC., A et al | 11/30/2007 | Pending |
| CGC-07-470559 | PATRICK CONNALLY et al vs. XOX TRUFFLES, INC., A CALIFORNIA CORPORATION et al | 12/31/2007 | Pending |
| CGC-08-470951 | CRAIG YATES et al vs. CANDYSTORE COLLECTIVES,LLC A CALIFORNIA LIMITED et al | 01/10/2008 | Pending |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 5 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| CGC-08-470953 | PATRICK CONNALLY et al vs. PETITE DELI et al | 01/10/2008 | Pending |
|---|---|---|---|
| CGC-08-472709 | PATRICK CONNALLY et al vs. SUSHI ON NORTH BEACH-KATSU et al | 02/28/2008 | Pending |
| CGC-08-473260 | CRAIG YATES et al vs. DA FLORA RESTAURANT et al | 03/13/2008 | Pending |
| CGC-08-473716 | CRAIG YATES et al vs. BENJARONG THAI CUISINE et al | 03/27/2008 | Pending |
| CGC-08-474085 | LES JANKEY et al vs. PLOUGH AND THE STARS, INC., A CALIFORNIA et al | 04/09/2008 | Pending |
| CGC-08-474557 | LES JANKEY et al vs. HAWTHORNE/STONE REAL ESTATE INVESTMENTS, INC et al | 04/23/2008 | Pending |

Court:          **San Mateo County Superior Court**
          **400 County Center, Redwood City, California, 94063**

**Plaintiff:**     **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

- ☒ involves the same parties and is based on the same or similar claims.

- ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

- ☐ involves claims against, title to, possession of, or damages to the same property.

- ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

     ☒     Additional explanation is attached in attachment 2.

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** (Number): *1*  **Page 6 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| **Case Number** | **Case Name** | **Filing Date** | **Status/Dismissal** |
|---|---|---|---|
| CIV456401 | MARSHALL LOSKOT, et al vs. AIRPORT NO. TRAVELODGE | 07/24/2006 | Pending |

Court:     **Marin County Superior Court**
**3501 Civic Center Drive   Room #116, San Rafael, CA 94903**

**Plaintiff:**     **YATES, CRAIG**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

- ☒  involves the same parties and is based on the same or similar claims.

- ☒  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

- ☐  involves claims against, title to, possession of, or damages to the same property.

- ☒  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☒      Additional explanation is attached in attachment 2.

| **Case Number** | **Case Name** | **Filing Date** | **Status/Dismissal** |
|---|---|---|---|
| CIV053454 | CRAIG YATES, et al vs WOODSIDE OFFICE CENTER L.L.C., et al | 7/28/2005 | 9/7/2005 |
| CIV061583 | CRAIG YATES, et al vs CAPRA'S RESTAURANT INC., et al | 4/7/2006 | 4/10/2007 |
| CIV062007 | CRAIG YATES, et al. vs. VIKING BAR CORPORATION, et al. | 5/12/2006 | 1/18/2008 |
| CIV062223 | CRAIG YATES, et al vs VIKING BAR CORPORATION, et al | 5/22/2006 | 6/12/2006 |
| CIV064664 | CRAIG YATES, et al vs PETER PAN DOUGHNUTS, et al | 10/19/2006 | 1/31/2008 |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** (Number): 1  **Page 7 of 38**

*(This Attachment may be used with any Judicial Council form.)* (Add pages as required)

| CIV071909 | CRAIG YATES, et al. VS. MING YEN RESTAURANT, et al. | 4/24/2007 | 4/23/2008 |
|---|---|---|---|

Court:  **Marin County Superior Court**
**3501 Civic Center Drive   Room #116, San Rafael, CA 94903**

**Plaintiff:**   **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

☒   involves the same parties and is based on the same or similar claims.

☒   arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐   involves claims against, title to, possession of, or damages to the same property.

☒   is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☒   Additional explanation is attached in attachment 2.

| **Case Number** | **Case Name** | **Filing Date** | **Status/Dismissal** |
|---|---|---|---|
| CIV053454 | CRAIG YATES, et al vs WOODSIDE OFFICE CENTER L.L.C., et al | 7/28/2005 | 9/7/2005 |
| CIV061134 | PATRICK CONNALLY, et al. vs TACO JANE'S, et al | 3/17/2006 | 11/1/2007 |
| CIV061583 | CRAIG YATES, et al vs CAPRA'S RESTAURANT INC., et al | 4/7/2006 | 4/10/2007 |
| CIV062007 | CRAIG YATES, et al. vs. VIKING BAR CORPORATION, et al. | 5/12/2006 | 1/18/2008 |
| CIV062191 | PATRICK CONNALLY, et al vs PEPPER'S RESTAURANT, et al | 5/18/2006 | 4/17/2008 |
| CIV062650 | PATRICK CONNALLY, et al vs CHAI W. CHAN, et al | 6/16/2006 | 6/6/2007 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 8 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| CIV064664 | CRAIG YATES, et al vs PETER PAN DOUGHNUTS, et al | 10/19/2006 | 1/31/2008 |
|---|---|---|---|
| CIV071909 | CRAIG YATES, et al. vs. MING YEN RESTAURANT, et al. | 4/24/2007 | 4/23/2008 |
| CIV072045 | PATRICK CONNALLY, et al. vs. SHAPIRO ASSOCIATES | 5/1/2007 | 3/14/2008 |

Court:    **United States District Court for the Northern District of California**
**450 Golden Gate Ave., San Francisco, California 94102**
**1301 Clay Street, Oakland, California 94612-5212**
**280 South 1st Street, San Jose, California 95113**

**Plaintiff:    YATES, CRAIG**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

☒    involves the same parties and is based on the same or similar claims.

☒    arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐    involves claims against, title to, possession of, or damages to the same property.

☒    is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☒    Additional explanation is attached in attachment 2.

| **Case Number** | **Case Name** | **Filing Date** | **Status/Dismissal** |
|---|---|---|---|
| 3:2004cv04308-BZ | Yates et al v. Associated Main Street Partners, et al | 10/12/2004 | 06/30/2005 |
| 3:2004cv05087-JCS | Yates et al v. Nicolai Building et al | 12/01/2004 | 05/13/2005 |
| 3:2004cv05211-PJH | Yates et al v. Heller's For Children Inc. et al | 12/09/2004 | 09/14/2005 |
| 3:2005cv03610-JL | Yates et al v. Woodside Office Center, L.L.C. et al | 09/07/2005 | 09/01/2006 |

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 9 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2006cv07917-MMC | Yates et al v. Napa Valley Casino et al | 12/27/2006 | 01/17/2008 |
| 3:2007cv00460-WHA | Yates et al v. Petco Animal Supplies Stores, Inc. | 01/23/2007 | 01/02/2008 |
| 3:2007cv00946-CRB | Yates et al v. Celia's Restaurants Corporation et al | 02/14/2007 | 05/08/2008 |
| 3:2007cv01403-MHP | Yates et al v. New Tin's Market et al | 03/09/2007 | 03/06/2008 |
| 3:2007cv01405-WHA | Yates et al v. Belli Deli et al | 03/09/2007 | Pending |
| 3:2007cv01566-PJH | Yates et al v. The Cheese Steak Shop Inc. et al | 03/19/2007 | 08/28/2007 |
| 3:2007cv02100-JSW | Yates et al v. Foster Freeze Berkeley et al | 04/13/2007 | Pending |
| 3:2007cv02525-MMC | Yates et al v. D & A Cafe Inc et al | 05/11/2007 | 05/16/2008 |
| 3:2007cv02657-JL | Yates et al v. Winter Properties et al | 05/18/2007 | Pending |
| 3:2007cv03033-EDL | Yates et al v. El Sombrero et al | 06/12/2007 | Pending |
| 3:2007cv03326-MMC | Yates et al v. Bimbo Bakeries USA, Inc. et al | 06/25/2007 | 12/27/2007 |
| 4:2007cv03889-WDB | Yates et al v. Lotus Cuisine of India et al | 07/30/2007 | 06/05/2008 |
| 3:2007cv04177-EDL | Yates et al v. Discount Alley Inc. et al | 08/14/2007 | Pending |
| 3:2007cv04395-JCS | Yates et al v. Red's Recovery Room Inc. et al | 08/24/2007 | Pending |
| 3:2007cv05485-MMC | Yates et al v. N-O-H-R Plaza et al | 10/26/2007 | Pending |
| 3:2007cv06498-WHA | Yates et al v. Levin Commercial Facility et al | 12/28/2007 | Pending |
| 3:2008cv00356-JSW | Yates et al v. Unicorn Pan Asian Cuisine et al | 01/18/2008 | Pending |
| 3:2008cv00737-JCS | Yates et al v. Burger King #3157 et al | 01/31/2008 | Pending |
| 3:2008cv01877-WHA | Yates et al v. King of Thai Noodle #2 Inc. et al | 04/08/2008 | Pending |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 10 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2008cv01958-JCS | Yates et al v. Sweet Delight et al | 04/14/2008 | Pending |
| 3:2008cv02165-SI | Yates et al v. Twice is Nice et al | 04/25/2008 | Pending |
| 3:2008cv02293-PJH | Yates et al v. Zephyr Cafe et al | 05/02/2008 | Pending |
| 4:2008cv02545-CW | Yates et al v. Sushi Bistro Inc et al | 05/20/2008 | Pending |
| 3:2008cv02734-SI | Yates et al v. Syers Properties LLP | 05/30/2008 | No appearance by defendant |
| 3:2008cv02932-JL | Yates et al v. Benjarong Thai Cuisine et al | 06/12/2008 | Pending |
| 3:2008cv03004-EDL | Yates et al v. Franklin Arden LLC | 06/18/2008 | Pending |
| 3:2008cv03183-BZ | Yates et al v. Happy Dragon et al | 07/02/200 | No appearance by defendant |
| 4:2008cv03914-CW | Yates et al v. Tequila Grill et al | 08/15/2008 | Not served |

**Court:**      **United States District Court for the Northern District of California**
**450 Golden Gate Ave., San Francisco, California 94102**
**1301 Clay Street, Oakland, California 94612-5212**
**280 South 1st Street, San Jose, California 95113**

**Plaintiff:**      **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

⊠      involves the same parties and is based on the same or similar claims.

⊠      arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐      involves claims against, title to, possession of, or damages to the same property.

⊠      is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ⊠      Additional explanation is attached in attachment 2.

**ATTACHMENT**
**to Judicial Council Form**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** | |

**ATTACHMENT** *(Number): 1*  **Page 11 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| <u>Case Number</u> | <u>Case Name</u> | <u>Filing Date</u> | <u>Status/Dismissal</u> |
|---|---|---|---|
| 3:2000cv04298-WHA | Cone, et al v. Sequoia Grove | 11/17/2000 | 09/10/2001 |
| 3:2000cv04352-TEH | Cone, et al v. Sonoma Valley Visit | 11/20/2000 | 10/24/2001 |
| 3:2000cv04353-PJH | Ray, et al v. Comfort Inn, et al | 11/20/2000 | 06/14/2001 |
| 3:2001cv00489-SI | Jankey, et al v. Hotel Del Sol, et al | 01/30/2001 | 09/13/2001 |
| 4:2001cv00488-CW | Cone, et al v. Napa Valley Marriott, et al | 01/30/2001 | 08/31/2001 |
| 4:2001cv00320-WDB | Pickern, et al v. City of Eureka, et al | 01/19/2001 | 10/22/2001 |
| 3:2001cv00673-MMC | Pickern, et al v. Willow Creek 76, Inc | 02/13/2001 | 10/02/2001 |
| 3:2001cv00675-MJJ | Pickern, et al v. Chevron Willow Creek, et al | 02/13/2001 | 06/20/2001 |
| 3:2001cv00680-PJH | Ray, et al v. Pacific Motor Inn, et al | 02/13/2001 | 05/23/2002 |
| 4:2001cv00828-CW | Doran, et al v. Balboa Cafe, et al | 02/26/2001 | 09/24/2001 |
| 3:2001cv00829-SI | Doran, et al v. Rendezvous Cafe, et al | 02/26/2001 | 09/13/2002 |
| 3:2001cv01667-JL | D'Lil et al v. Bijou Associates LLC et al | 04/30/2001 | 03/15/2002 |
| 3:2001cv01739 -JCS | Doran et al v. Wilson & Kratzer Mortuaries, Inc. | 05/03/2001 | 03/28/2002 |
| 3:2001cv02111-JL | Pickern et al v. Napa Auto Parts Eureka Store et al | 05/31/2001 | 01/11/2002 |
| 3:2001cv02112-SI | Pickern et al v. Fresh Freeze Supply, Inc. | 05/31/2001 | 01/29/2002 |
| 3:2001cv01741-CRB | Connally et al v. Bahia Business Center et al | 05/03/2001 | 05/14/2002 |
| 3:2001cv01808-MMC | Kone et al v. Zandonella Reporting Service, Inc. et al | 05/09/2001 | 06/17/2002 |
| 5:2001cv20401-RS | Samuel et al v. E Z 8 Motels Inc et al | 05/10/2001 | 09/18/2001 |
| 3:2001cv02168-PJH | Gerber et al v. La Scala Inn et al | 06/04/2001 | 05/23/2002 |
| 4:2001cv02202-CW | Pickern et al v. Best Western Inn at the Square et al | 06/06/2001 | 04/26/2002 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 12 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2001cv02237-VRW | Loskot, et al -v- Sea Captain Motel, et al | 06/07/2001 | 02/03/2003 |
| 3:2001cv02777-CRB | Taubold et al v. City of Fort Bragg | 07/20/2001 | 03/31/2004 |
| 3:2001cv03145-PJH | Connally et al v. Fast Eddie's Style Bar B-Que et al | 08/15/2001 | 10/03/2002 |
| 3:2001cv03268-PJH | Doran et al v. Redwood Inn et al | 08/27/2001 | 10/28/2002 |
| 3:2001cv03348-JCS | Moeller et al v. Benihana Restaurant Burlingame et al | 09/04/2001 | 09/23/2002 |
| 4:2001cv03412-SBA | Doran et al v. Quality Inn Eureka et al | 09/07/2001 | 05/23/2002 |
| 3:2001cv03866-VRW | Loskot et al v. Broadway Manor Inn et al | 10/12/2001 | 04/24/2003 |
| 3:2001cv04016-VRW | Doran et al v. Capri Motel et al | 10/25/2001 | 06/28/2002 |
| 3:2001cv05227-JL | Doran et al v. Premier Inns Concord et al | 12/26/2001 | 04/29/2002 |
| 3:2001cv05228-MMC | Doran et al v. Nantucket Restaurant et al | 12/26/2001 | 05/14/2002 |
| 3:2001cv05364-JL | Doran et al v. China King Restaurant et al | 12/27/2001 | 08/08/2002 |
| 4:2002cv00229-WDB | Doran et al v. Mill Valley Travelodge et al | 01/14/2002 | 03/18/2003 |
| 4:2002cv01554-CW | Loskot et al v. Zack's Family Restaurant and Catering et al | 04/01/2002 | 10/28/2003 |
| 3:2002cv01881-PJH | Doran et al v. Vogue Cleaners, Inc. et al | 04/18/2002 | 10/02/2002 |
| 3:2002cv01961-EDL | Doran et al v. Embassy Suites Hotel et al | 04/22/2002 | 06/16/2003 |
| 3:2002cv02666-CRB | Doran et al v. Pacific Heights Inn et al | 06/04/2002 | 11/05/2003 |
| 3:2002cv03341-CRB | Connally et al v. West End Shopping Center et al | 07/11/2002 | 04/25/2003 |
| 3:2002cv03260-PJH | Doran et al v. Francisco Bay Inn et al | 07/09/2002 | 09/04/2003 |
| 3:2002cv03261-JCS | Doran et al v. Bel Aire Properties | 07/09/2002 | 10/17/2003 |
| 3:2002cv04138-CRB | Ashley et al v. Presidio Inn et al | 08/28/2002 | 05/15/2003 |
| 3:2002cv04536-EDL | Cone et al v. Sonoma Cheese Factory LLC et al | 09/18/2002 | 08/15/2003 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 13 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 4:2002cv04537-CW | Loskot et al v. Polk Street Econo Lodge et al | 09/18/2002 | 12/18/2003 |
| 3:2002cv04543-EDL | Doran et al v. Concord Best Western Heritage Inn et al | 09/18/2002 | 05/12/2003 |
| 3:2002cv04545-MJJ | Jankey et al v. Castle Inn et al | 09/18/2002 | 03/22/2004 |
| 5:2002cv05269-JF | Cone et al v. Los Altos Restaurant et al | 11/01/2002 | 05/13/2003 |
| 3:2002cv05448-VRW | Cone et al v. Broiler Express et al | 11/18/2002 | 09/08/2003 |
| 3:2002cv05463-JL | Loskot et al v. Pizzeria Uno Lombard, Inc. | 11/18/2002 | 03/02/2004 |
| 5:2002cv05503-JF | Wells et al v. Wildhorse Cafe et al | 11/19/2002 | 07/29/2003 |
| 5:2002cv05507-PVT | Wells et al v. Beacon King City Truck Plaza et al | 11/19/2002 | 07/14/2003 |
| 5:2002cv05947-SI | Connally et al v. Sebt Mall et al | 12/26/2002 | 09/15/2004 |
| 5:2003cv00018-HRL | Molski et al v. Camelot Restaurant et al | 01/02/2003 | 09/08/2003 |
| 3:2003cv00192-WHA | Doran et al v. Newell Avenue Strip Mall et al | 01/13/2003 | 12/09/2003 |
| 3:2003cv00348-MEJ | Doran et al v. Pane E. Vino Restaurant et al | 01/27/2003 | 07/07/2003 |
| 3:2003cv00675-MJJ | Brooke et al v. Bell Market Novato et al | 02/18/2003 | 08/11/2004 |
| 3:2003cv01370-JL | Connally et al v. Hunan Restaurant et al | 03/31/2003 | 12/11/2003 |
| 3:2003cv01134-JSW | Doran et al v. Montecatini Ristorante, Inc. et al | 03/17/2003 | 01/06/2004 |
| 4:2003cv01181-CW | Connally et al v. Kinko's Inc. et al | 03/19/2003 | 01/15/2004 |
| 3:2003cv01190-CRB | Doran et al v. C.C. Ole's Mexican Restaurant et al | 03/19/2003 | 01/29/2004 |
| 3:2003cv01387-JL | Connally et al v. Court Square Center et al | 04/01/2003 | 02/09/2004 |
| 3:2003cv01491-BZ | Doran et al v. Richardson Economy Inn et al | 04/08/2003 | 06/25/2004 |
| 4:2003cv01762-WDB | Wilson et al v. Longs Drugs Store et al | 04/21/2003 | 11/16/2004 |
| 3:2003cv01796-WHA | Doran et al v. Franklin Building et al | 04/22/2003 | 01/28/2004 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number): 1* **Page 14 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2003cv01913-VRW | Wilson et al v. Trancas mall et al | 04/28/2003 | 09/05/2003 |
| 3:2003cv02427-VRW | Doran et al v. Antioch Heritage Inn et al | 05/22/2003 | 08/27/2004 |
| 3:2003cv02428-MMC | Doran et al v. Casper's Hot Dogs et al | 05/22/2003 | 12/19/2003 |
| 3:2003cv02639-MMC | Doran et al v. Holiday Inn Express Brentwood et al | 06/05/2003 | 01/29/2004 |
| 3:2003cv02641-PJH | Doran et al v. Days Inn Geary Street et al | 06/05/2003 | 05/11/2004 |
| 3:2003cv02697-MJJ | Loskot et al v. Best Inn El Cerrito et al | 06/10/2003 | 02/23/2004 |
| 3:2003cv02837-MEJ | Harris et al v. Crescent City Days Inn. et al | 06/17/2003 | 02/17/2004 |
| 3:2003cv02895-VRW | Loskot et al v. Taqueria Mexican Grill et al | 06/23/2003 | 03/29/2005 |
| 3:2003cv02902-MJJ | Harris et al v. Curly Redwood Lodge, LLC | 06/23/2003 | 09/23/2004 |
| 3:2003cv02904-MHP | Harris et al v. Denny's Crescent City et al | 06/23/2003 | 10/05/2004 |
| 3:2003cv03530-SI | Harris et al v. Ghiradelli Square Travelodge et al | 07/29/2003 | 08/13/2004 |
| 3:2003cv04241-MEJ | Doran et al v. Huntington Hotel et al | 09/17/2003 | 06/14/2004 |
| 3:2003cv04329-JCS | Connally et al v. Magnolia Center et al | 09/24/2003 | 08/10/2004 |
| 3:2003cv04688-JCS | Connally et al v. Jim Corbet's Ace Hardware et al | 10/17/2003 | 08/10/2004 |
| 3:2003cv04702-JSW | Doran et al v. Seal Rock Inn et al | 10/20/2003 | 01/31/2005 |
| 4:2003cv04902-SBA | Loskot et al v. Ramada Inn Oakland et al | 11/03/2003 | 05/19/2005 |
| 3:2003cv04990-JCS | Connally et al v. West America Bank et al | 11/10/2003 | 08/10/2004 |
| 3:2003cv05049-JCS | Connally et al v. Mc Leran Properties et al | 11/13/2003 | 08/10/2004 |
| 3:2003cv05243-MEJ | Stickney et al v. Giant Chef Burger, Inc. et al | 11/24/2003 | 06/16/2005 |
| 3:2003cv05485-SI | Moss et al v. Hearst Parking Center et al | 12/04/2003 | 08/03/2004 |
| 3:2003cv05571-SI | Connally et al v. Sebt Mall et | 12/11/2003 | 08/04/2004 |

**ATTACHMENT**
**to Judicial Council Form**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 15 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2004cv00826-MJJ | Doran et al v. Jackson's Wine and Spirits et al | 02/27/2004 | 11/29/2004 |
| 3:2004cv01128-BZ | Wilson et al v. Ring's Restaurant et al | 03/22/2004 | 08/26/2004 |
| 3:2004cv01129-CRB | Loskot et al v. Best Western Carriage Inn et al | 03/22/2004 | 08/23/2004 |
| 3:2004cv01217-PJH | Connally et al v. Pacific Lumber and Hardware et al | 03/26/2004 | 09/13/2004 |
| 3:2004cv01241-TEH | Connally et al v. Three Dragons Restaurant et al | 03/29/2004 | 10/27/2004 |
| 3:2004cv01313-CRB | Connally et al v. Entenmann's Inc. et al | 04/05/2004 | 06/29/2004 |
| 3:2004cv01314-JL | Connally et al v. Woodger Trust Building et al | 04/05/2004 | 09/07/2004 |
| 3:2004cv01356-JL | Loskot et al v. Holiday Inn Concord et al | 04/07/2004 | 01/19/2005 |
| 4:2004cv01443-CRB | Connally et al v. Entenmann's Inc. et al | 04/13/2004 | 08/25/2004 |
| 3:2004cv01488-VRW | Connally et al v. Celia's Mexican Restaurant et al | 04/15/2004 | 01/31/2005 |
| 3:2003cv01192-SI | Doran et al v. Corte Madera Inn Best Western et al | 04/22/2004 | 06/01/2004 |
| 3:2004cv01606-VRW | Cone et al v. Healdsburg Travelodge et al | 04/26/2004 | 02/23/2005 |
| 3:2004cv01607-WHA | Loskot et al v. Pete's Henny Penny et al | 04/26/2004 | 07/05/2005 |
| 3:2004cv01725-JSW | Cone et al v. Dry Creek Inn Ltd. Partnership | 05/03/2004 | 04/06/2005 |
| 5:2004cv01852-PVT | Molski et al v. Lupita et al | 05/11/2004 | 01/04/2005 |
| 3:2004cv01854-BZ | Molski et al v. Pump N Go et al | 05/11/2004 | 02/03/2005 |
| 5:2004cv01880-RMW | Molski et al v. The Cove et al | 05/12/2004 | 04/21/2005 |
| 5:2004cv01881-PVT | Molski et al v. Rapazzini Winery et al | 05/12/2004 | 02/09/2006 |
| 5:2004cv01882-PVT | Molski et al v. El 7 Mares Restaurant et al | 05/12/2004 | 06/17/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1*  **Page 16 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 5:2004cv01942-RS | Molski et al v. Longhouse Restaurant, Inc. et al | 05/18/2004 | 02/10/2005 |
| 5:2004cv01943-RMW | Molski et al v. Elaine M. West et al | 05/18/2004 | 10/21/2005 |
| 5:2004cv01941-JF | Molski et al v. Toro Petroleum et al | 05/18/2004 | 02/08/2005 |
| 5:2004cv01945-JW | Molski et al v. Morgan Hill 76 et al | 05/18/2004 | 10/12/2005 |
| 5:2004cv01947-RMW | Molski et al v. Casa Medina et al | 05/18/2004 | 08/24/2007 |
| 5:2004cv01981-PVT | Molski et al v. Casa De Fruta, L.P., et al | 05/20/2004 | 03/07/2005 |
| 5:2004cv01983-RMW | Molski et al v. Roy's Drive-In et al | 05/20/2004 | 11/18/2004 |
| 5:2004cv01984-JW | Molski et al v. Albertson's,Inc., | 05/20/2004 | 10/19/2005 |
| 5:2004cv01985-HRL | Molski et al v. La Rochelle et al | 05/20/2004 | 07/29/2005 |
| 5:2004cv02118-HRL | Molski et al v. Georis Winery et al | 05/28/2004 | 04/06/2005 |
| 5:2004cv02164-PVT | Molski et al v. Heller Estates, Inc. et al | 06/02/2004 | 07/26/2005 |
| 5:2004cv02165-HRL | Molski et al v. Bernardus, LLC et al | 06/02/2004 | 07/01/2005 |
| 3:2001cv02203-EDL | Doran et al v. Star Motel et al | 06/06/2001 | 10/02/2002 |
| 5:2004cv02222-JW | Molski et al v. Gilroy Bowl et al | 06/07/2004 | 02/08/2006 |
| 5:2004cv02223-RMW | Molski et al v. Running Iron Bar & Restaurant et al | 06/07/2004 | 10/06/2005 |
| 5:2004cv02224-RS | Molski et al v. Tarpy's Roadhouse Restaurant et al | 06/07/2004 | 04/13/2005 |
| 5:2004cv02226-PVT | Molski et al v. Copper-Garrod Estate Vineyards et al | 06/07/2004 | 06/10/2005 |
| 3:2001cv02235-JL | Pickern et al v. Villa Inn et al | 06/07/2001 | 03/30/2004 |
| 5:2004cv02254-JW | Molski et al v. Sycamore Creek Vineyards | 06/08/2004 | 09/28/2005 |
| 4:2001cv02255-CW | Pickern et al v. Surf Motel et al | 06/08/2001 | 03/28/2002 |
| 5:2004cv02416- RMW | Molski et al v. Tiny's Restaurant, Inc. et al | 06/18/2004 | 10/06/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: CRAIG YATES et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LA ROCCA'S CORNER, et al. | CGC-07-469605 |

**ATTACHMENT** *(Number):* 1  **Page 17 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 5:2004cv02438-JF | Molski et al v. Round Table Pizza Santa Cruz et al | 06/21/2004 | 07/15/2005 |
| 5:2004cv02439-JW | Molski et al v. Santa Cruz Diner et al | 06/21/2004 | 02/05/2007 |
| 5:2004cv02465-JW | Molski et al v. Thai Village Restaurant et al | 06/21/2004 | 12/14/2004 |
| 5:2004cv02466-RS | Molski et al v. White Oaks Plaza | 06/21/2004 | 03/30/2005 |
| 5:2004cv02471-JW | Molski et al v. Sunrise Cafe' et al | 06/22/2004 | 01/18/2006 |
| 5:2004cv02612-RMW | Connally et al v. Akira Sushi et al | 06/29/2004 | 12/23/2005 |
| 3:2004cv02845-TEH | Loskot et al v. Dollar Inn Petaluma et al | 07/14/2004 | 10/06/2005 |
| 3:2004cv02848-VRW | Loskot et al v. Holiday Inn Walnut Creek et al | 07/14/2004 | 12/30/2004 |
| 3:2004cv02917-CRB | Loskot et al v. Golden Horse Restaurant et al | 07/19/2004 | 02/08/2005 |
| 3:2004cv02919-SI | Connally et al v. Red Boy Pizza et al | 07/19/2004 | 03/01/2005 |
| 3:2004cv02920-VRW | Connally et al v. Frank's Pier 15 et al | 07/19/2004 | 06/16/2005 |
| 3:2004cv02921-MEJ | Connally et al v. Peking Palace et al | 07/19/2004 | 05/03/2006 |
| 3:2004cv03156-TEH | Connally et al v. Thai et al | 08/03/2004 | 12/07/2004 |
| 3:2004cv03170-JSW | Connally et al v. Cento Stelle, Inc. et al | 08/03/2004 | 11/02/2005 |
| 3:2004cv03479-JCS | Connally et al v. Marin Express Lube & Diagnostic Center and Peter's Beacon et al | 08/20/2004 | 06/22/2005 |
| 3:2004cv03651-JL | Connally et al v. House of Lee Chinese Restaurant et al | 08/27/2004 | 05/03/2005 |
| 3:2004cv03914-BZ | Connally et al v. Eduardo's Restaurant et al | 09/16/2004 | 08/08/2005 |
| 4:2004cv03986-CW | Loskot et al v. Diablo Mazda Subaru et al | 09/21/2004 | 03/16/2005 |
| 4:2004cv04075-SBA | Connally et al v. Packaging Store et al | 09/27/2004 | 07/19/2005 |
| 3:2004cv04308-BZ | Yates et al v. Associated Main Street Partners, et al | 10/12/2004 | 06/30/2005 |

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 18 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 5:2004cv04352-HRL | Molski et al v. Casanova Restaurant LLC et al | 10/14/2004 | 04/06/2005 |
| 3:2004cv04355-EDL | Loskot et al v. Thai et al | 10/14/2004 | 10/24/2005 |
| 5:2004cv04451-RMW | Molski et al v. Jack London's Bar & Grill et al | 10/21/2004 | 12/14/2007 |
| 3:2004cv04485-VRW | Loskot et al v. San Francisco Central Travelodge et al | 10/22/2004 | 02/24/2006 |
| 5:2004cv04488-HRL | Molski et al v. Friar Tuck's Restaurant et al | 10/22/2004 | 08/09/2005 |
| 5:2004cv04590-PVT | Molski et al v Carmel Bakery | 10/29/2004 | 09/30/2005 |
| 5:2004cv04646-JF | Molski, et al v A.W. Shucks, et al | 11/02/2004 | 05/19/2006 |
| 3:2004cv04656-MJJ | Loskot et al v. Washington Square Bar & Grill et al | 11/03/2004 | 06/14/2005 |
| 5:2004cv04679-HRL | Molski et al v. Robata Grill & Sake Bar et | 11/03/2004 | 10/30/2006 |
| 5:2004cv04713-RS | Molski et al v. Lugano Swiss Bistro et al | 11/08/2004 | 10/03/2006 |
| 3:2004cv04739-BZ | Connally et al v. Dragon Cafe' et al | 11/09/2004 | 06/21/2005 |
| 3:2004cv04970-MMC | Moss et al v. Izzy's Steak & Chop House, Inc et al | 11/23/2004 | 07/29/2005 |
| 3:2004cv04988-PJH | Loskot et al v. Hyde Out et al | 11/24/2004 | 02/20/2007 |
| 3:2004cv04989-PJH | Wilson v. Marie Callender's | 11/24/2004 | 11/16/2005 |
| 3:2004cv05058-JL | Connally et al v. Pelican Inn Associates | 11/30/2004 | 01/24/2006 |
| 3:2004cv05087-JCS | Yates et al v. Nicolai Building et al | 12/01/2004 | 05/13/2005 |
| 3:2004cv05088-CRB | Connally et al v. Marin Cleaners, Inc. et al | 12/01/2004 | 03/21/2005 |
| 3:2004cv05210-TEH | Loskot et al v. Taqueria Bahia: 1200 4th Street LLC | 12/09/2004 | 03/07/2005 |
| 3:2004cv05211-PJH | Yates et al v. Heller's For Children Inc. et al | 12/09/2004 | 09/14/2005 |
| 3:2004cv05318-PJH | Archuleta et al v. Jack's Club et al | 12/15/2004 | 12/06/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** (Number): 1  Page 19 of 38

*(This Attachment may be used with any Judicial Council form.)* (Add pages as required)

| 4:2004cv05457-WDB | Loskot et al v. Days Inn San Rafael et al | 12/27/2004 | 10/11/2005 |
|---|---|---|---|
| 3:2005cv00454-JL | Loskot et al v. La Barca et al | 01/31/2005 | 10/05/2005 |
| 4:2005cv01877-CW | Moss et al v. All Star Donuts et al | 05/06/2005 | 04/18/2006 |
| 3:2005cv03610-JL | Yates et al v. Woodside Office Center, L.L.C. et al | 09/07/2005 | 09/01/2006 |
| 3:2006cv03289-JCS | Jankey et al v. Ted's Sport Bar & Grill et al | 05/18/2006 | 8/21/08 |
| 3:2006cv03423-CRB | Jankey et al v. Heritage Marina Hotel et al | 05/25/2006 | 05/22/2007 |
| 3:2005cv02239-JCS | Connally et al v. Frank's Freeze et al | 06/02/2005 | 05/31/2006 |
| 3:2006cv05923-JL | Loskot et al v. International Inn | 09/25/2006 | 08/04/2008 |
| 3:2006cv05920-PJH | Piazza et al v. Flames Coffee Shop et al | 09/25/2006 | 08/10/2007 |
| 3:2006cv06156-PJH | Jankey et al v. Tia Margarita et al | 10/02/2006 | 01/25/2008 |
| 3:2006cv06577-WHA | Connally et al v. Sol Food et al | 10/20/2006 | 08/16/2007 |
| 3:2006cv07525-MHP | Loskot et al v. La Quinta Inn Oakland Airport et al | 12/07/2006 | 01/30/2008 |
| 3:2006cv07917-MMC | Yates et al v. Napa Valley Casino et al | 12/27/2006 | 01/17/2008 |
| 3:2007cv00460-WHA | Yates et al v. Petco Animal Supplies Stores, Inc. | 01/23/2007 | 01/02/2008 |
| 3:2007cv00946-CRB | Yates et al v. Celia's Restaurants Corporation et al | 02/14/2007 | 05/08/2008 |
| 3:2007cv00947-TEH | Connally et al v. Roxie Food & Commercial Center et al | 02/14/2007 | 01/11/2008 |
| 3:2007cv01250-WHA | Connally et al v. USA Smog & Gasoline et al | 03/02/2007 | Pending, no appearance by defendant |
| 3:2007cv01403-MHP | Yates et al v. New Tin's Market et al | 03/09/2007 | 03/06/2008 |
| 3:2007cv01405-WHA | Yates et al v. Belli Deli et al | 03/09/2007 | Pending |
| 4:2007cv01537-CW | Loskot et al v. University Inn et al | 03/16/2007 | Pending |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 20 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 3:2007cv01566-PJH | Yates et al v. The Cheese Steak Shop Inc. et al | 03/19/2007 | 08/28/2007 |
| 3:2007cv02100-JSW | Yates et al v. Foster Freeze Berkeley et al | 04/13/2007 | Pending |
| 3:2007cv02410-SI | Connally et al v. Phyllis's Giant Burger et al. | 05/03/2007 | 02/22/2008 |
| 3:2007cv02525-MMC | Yates et al v. D & A Cafe Inc et al | 05/11/2007 | 05/16/2008 |
| 3:2007cv02656-JL | Heatherly et al v. Wood et al | 05/18/2007 | No appearance |
| 3:2007cv02657-JL | Yates et al v. Winter Properties et al | 05/18/2007 | Pending |
| 3:2007cv03033-EDL | Yates et al v. El Sombrero et al | 06/12/2007 | Pending |
| 3:2007cv03326-MMC | Yates et al v. Bimbo Bakeries USA, Inc. et al | 06/25/2007 | 12/27/2007 |
| 4:2007cv03889-WDB | Yates et al v. Lotus Cuisine of India et al | 07/30/2007 | 06/05/2008 |
| 3:2007cv03890-MEJ | Ramirez et al v. Fircrest Market et al | 07/31/2007 | 07/17/2008 |
| 3:2007cv04177-EDL | Yates et al v. Discount Alley Inc. et al | 08/14/2007 | Pending |
| 3:2007cv04395-JCS | Yates et al v. Red's Recovery Room Inc. et al | 08/24/2007 | Pending |
| 3:2007cv04396-MEJ | Ramirez et al v. Union Hotel Inc. et al | 08/24/2007 | Pending |
| 3:2007cv04463-JCS | Ramirez et al v. Omelette Express Inc. et al | 08/28/2007 | Pending |
| 3:2007cv04813-JSW | Moss et al v. Molte Cose et al | 09/19/2007 | Pending |
| 3:2007cv05485-MMC | Yates et al v. N-O-H-R Plaza et al | 10/26/2007 | Pending |
| 3:2007cv06498-WHA | Yates et al v. Levin Commercial Facility et al | 12/28/2007 | Pending |
| 3:2008cv00356-JSW | Yates et al v. Unicorn Pan Asian Cuisine et al | 01/18/2008 | Pending |
| 3:2008cv00737-JCS | Yates et al v. Burger King #3157 et al | 01/31/2008 | Pending |
| 3:2008cv01403-MEJ | Ramirez et al v. Martha's Old Mexico et al | 03/12/2008 | Pending |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1   **Page 21 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| 3:2008cv01876-CRB | Jankey et al v. King of Thai Noodle House et al | 04/08/2008 | Pending |
|---|---|---|---|
| 3:2008cv01877-WHA | Yates et al v. King of Thai Noodle #2 Inc. et al | 04/08/2008 | Pending |
| 3:2008cv01958-JCS | Yates et al v. Sweet Delight et al | 04/14/2008 | Pending |
| 3:2008cv02164-JL | Jankey et al v. Geary Street Bella Pizza et al | 04/25/2008 | Pending |
| 3:2008cv02165-SI | Yates et al v. Twice is Nice et al | 04/25/2008 | Pending |
| 3:2008cv02293-PJH | Yates et al v. Zephyr Cafe et al | 05/02/2008 | Pending |
| 4:2008cv02545-CW | Yates et al v. Sushi Bistro Inc et al | 05/20/2008 | Pending |
| 3:2008cv02733-MMC | Jankey et al v. Five Happiness Restaurant Inc et al | 05/30/2008 | Pending |
| 3:2008cv02734-SI | Yates et al v. Syers Properties LLP | 05/30/2008 | No appearance by defendant |
| 3:2008cv02932-JL | Yates et al v. Benjarong Thai Cuisine et al | 06/12/2008 | Pending |
| 3:2008cv02978-JCS | Jankey et al v. Red Jack Saloon et al | 06/16/2008 | Pending |
| 3:2008cv03004-EDL | Yates et al v. Franklin Arden LLC | 06/18/2008 | Pending |
| 3:2008cv03183-BZ | Yates et al v. Happy Dragon et al | 07/02/2008 | No appearance by defendant |
| 4:2008cv03914-CW | Yates et al v. Tequila Grill et al | 08/15/2008 | Not served |

///
///
///
///
///
///
///

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 22 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

Court:        **United States District Court for the Central District of California**
          **Eastern Division -- 3470 Twelfth Street, Riverside, CA 92501**
        **Southern Division -- 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516**
  **Western Division -- Roybal Federal Bldg -- 255 East Temple Street, Los Angeles, CA 90012**
  <u>**Western Division -- Spring Street Courthouse -- 312 N. Spring Street, Los Angeles, CA 90012**</u>

**Plaintiff:**        **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:**
          **HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

> ☒        involves the same parties and is based on the same or similar claims.

> ☒        arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

> ☐        involves claims against, title to, possession of, or damages to the same property.

> ☒        is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

> > ☒        Additional explanation is attached in attachment 2.

| <u>Case Number</u> | <u>Case Name</u> | <u>Filing Date</u> | <u>Status/Dismissal</u> |
|---|---|---|---|
| 2:2000cv11564-RJK | Pellecer, et al v. Lazaro Wisnia | 10/30/2000 | 04/23/2001 |
| 2:2001cv04019-SVW | Craig, et al v. Guesthouse Hotel, et al | 05/02/2001 | 05/16/2002 |
| 2:2001cv08178-RJK | Ellis, et al v. Los Robles Regional, et al | 09/20/2001 | 07/09/2002 |
| 8:2002cv00171-DOC | Bailey Harmon, et al v. Captain Jack's, et al | 02/20/2002 | 02/19/2003 |
| 2:2002cv04211-CAS | Ellis, et al v. Arby's Thousand Oaks, et al | 05/28/2002 | 07/18/2003 |
| 2:2002cv08837-DDP | Ellis, et al v. Jack's Deli | 11/18/2002 | 06/18/2003 |
| 2:2002cv08838-PA | Ellis, et al v. Heritage Plaza, et al | 11/18/2002 | 05/12/2003 |
| 2:2002cv06751-GAF | Jankey, et al v. Barones Inc, et al | 08/28/2002 | 05/28/2003 |
| 2:2003cv00029-SVW | Phyllis Ellis, et al v. Manny's Original, et al | 01/02/2003 | 08/26/2003 |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** (Number): 1  **Page 23 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2003cv01400-RGK | Molski, et al v. Sierra Restaurant, et al | 02/27/2003 | 05/05/2003 |
| 2:2003cv01433-NM | Molski, et al v. Yang Chow Restaurant, et al | 02/28/2003 | 03/31/2004 |
| 2:2003cv01801-SVW | Molski, et al v. Mission Burrito, et al | 03/13/2003 | 05/16/2003 |
| 2:2003cv01841-R | Molski, et al v. Roscoe Center, et al | 03/14/2003 | 05/12/2003 |
| 2:2003cv02069-DSF | Ellis, et al v. Le Rendez-vous, et al | 03/24/2003 | 01/20/2004 |
| 2:2003cv02239-ER | Jankey, et al v. Yang Chow Restaurant, et al | 03/31/2003 | 07/07/2005 |
| 2:2003cv02240-JSL | Molski, et al v. Edokko Japanese, et al | 03/31/2003 | 04/20/2004 |
| 2:2003cv02316-MMM | Ellis, et al v. Hampshire Retail, et al | 04/02/2003 | 12/11/2003 |
| 2:2003cv02445-LGB | Jankey, et al v. Sizzler's Hollywood, et al | 04/07/2003 | 12/09/2004 |
| 2:2003cv02561-SVW | Jankey, et al v. Oaks Center Prop Inc | 04/10/2003 | 04/15/2004 |
| 2:2003cv02656-GAF | Molski, et al v. Canoga Park Bowl Inc, et al | 04/15/2003 | 07/23/2004 |
| 2:2003cv02793-SJO | Jankey, et al v. Denny's Sepulveda, et al | 04/21/2003 | 05/07/2004 |
| 8:2003cv00692-CJC | Molski, et al v. Roscoe Center, et al | 05/12/2003 | 02/02/2004 |
| 8:2003cv00478-JVS | Molski, et al v. Sierra Restaurant, et al | 05/05/2003 | 02/26/2004 |
| 8:2003cv00673-CJC | Ellis, et al v. Heritage Plaza, et al | 05/12/2003 | 08/27/2003 |
| 2:2003cv03442-MMM | Molski, et al v. N & N Chinese Rest, et al | 05/15/2003 | 04/20/2004 |
| 8:2003cv00754-JVS | Molski, et al v. Mission Burrito, et al | 05/16/2003 | 02/26/2004 |
| 8:2003cv00868-CJC | Jankey, et al v. Barones Inc, et al | 05/28/2003 | 11/17/2003 |
| 5:2003cv00620-VAP | Molski, et al v. Jewel City Bowl, et al | 06/02/2003 | 04/07/2004 |
| 2:2003cv04467-DDP | Molski, et al v. Chris & Pitts BBQ, et al | 06/23/2003 | 04/13/2004 |
| 2:2003cv04469-DDP | Molski, et al v. Chris & Pitts BBQ VN, et al | 06/23/2003 | 04/13/2004 |
| 2:2003cv04808-CBM | Molski, et al v. Vittorios Italian, et al | 07/07/2003 | 05/27/2004 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: CRAIG YATES et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LA ROCCA'S CORNER, et al. | CGC-07-469605 |

**ATTACHMENT** *(Number):* 1  **Page 24 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| 2:2003cv04809-GW | Molski, et al v. Cable's Restaurant, et al | 07/07/2003 | 02/04/2008 |
|---|---|---|---|
| 2:2003cv04957-MMM | Moss, et al v. Hollywood Days Inn, et al | 07/11/2003 | 02/23/2004 |
| 2:2003cv05070-RSWL | Molski, et al v. Bear Pit Restaurant, et al | 07/16/2003 | 09/23/2004 |
| 2:2003cv05455-R | Molski, et al v. Valencia Lanes Inc, et al | 07/30/2003 | 03/01/2004 |
| 2:2003cv05456 -ABC | Molski, et al v. Harley's Simi Bowl, et al | 07/30/2003 | 05/11/2004 |
| 2:2003cv05457-MMM | Molski, et al v. Java Lanes, et al | 07/30/2003 | 04/23/2004 |
| 2:2003cv05458 -GAF | Molski, et al v. Alhambra Bowling Ctr, et al | 07/30/2003 | 06/14/2004 |
| 2:2003cv05460-GAF | Molski, et al v. Empire Bowl Inc, et al | 07/30/2003 | 01/06/2005 |
| 2:2003cv05461-GAF | Molski, et al v. Brunswick Covina, et al | 07/30/2003 | 06/08/2004 |
| 2:2003cv05462-RSWL | Molski, et al v. Premiere Lanes, et al | 07/30/2003 | 03/12/2004 |
| 2:2003cv05463-CAS | Molski, et al v. Del Rio Lanes Inc, et al | 07/30/2003 | 10/18/2004 |
| 2:2003cv05464-PA | Molski, et al v. AMF Bowling Centers, et al | 07/30/2003 | 05/14/2004 |
| 2:2003cv05504-JWJ | Molski, et al v. Tava Lanes Bowl, et al | 07/31/2003 | 08/09/2006 |
| 2:2003cv05875-AHM | Molski, et al v. Summerwood Winery, et al | 08/18/2003 | 04/05/2004 |
| 2:2003cv05879-NM | Molski, et al v. Castoro Cellars, et al | 08/18/2003 | 05/04/2004 |
| 2:2003cv05880-GAF | Molski, et al v. EOS Estate Winery, et al | 08/18/2003 | 08/31/2005 |
| 2:2003cv06056-TJH | Molski, et al v. Meridian Vineyards, et al | 08/25/2003 | 02/26/2004 |
| 2:2003cv06062-CBM | Molski, et al v. Chumela Vineyards, et al | 08/25/2003 | 07/28/2004 |
| 2:2003cv06091-DT | Molski, et al v. DiCarlo Vineyard, et al | 08/26/2003 | 09/13/2004 |
| 2:2003cv06233-FMC | Molski, et al v. Linne Calodo Cellars, et al | 08/29/2003 | 03/11/2004 |
| 2:2003cv06261-R | Molski v. Chateau Margene, et al | 09/02/2003 | 02/09/2004 |
| 2:2003cv06262-RGK | Molski, et al v. Hunt Cellars, et al | 09/02/2003 | 01/13/2004 |
| 2:2003cv06263-SVW | Molski, et al v. Penman Springs Vine, et al | 09/02/2003 | 03/08/2004 |

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1 **Page 25 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2003cv06264-GHK | Molski, et al v. Bella Luna Winery, et al | 09/02/2003 | 02/06/2004 |
| 2:2003cv06266-TJH | Molski, et al v. Peach Canyon Cellars, et al | 09/02/2003 | 12/22/2004 |
| 2:2003cv06361-TJH | Molski, et al v. Eberle Winery Ltd | 09/05/2003 | 10/27/2004 |
| 2:2003cv06536-SJO | Molski, et al v. Mastantuono Inc, et al | 09/11/2003 | 06/28/2004 |
| 2:2003cv06593-SVW | Molski, et al v. Wild Horse Winery, et al | 09/12/2003 | 03/05/2004 |
| 2:2003cv06595-RJK | Molski, et al v. Harmony Cellars, et al | 09/12/2003 | 04/05/2006 |
| 2:2003cv06623-CAS | Molski, et al v. Jankris Vineyards, et al | 09/15/2003 | 03/18/2005 |
| 2:2003cv06699 -CAS | Molski, et al v. TGIF's Torrance Rest, et al | 09/17/2003 | 06/03/2004 |
| 2:2003cv06765-GAF | Molski, et al v. Grey Wolf Vineyards, et al | 09/19/2003 | 09/28/2004 |
| 2:2003cv06766-DT | Molski, et al v. Dark Star Cellars, et al | 09/19/2003 | 11/23/2004 |
| 2:2003cv06821-RSWL | Molski, et al v. Turley Wine Cellars | 09/22/2003 | 04/16/2004 |
| 2:2003cv06891-FMC | Molski, et al v. Arby's Ventura, et al | 09/24/2003 | 01/03/2005 |
| 2:2003cv06935-DDP | Molski, et al v. Pretty-Smith Ent LLC | 09/25/2003 | 02/09/2004 |
| 2:2003cv07502-WJR | Molski, et al v. Harry's Family Rest, et al | 10/20/2003 | 12/27/2004 |
| 2:2003cv07505-RSWL | Molski, et al v. Acapulco Restaurant, et al | 10/20/2003 | 10/12/2004 |
| 2:2003cv08061-GPS | Molski, et al v. Coco's, et al | 11/06/2003 | 08/07/2006 |
| 8:2003cv01598-JVS | Molski, et al v. Saddleback Lanes, et al | 11/07/2003 | 09/29/2004 |
| 2:2003cv08186-GHK | Jankey, et al v. A-LA Drivers Ed Ctr, et al | 11/10/2003 | 08/11/2004 |
| 2:2003cv08189-CAS | Molski, et al v. Sizzler Northridge, et al | 11/10/2003 | 08/03/2004 |
| 2:2003cv08324-LGB | Molski, et al v. La Habra 300 Bowl, et al | 11/14/2003 | 04/01/2004 |
| 2:2003cv08413-TJH | Molski, et al v. China Express, et al | 11/19/2003 | 08/31/2005 |
| 2:2003cv08536-SJO | Molski, et al v. El Chaparral, et al | 11/24/2003 | 10/28/2004 |
| 2:2003cv08537-RSWL | Molski, et al v. El Queso Grande, et al | 11/24/2003 | 12/13/2004 |

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 26 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2003cv08583-SJO | Jankey, et al v. Clare Foundation Inc. | 11/25/2003 | 07/26/2004 |
| 2:2003cv08839-WMB | Molski, et al v. Presidente Mexican, et al | 12/04/2003 | 08/03/2004 |
| 2:2003cv08887-GHK | Molski, et al v. Justin Vineyards, et al | 12/05/2003 | 04/07/2004 |
| 2:2003cv08889-DT | Molski, et al v. York Mountain Winery, et al | 12/05/2003 | 12/02/2004 |
| 2:2003cv09034-DT | Jankey, et al v. Safety Education Ctr, et al | 12/11/2003 | 12/13/2004 |
| 2:2003cv09035-RGK | Molski, et al v. Firestone Vineyard | 12/11/2003 | 02/23/2004 |
| 2:2003cv09133-LGB | Molski, et al v. Daniel Gehrs Heather, et al | 12/15/2003 | 05/13/2004 |
| 2:2003cv09134-GAF | Molski, et al v. La Fiesta Mexican, et al | 12/15/2003 | 06/30/2004 |
| 2:2003cv09339-RSWL | Molski, et al v. Sylvester Winery L P, et al | 12/19/2003 | 08/22/2005 |
| 2:2003cv09346-RGK | Molski, et al v. Todai Restaurant, et al | 12/19/2003 | 12/01/2004 |
| 2:2003cv09349-JFW | Molski, et al v. Gainey Vineyard, et al | 12/19/2003 | 10/01/2004 |
| 2:03-cv-09393-CBM | Molski, et al v. Foley Estates | 12/22/2003 | 08/28/2006 |
| 2:03-cv-09462-TJH | Molski, et al v. Conrad's La Canada, et al | 12/24/2003 | 09/11/2006 |
| 2:2003cv09463-MMM | Molski, et al v. Los Olivos Cafe, et al | 02/24/2003 | 10/04/2004 |
| 2:2003cv09494-AHM | Molski, et al v. Brander Vineyards | 12/26/2003 | 05/05/2005 |
| 2:2003cv09495-LGB | Molski, et al v. Dona Maria Mexican, et al | 12/26/2003 | 03/11/2005 |
| 2:2004cv00090-GAF | Molski et al v. Presidente Mexican Restaurant Northridge et al | 01/07/2004 | 12/27/2004 |
| 2:2004cv00205-FMC | Molski et al v. Casa Del Rey San Dimas et al | 01/13/2004 | 03/16/2005 |
| 2:2004cv00347-ER | Molski et al v. Kahn Winery and A K Cellars LLC | 01/20/2004 | 12/16/2005 |
| 2:04-cv-00450-ER | Molski et al v. Mandarin Touch Restaurant et al | 01/23/2004 | 01/05/2006 |
| 2:2004cv00452-ER | Molski et al v. Kalyra Winery LLC et al | 01/23/2004 | 03/17/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 27 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| 8:2004cv00083-CJC | Molski et al v. Kenneth Wilkinson, et al | 01/26/2004 | 09/14/2005 |
|---|---|---|---|
| 8:2004cv00092-CJC | Molski et al v. Gardena Bowling Center, Inc | 01/27/2004 | 06/28/2005 |
| 2:2004cv00569-RGK | Molski et al v. Cho Cho San Restaurant et al | 01/27/2004 | 7/02/2004 |
| 2:2004cv00570-R | Molski et al v. Casa Del Rey Temple City et al | 01/27/2004 | 05/24/2004 |
| 2:2004cv00610-SJO | Molski et al v. Crocodile Cafe Glendale et al | 01/28/2004 | 08/09/2004 |
| 8:2004cv00096- CJC | Molski et al v. Concourse Entertainment Center et al | 01/28/2004 | 10/20/2005 |
| 2:2004cv00787-ABC | Molski et al v. AW Foods Marketing Inc et al | 02/05/2004 | 11/22/2004 |
| 2:2004cv00788-AHM | Molski et al v. Koehler Winery LLC et al | 02/05/2004 | 09/10/2004 |
| 2:2004cv00838-R | Molski et al v. Fess Parker Winery et al | 02/06/2004 | 08/09/2004 |
| 2:2004cv00960-SJO | Molski et al v. Casa Del Rey Arcadia et al | 02/12/2004 | 08/16/2004 |
| 2:2004cv00974-DDP | Molski et al v. Hot Spot Bar and Grill et al | 02/12/2004 | 04/19/2007 |
| 2:2004cv01044-WMB | Molski et al v. Lafond Winery et a | 02/17/2004 | 08/09/2004 |
| 2:2004cv01047-PA | Molski et al v. Somethings Fishy et al | 02/17/2004 | 06/04/2004 |
| 2:2004cv01071-PA | Molski et al v. Hitching Post II Restaurant et al | 02/17/2004 | 06/10/2004 |
| 2:2004cv01075-ABC | Molski et al v. Conrads Restaurant Glendale et al | 02/17/2004 | 10/07/2005 |
| 2:2004cv01076-NM | Molski et al v. Mosby Winery et al | 02/17/2004 | 07/19/2005 |
| 2:2004cv01077-SVW | Molski et al v. Hitching Post I Restaurant Inc | 02/17/2004 | 11/07/2005 |
| 2:2004cv01098-RGK | Molski et al v. Lamplighter North Hollywood Restaurant et al | 02/18/2004 | 08/06/2004 |

**ATTACHMENT**
**to Judicial Council Form**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 28 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv01101-GHK | Molski et al v. Lamplighter Chatsworth PSG Inc et al | 02/18/2004 | 07/29/2004 |
| 2:2004cv01263-NM | Molski et al v. Sanford Winery and Vineyards et al | 02/25/2004 | 10/01/2004 |
| 2:2004cv01268-TJH | Molski et al v. Lamplighter Sherman Oaks Restaurant et al | 02/25/2004 | 01/13/2005 |
| 2:2004cv01360-RSWL | Molski et al v. Rancho Sisquoc et al | 02/27/2004 | 09/16/2004 |
| 2:2004cv01361-R | Molski et al v. Mi Casita Salvadorena Restaurant et al | 02/27/2004 | 06/21/2004 |
| 2:2004cv01362-GHK | Molski et al v. Cambria Winery and Vineyard et al | 02/27/2004 | 08/25/2004 |
| 2:2004cv01364-SJO | Molski et al v. Crazy Tokyo Sushi et al | 02/27/2004 | 12/27/2004 |
| 2:2004cv01366-NM | Molski et al v. El Pescador #7 Inc et al | 02/27/2004 | 02/03/2005 |
| 2:2004cv01394-R | Molski et al v. El Pescador #4 Restaurant et al | 03/01/2004 | 10/25/2004 |
| 2:2004cv01395-RSWL | Molski et al v. Zaca Mesa Winery et al | 03/01/2004 | 09/10/2004 |
| 2:2004cv01412-DDP | Molski et al v. El Pescador #2 Restaurant et al | 03/02/2004 | 02/23/2005 |
| 2:2004cv01552-GPS | Molski et al v. Casa Di Pizza et al | 03/08/2004 | 02/14/2005 |
| 2:2004cv01869-SVW | Molski et al v. Encino Investors Building et al | 03/18/2004 | 08/17/2004 |
| 2:2004cv01875-GAF | Molski et al v. El Pescador #5 et al | 03/18/2004 | 05/19/2005 |
| 2:2004cv01930-ABC | Molski et al v. El Pescador #8 et al | 03/19/2004 | 08/26/2005 |
| 2:2004cv01931-R | Molski et al v. New Light and Healthy Japanese Restaurant et al | 03/19/2004 | 10/28/2004 |
| 5:2004cv00328-VAP | Molski et al v. Seafare Inn et al | 03/19/2004 | 02/09/2005 |
| 2:2004cv01958-R | Molski et al v. Sushi Marina et al | 03/22/2004 | 10/06/2004 |
| 2:2004cv02150-GAF | Molski et al v. Valley Ranch BBQ et al | 03/29/2004 | 07/05/2005 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 29 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv02350-RSWL | Molski et al v. La Fiesta Grande et al | 04/02/2004 | 08/04/2005 |
| 2:2004cv02351-JSL | Molski et al v. Candilejas Restaurant et al | 04/02/2004 | 01/09/2006 |
| 2:2004cv02352-JSL | Molski et al v. Domain Alfred et al | 04/02/2004 | 01/05/2005 |
| 2:2004cv02488-RSWL | Jankey et al v. Federal Express Corp et al | 04/08/2004 | 09/19/2005 |
| 2:2004cv02610-JSL | Molski et al v. Spyglass Investment Company et al | 04/14/2004 | 01/14/2005 |
| 2:2004cv02723-LGB | Molski et al v. Szechuwan Garden et al | 04/19/2004 | 09/29/2004 |
| 2:2004cv02889-DSF | Molski et al v. Claiborne and Churchill Inc | 04/26/2004 | 12/27/2004 |
| 2:2004cv02890-CJC | Molski et al v. Kynsi Wines Inc | 04/26/2004 | 09/30/2005 |
| 2:2004cv03121-MMM | Molski et al v. Longhouse Restaurant Inc et al | 05/03/2004 | 05/14/2004 |
| 2:2004cv03122-RGK | Molski et al v. Di Fronzo Properties LLC | 05/03/2004 | 07/13/2004 |
| 2:2004cv03249-DSF | Molski et al v. Hong Kong Inn Inc et al | 05/07/2004 | 12/06/2005 |
| 2:2004cv03250-JFW | Molski et al v. Senor Sanchos-Spring et al | 05/07/2004 | 12/06/2004 |
| 2:2004cv03332-PA | Molski et al v. Perkos Pismo Beach et al | 05/11/2004 | 03/08/2005 |
| 2:2004cv03544-RGK | Molski et al v. Cracked Crab Restaurants Inc et al | 05/19/2004 | 04/12/2005 |
| 2:2004cv03598-DT | Molski et al v. Hoovers Enterprises Inc et al | 05/20/2004 | 11/29/2004 |
| 2:2004cv03599-ABC | Molski et al v. Wilsons Lanes et al | 05/20/2004 | 11/28/2005 |
| 2:2004cv03696-WJR | Molski et al v. Bill and Carols Sea Shanty et al | 05/25/2004 | 06/23/2005 |
| 2:2004cv03697-DSF | Molski et al v. Pacos et al | 05/25/2004 | 07/22/2005 |
| 2:2004cv03743-PA | Molski et al v. 21st Street Drive-In et al | 05/26/2004 | 03/10/2005 |
| 2:2004cv03746-SVW | Molski et al v. Ahedos Restaurant et al | 05/26/2004 | 12/15/2004 |
| 2:2004cv03747-MMM | Molski et al v. Pierside Inc et al | 05/26/2004 | 03/08/2005 |

| | | | |
|---|---|---|---|
| **PLAINTIFF/PETITIONER:** CRAIG YATES et al. | | CASE NUMBER: | |
| **DEFENDANT/RESPONDENT:** LA ROCCA'S CORNER, et al. | | CGC-07-469605 | |

**ATTACHMENT** *(Number):* 1  **Page 30 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv03780-DDP | Molski et al v. Foster Freeze Paso Robles et al | 05/27/2004 | 05/15/2007 |
| 2:2004cv03791-CBM | Molski et al v. Girls Restaurant Inc et al | 05/27/2004 | 12/27/2004 |
| 2:2004cv03828-AHM | Molski et al v. F McLintock S Saloon and Dining House et al | 05/28/2004 | 03/07/2005 |
| 2:2004cv03829-GPS | Molski et al v. A J Spurs Templeton et al | 05/28/2004 | 11/01/2005 |
| 2:2004cv03929-GAF | Molski et al v. A J Spurs Inc et al | 06/02/2004 | 08/10/2005 |
| 2:2004cv04059-CBM | Molski et al v. Harbor Hut Inc | 06/07/2004 | 06/20/2005 |
| 2:2004cv04061-JSL | Molski et al v. Outrigger et al | 06/07/2004 | 03/16/2005 |
| 2:2004cv04062-JFW | Molski et al v. Whales Tail Restaurant et al | 06/07/2004 | 10/19/2004 |
| 2:2004cv04240-RGK | Molski et al v. Fosters Freeze Morro Bay et al | 06/14/2004 | 12/10/2004 |
| 2:2004cv04241-ER | Molski et al v. Fosters Freeze San Luis Obispo et al | 06/14/2004 | 03/23/2005 |
| 2:2004cv04242-TJH | Molski et al v. Great American Fish Co Inc et a | 06/14/2004 | 11/07/2005 |
| 2:2004cv04243-FMC | Molski et al v. J B J Round Up Pizza et al | 06/14/2004 | 09/02/2005 |
| 2:2004cv04283-JFW | Molski et al v. Cambria Cafe et al | 06/15/2004 | 03/08/2005 |
| 2:2004cv04284-PA | Molski et al v. Sea Chest et al | 06/15/2004 | 04/11/2005 |
| 2:2004cv04428-AHM | Molski et al v. The Galley et al | 06/18/2004 | 07/19/2005 |
| 2:2004cv04429-JFW | Jankey et al v. Q Bargain et al | 06/18/2004 | 01/20/2005 |
| 2:2004cv04430-TJH | Jankey et al v. M Williams Strip Mall et al | 06/18/2004 | 11/29/2004 |
| 2:2004cv04497-TJH | Molski et al v. Fishbowl Restaurant LLC | 06/22/2004 | 09/12/2005 |
| 2:2004cv04498-GAF | Molski et al v. Pine Street Plaza et al | 06/22/2004 | 10/25/2005 |
| 2:2004cv04610-NM | Molski et al v. Busis Restaurant et al | 06/24/2004 | 07/01/2005 |
| 2:2004cv04611-JWJ | Molski et al v. Coffee Pot Restaurant et al | 06/24/2004 | 09/14/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 31 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv04650-DT | Harris et al v. Mister Ts Family Restaurant et al | 06/25/2004 | 02/11/2005 |
| 2:2004cv04684-RNB | Molski et al v. Margies Diner - Morro Bay et al | 06/28/2004 | 12/29/2004 |
| 2:2004cv04685-SVW | Molski et al v. Hungry Fisherman Restaurant et al | 06/28/2004 | 01/04/2005 |
| 2:2004cv04696 -MMM | Molski et al v. Chevron - Morro Bay et al | 06/28/2004 | 05/23/2005 |
| 2:2004cv04697-DT | Molski et al v. China Bowl Restaurant et al | 06/28/2004 | 08/22/2005 |
| 2:2004cv04739-GHK | Molski et al v. La Hacienda et al | 06/29/2004 | 12/08/2005 |
| 2:2004cv04822-NM | Molski et al v. Carlas Country Kitchen et al | 07/01/2004 | 07/11/2005 |
| 2:2004cv04826-SJO | Jankey et al v. Bakers Square Alhambra et al | 07/01/2004 | 05/09/2005 |
| 2:2004cv04865-PA | Molski et al v. Busy Bee Cafe et al | 07/02/2004 | 04/19/2005 |
| 2:2004cv04866-MMM | Molski et al v. Thai Palace Corporation et al | 07/02/2004 | |
| 2:2004cv04867-ABC | Molski et al v. McCarthys Irish Pub et al | 07/02/2004 | 01/20/2006 |
| 2:2004cv04870-DT | Molski et al v. Tio Albertos - Los Osos et al | 07/02/2004 | 02/23/2005 |
| 2:2004cv04873-MMM | Molski et al v. Pizza Port et al | 07/02/2004 | 10/13/2004 |
| 2:2004cv04874-JFW | Molski et al v. Taco de Mexico et al | 07/02/2004 | 03/18/2005 |
| 2:2004cv05453-JFW | Molski et al v. Maya Restaurant et al | 07/14/2004 | 06/09/2005 |
| 2:2004cv06385-SVW | Connally et al v. House of Lee Chinese Restaurant et al | 08/02/2004 | 08/24/2004 |
| 2:2004cv06389-TJH | Jankey et al v. Millies Inc et al | 08/02/2004 | 04/18/2006 |
| 2:2005cv05946-DDP | Jankey et al v. Faustino's Italian Kitchen et al | 08/15/2005 | 06/02/2008 |
| 2:2005cv06730-SJO | Jankey et al v. Commercial Management Concepts LLC et al | 09/13/2005 | 06/15/2006 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | | |
|---|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1  **Page 32 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv06885-TJH | Molski et al v. Big Bopper Drive-in et al | 08/17/2004 | 01/18/2005 |
| 2:2004cv07018-DT | Molski et al v. Bit O Denmark Inc et al | 08/20/2004 | 12/21/2005 |
| 8:2004cv01011-JVS | Molski et al v. Little Mermaid et al | 08/20/2004 | 04/13/2005 |
| 2:2004cv07051-JSL | Molski et al v. New Danish Inn Restaurant et al | 08/23/2004 | 06/28/2005 |
| 2:2004cv07188-SJO | Molski v. Copenhagen T S and Gifts et al | 08/27/2004 | 03/24/2005 |
| 2:2004cv07189-DSF | Molski et al v. Solvang Restaurant et al | 08/27/2004 | 12/05/2005 |
| 2:2004cv07191-WJR | Molski et al v. First Street Building et al | 08/27/2004 | 03/17/2005 |
| 2:2004cv07192-DDP | Molski et al v. Red Viking Restaurant et al | 08/27/2004 | 12/27/2005 |
| 2:2004cv07270 -SJO | Jankey et al v. Orange Delight et al | 08/31/2004 | 07/21/2005 |
| 2:2004cv07271-MMM | Molski et al v. Danish Mill Bakery Inc et al | 08/31/2004 | 03/30/2005 |
| 2:2004cv07345-RGK | Doran et al v. Santa Nella Hotel Corporation | 09/02/2004 | 08/09/2005 |
| 2:2004cv07346-CBM | Molski et al v. Old Danish Food Farm Inc et al | 09/02/2004 | 04/05/2005 |
| 2:2004cv07347-R | Molski et al v. Berengaria and Gerdas Iron Art et al | 09/02/2004 | 02/10/2005 |
| 2:2004cv07417-GHK | Molski et al v. Dos Amigos et al | 09/07/2004 | 03/01/2005 |
| 2:2004cv07538-DDP | Molski et al v. Mannys Mexican Restaurant et al | 09/10/2004 | 03/21/2005 |
| 2:2004cv07539-PA | Molski et al v. Thai-Rrific Restaurant et al | 09/10/2004 | 08/25/2005 |
| 2:2004cv07541-RSWL | Molski et al v. Solvang Bakery Inc et al | 09/10/2004 | 08/31/2005 |
| 2:2004cv07725-SVW | Molski et al v. Pine Tree Inn et al | 09/16/2004 | 03/21/2005 |
| 2:2004cv07765-DSF | Molski et al v. Camozzis et al | 09/17/2004 | 04/18/2005 |
| 2:2004cv07797-CBM | Molski et al v. Hamlet Square et al | 09/20/2004 | 03/01/2006 |
| 2:2004cv07799-GAF | Molski et al v. Cambria Courtyard et al | 09/20/2004 | 11/23/2005 |

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1*  **Page 33 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv07831-MMM | Molski et al v. Redwood Center LP et al | 09/21/2004 | 07/26/2005 |
| 2:2004cv07832-NM | Molski et al v. Jensens Copenhagen Square et al | 09/21/2004 | 08/09/2005 |
| 2:2004cv07862-TJH | Molski et al v. Belgian Cafe et al | 09/22/2004 | 11/08/2005 |
| 2:2004cv07864-CBM | Jankey et al v. Los Burritos Inc et al | 09/22/2004 | 10/24/2006 |
| 2:2004cv07866-ABC | Jankey et al v. Ranch House BBQ and Grill et al | 09/22/2004 | 02/09/2006 |
| 2:2004cv07937-FMC | Jankey et al v. Mother Lode et al | 09/23/2004 | 07/26/2005 |
| 2:2004cv07939-FMC | Moss et al v. Comfort Inn Woodland Hills et al | 09/23/2004 | 10/23/2006 |
| 2:2004cv07985-RJK | Jankey et al v. Lank and Oxn Center et al | 09/24/2004 | 08/02/2005 |
| 2:2004cv07987-CAS | Molski v. Solvang Theaterfest Inc et al | 09/24/2004 | 05/15/2006 |
| 2:2004cv08135-TJH | Moss et al v. Exotic Nature et al | 09/29/2004 | 11/23/2005 |
| 2:2004cv08140-WMB | Moss et al v. New Moon et al | 09/29/2004 | 03/09/2005 |
| 2:2004cv08255-TJH | Moss et al v. Vagabound Inn Solvang et al | 10/04/2004 | 05/16/2006 |
| 2:2004cv08523-MMM | Molski et al v. Ellens Danish Pancake House et al | 10/14/2004 | 10/26/2005 |
| 2:2004cv08524-GHK | Molski et al v. Tonos Mexican Restaurant et al | 10/14/2004 | 10/25/2006 |
| 2:2004cv08616-AHM | Molski et al v. Mother Hubbards Restaurant et al | 10/18/2004 | 08/02/2005 |
| 2:2004cv08617-MMM | Jankey et al v. Belmont Restaurant et al | 10/18/2004 | 08/26/2005 |
| 2:2004cv08744-SJO | Jankey et al v. Beach Pizza et al | 10/21/2004 | 02/09/2006 |
| 2:2004cv08745-MMM | Molski et al v. Ginos Pizza et al | 10/21/2004 | 09/02/2005 |
| 2:2004cv08775-GHK | Jankey et al v. El Taco Loco - North Hollywood et al | 10/22/2004 | 08/26/2005 |
| 2:2004cv08778-JSL | Jankey et al v. Hamburger Haven et al | 10/22/2004 | 08/30/2006 |

**ATTACHMENT**
**to Judicial Council Form**

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number):* 1   **Page 34 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2004cv09112-GHK | Jankey et al v. Mister Ds Liquor Market et al | 11/04/2004 | 11/17/2005 |
| 8:2004cv01295-JVS | Jankey et al v. El Cholo Cafe et al | 11/05/2004 | 11/30/2005 |
| 2:2004cv09178-SGL | Jankey et al v. Moons Market et al | 11/05/2004 | 11/17/2006 |
| 2:2004cv09267-ER | Jankey et al v. Mermaid Restaurant et al | 11/10/2004 | 02/02/2006 |
| 2:2004cv09312-GHK | Jankey et al v. Bottle Inn et al | 11/12/2004 | 07/19/2006 |
| 2:2004cv09609-GPS | Jankey et al v. Sloopys et al | 11/23/2004 | 02/07/2006 |
| 2:2004cv09741-RSWL | Jankey et al v. Poop Deck et al | 11/30/2004 | 04/21/2006 |
| 2:2005cv01288-TJH | Jankey et al v. Beach Market et al | 02/18/2005 | 08/12/2005 |
| 2:2005cv03625-DT | Jankey et al v. Aloha Sharkeez et al | 05/16/2005 | 06/12/2006 |
| 2:2005cv03626-AHM | Jankey et al v. Dans Liquor et al | 05/16/2005 | 08/23/2006 |
| 2:2005cv03842-RGK | Jankey et al v. OB's Bar and Grill et al | 05/25/2005 | 06/14/2005 |
| 2:2005cv03856-SVW | Jankey et al v. Beach Hut et al | 05/25/2005 | 08/24/2006 |
| 2:2005cv03858-SVW | Jankey et al v. Pedone's Pizza et al | 05/25/2005 | 11/21/2006 |
| 8:2004cv00038-CJC | Molski et al v. Arby's Huntington Beach et al | 08/12/2005 | 07/28/2006 |
| 2:2004cv02647-R | Molski et al v. Pismo Bowl et al | 11/15/2007 | 11/26/2007 |

///
///
///
///
///
///
///

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 1* **Page 35 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

Court:    **United States District Court for the Eastern District of California**
**501 "I" Street, Sacramento, CA 95814**
**2500 Tulare Street, Fresno, CA 93721**

Plaintiff:    **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

None of the cases listed below have been designated or determined as "complex."

Relationship of this case to the case referenced above (check all that apply):

☒    involves the same parties and is based on the same or similar claims.

☒    arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐    involves claims against, title to, possession of, or damages to the same property.

☒    is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☒    Additional explanation is attached in attachment 2.

| <u>Case Number</u> | <u>Case Name</u> | <u>Filing Date</u> | <u>Status/Dismissal</u> |
|---|---|---|---|
| 2:1999cv01669-FCD | Ashley, et al v. Blackwell, et al | 08/27/1999 | 09/16/2002 |
| 2:2000cv02231-WBS | Pickern, et al v. Eppie's Capitol, et al | 10/12/2000 | 03/29/2002 |
| 2:2000cv02232-WBS | Connally, et al v. Eppie's N Street, et al | 10/12/2000 | 03/29/2002 |
| 2:2000cv02342-LKK | Loskot, et al v. Chicago Title, et al | 10/23/2000 | 05/28/2002 |
| 2:2000cv02343-WBS | Doran, et al v. Chicago Title Red, et al | 10/23/2000 | 07/02/2002 |
| 2:2000cv02355-DFL | Loskot, et al v. Chicago Title Ins, et al | 10/24/2000 | 07/02/2002 |
| 2:2000cv02364-WBS | Doran, et al v. Ponderosa Inn, et al | 10/25/2000 | 03/29/2002 |
| 2:2000cv02723-WBS | Gerber, et al v. Eppie's Modesto, et al | 10/25/2000 | 04/16/2002 |
| 2:2000cv02404-WBS | Doran, et al v. Eppies Restaurant, et al | 10/30/2000 | 03/29/2002 |
| 2:2000cv02405-DFL | Loskot, et al v. Pine Street School, et al | 10/30/2000 | 06/17/2002 |

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | | **CGC-07-469605** | |

**ATTACHMENT** *(Number): 1* **Page 36 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 1:2000cv06886-AWI | Gerber, et al v. Burger King Madera, et al | 11/02/2000 | 10/10/2001 |
| 2:2000cv02555-FCD | Loskot v. Best Western Inn and Suites Vallejo et al | 11/20/2000 | 09/23/2002 |
| 2:2000cv02556-MLS | Jankey, et al v. Tahoe Limited Corp, et al | 11/20/2000 | 06/04/2002 |
| 2:2000cv02557-MLS | Ray, et al v. KML Corporation, et al | 11/20/2000 | 05/29/2002 |
| 2:2000cv02671-FCD | Loskot, et al v. Crystal Mall, et al | 12/06/2000 | 07/15/2002 |
| 2:2001cv00206-DFL | Haugsten, et al v. Mervyn's Stockton, et al | 01/31/2001 | 04/22/2002 |
| 2:2001cv00287-GEB | Doran, et al v. Bell, et al | 02/13/2001 | 11/21/2001 |
| 2:2001cv00386-LKK | Doran, et al v. Corinas's Restaurant, et al | 02/26/2001 | 06/05/2002 |
| 2:2001cv00876-DFL | Loskot, et al v. Hawes Ranch and Farm, et al | 05/07/2001 | 03/26/2002 |
| 2:2001cv00893-LKK | D'Lil, et al v. Pavilions Shopping, et al | 05/09/2001 | 10/11/2001 |
| 2:2001cv00894-FCD | Ashley, et al v. Farmers Ins Agcy, et al | 05/09/2001 | 02/06/2002 |
| 2:2001cv01096-WBS | Pickern, et al v. Marinos Pizza, et al | 06/04/2001 | 02/24/2003 |
| 2:2001cv01122-MCE | Doran v. Red Bluff Chrysler, et al | 06/08/2001 | 10/29/2002 |
| 2:2001cv01590-DFL | Connally, et al v. River Ranch Lodge, et al | 08/16/2001 | 12/23/2002 |
| 2:2001cv01710-MCE | Pickern, et al v. Enloe Medical Ctr | 09/07/2001 | 12/05/2003 |
| 2:2001cv01711-MLS | D'Lil, et al v. Yreka Days Inn, et al | 09/07/2001 | 01/14/2002 |
| 2:2001cv01747-WBS | Loskot, et al v. Anderson Medical, et al | 09/13/2001 | 11/18/2002 |
| 2:2001cv01748-GEB | Loskot, et al v. Gerlinger Steel, et al | 09/13/2001 | 02/19/2003 |
| 2:2001cv01954-WBS | Gerber, et al v. Florentine Restauran, et al | 10/22/2001 | 07/23/2002 |
| 2:2001cv01998-DFL | Doran, et al v. Oroville Hospital, et al | 10/29/2001 | 02/20/2003 |
| 2:2002cv00086-WBS | Loskot, et al v. Sacto Capitol Center, et al | 01/14/2002 | 05/06/2003 |
| 2:2002cv00092-MCE | Weygandt, et al v. Lithia CIMR Inc, et al | 01/14/2002 | 12/23/2002 |

**ATTACHMENT**
**to Judicial Council Form**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1  **Page 37 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| | | | |
|---|---|---|---|
| 2:2002cv00267-GEB | Doran, et al v. Cameron Park Inn, et al | 02/01/2002 | 03/12/2004 |
| 2:2002cv00275-MCE | Loskot, et al v. 3 Brother's Rest, et al | 02/04/2002 | 11/13/2003 |
| 2:2002cv00916-MCE | Doran, et al v. Waffle Shop, et al | 04/29/2002 | 06/30/2003 |
| 2:2002cv01208-MCE | Doran, et al v. Days Inn Oroville, et al | 06/05/2002 | 04/18/2003 |
| 2:2002cv01209-MCE | Doran, et al v. Sunset Inn Oroville, et al | 06/05/2002 | 11/05/2003 |
| 2:2002cv01241-DFL | Doran, et al v. DQ Orangevale, et al | 06/10/2002 | 04/27/2004 |
| 2:2002cv01242-DFL | Doran, et al v. Wild Sports Ent, et al | 06/10/2002 | 04/25/2003 |
| 2:2002cv01273-MCE | Doran, et al v. Rocklin Days Inn, et al | 06/12/2002 | 09/18/2003 |
| 2:2002cv01274-LKK | Doran, et al v. Crown Motors, et al | 06/12/2002 | 10/21/2003 |
| 2:2002cv02048-MCE | Weygandt, et al v. La Cabana Mexican, et al | 09/18/2002 | 09/23/2003 |
| 2:2002cv02490-WBS | Jones, et al v. Far East Cafe, et al | 11/18/2002 | 04/27/2004 |
| 2:2002cv02508-GEB | Harris, et al v. Koffee Korner, et al | 11/19/2002 | 08/22/2003 |
| 2:2002cv02523-WBS | Long, et al v. Viking Motor Lodge, et al | 11/21/2002 | 01/29/2004 |
| 2:2002cv02617-WBS | Feezor, et al v. El Mariachi, et al | 12/06/2002 | 05/10/2004 |
| 2:2002cv02637-GEB | Cone, et al v. Amer River Dr Assoc, et al | 12/10/2002 | 03/30/2004 |
| 2:2002cv02751-LKK | Jones, et al v. El Mariachi Rest, et al | 12/30/2002 | 05/25/2004 |
| 2:2003cv00475-LKK | Doran, et al v. Best Tahoe West Inn, et al | 03/11/2003 | 08/06/2003 |
| 2:2003cv00539-MCE | Doran, et al v. Discovery Park Days, et al | 03/17/2003 | 05/18/2006 |
| 2:2003cv00540-LKK | Feezor, et al v. Comfort Inn Vallejo, et al | 03/17/2003 | 10/16/2003 |
| 2:2003cv00697-FCD | Jones, et al v. Park Marina Village, et al | 04/04/2003 | 01/25/2005 |
| 2:2003cv00758-LKK | Doran, et al v. Best Western Golden, et al | 04/14/2003 | 04/06/2004 |
| 2:2003cv00759-LKK | Doran, et al v. Red Lion Hotel, et al | 04/14/2003 | 07/07/2003 |
| 2:2003cv00760-GEB | Connally, et al v. Carl's Jr Santa, et al | 04/14/2003 | 06/04/2004 |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 1   **Page 38 of 38**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

| 2:2003cv00804-FCD | Doran, et al v. Vallejo Quality Inn, et al | 04/18/2003 | 01/05/2005 |
|---|---|---|---|
| 2:2003cv00808-LKK | Weygandt, et al v. Pizza Hut Hilltop, et al | 04/18/2003 | 05/07/2003 |
| 2:2003cv01052-WBS | Doran, et al v. Oilwell Materials, et al | 05/19/2003 | 11/04/2003 |
| 2:2003cv01417-GEB | Feezor, et al v. Carrows Restaurant | 07/03/2003 | 03/16/2005 |
| 2:2003cv01505-LKK | Stevie, et al v. Pizza Hut Hilltop, et al | 07/15/2003 | 01/10/2005 |
| 2:2003cv01542-GEB | D'Lil, et al v. Baker's Square Rst, et al | 07/22/2003 | 08/09/2006 |
| 2:2003cv01946-DFL | Doran, et al v. King's Trading Post, et al | 09/17/2003 | 06/03/2005 |
| 2:2003cv02189-MCE | Loskot, et al v. Harbor Inn, et al | 10/17/2003 | 06/05/2007 |
| 2:2003cv02337-GEB | Loskot, et al v. Baker's Square West, et al | 11/10/2003 | 03/26/2004 |
| 2:2004cv00755-GEB | Bowman, et al v. Best Western Station, et al | 04/15/2004 | 12/16/2005 |
| 2:2004cv01520-FCD | Chapman, et al v. Park West Office Ctr, et al | 08/03/2004 | 03/28/2006 |
| 2:2004cv01668-WBS | Chapman, et al v. Davis Orthopedic, et al | 08/16/2004 | 04/18/2006 |
| 2:2004cv01670-LKK | Loskot, et al v. Northstate Recycling, et al | 08/16/2004 | 05/25/2005 |
| 2:2004cv01719-DFL | Loskot, et al v. Asian Buffet Inc, et al | 08/23/2004 | 12/07/2005 |
| 2:2004cv01992-GEB | Loskot, et al v. United Petroleum, et al | 09/24/2004 | 06/09/2006 |
| 1:2004cv06375-OWW | Doran, et al v. Pea Soup Andersen's, et al | 10/04/2004 | 12/16/2005 |
| 2:2004cv02096-GEB | Loskot, et al v. Green Valley Ford, et al | 10/06/2004 | 12/06/2005 |
| 2:2006cv01164-GEB | Loskot et al v. Cascade Rigging & Supply Company Inc. et al | 05/30/2006 | 03/22/2007 |
| 2:2007cv01324-FCD | Loskot et al v. Peking Restaurant, et al., | 07/05/2007 | 07/03/2008 |
| 2:2007cv01519-FCD | Loskot v. Best Western Inn and Suites Vallejo et al | 07/26/2007 | 08/21/2008 |
| 2:2007cv01564-FCD | Chapman, et al. v. Subway Salads and Sandwiches #14054, et al. | 08/01/2007 | Pending |

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 1 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

**B.    Additional Explanation Regarding Relationship of Cases Listed.**

The instant action involves an individual plaintiff in a wheelchair (CRAIG YATES) who claims personal injuries to his upper extremities caused when he purportedly had difficulty in entering the defendants' premises in this action through its double doors.  Institutional plaintiff (DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS) has no cognizable claim because it lacks standing to sue (see *infra*).  Both of these parties, as well as *all of the parties* listed in this Notice of Related Cases, are represented by the same law firm, Thomas E. Frankovich, PLC, with the sole exception of SF Sup. Ct. Case No. CGC-08-470951.

The lawsuit alleges various violations of the plaintiff's disability rights.  The following constitutes the analysis of how the suit identified in this Notice of Related Cases involves the same parties and how they are based on the same or similar claims.

**Plaintiff:    YATES, CRAIG**

Those cases listed in this Notice of Related Cases in which plaintiff CRAIG YATES is an individual plaintiff in this Court, Marin County Superior Court and the United States District Court for the Northern District of California, involve the same individual plaintiff who claims, as a result of accessing the premises of every single premises owned or operated by the named defendants, very similar, if not identical, personal injuries in each lawsuit over the course of three years, to wit:

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *June 11, 2004*, was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2004cv04308-BZ, Complaint, ¶¶26, 28, 64, 72, 73, 81);

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 2 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *July 3, 2004,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2004cv05087-JCS, Complaint, ¶¶25, 27, 63, 71, 72, 80);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *July 3, 2004,* [and *November 19, 2004,*] was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2004cv05211-PJH, Complaint, ¶¶2, 18, 23, 26, 28, 64, 72, 73, 81);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *August 28, 2005, November 27, 2005, December 10, 2005, January 8, 2006, January 16, 2006, March 15, 2006, July 11, 2006, October 28, 2006, December 4, 2006,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv00460-WHA, Complaint, ¶¶2, 14, 15, 24, 68);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 5, 2006 and January 27, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv00946-CRB, Complaint,

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 3 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

¶¶2, 14, 30);

- "on *November 11, 2005,* . . . plaintiff suffered bodily injury . . . including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers . . . suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the door to summon the counter clerk . . . (SF Sup. Ct. Case No. CGC-06-452090, Complaint, ¶¶23-26);

- "on *November 27, 2005,* . . . plaintiff suffered bodily injury . . . including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers . . . suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the door to summon the counter clerk . . . (SF Sup. Ct. Case No. CGC-06-452131, Complaint, ¶¶23-26);

- On *"May 28, 2005, December 28, 2005 and May 6, 2006,* . . . plaintiff suffered bodily injury . . ." (SF Sup. Ct. Case No. CGC-06-452509, Complaint, ¶¶14-15, 25);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *April 9, 2006, April 10, 2006, May 10, 2006, June 1, 2006, June 12, 2006, January 11, 2007, January 25, 2007, and February 1, 2007,* was an invitee, guest, patron, customer . . . [who] suffered physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv01403-MHP, Complaint, ¶¶2, 14, 15, 27);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *April 16, 2006, September 27, 2006, October 10, 2006, March 22, 2007, May 26, 2007 and June 21, 2007,* was an invitee, guest, patron, customer . . . [who] suffered physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 4:2007cv03889-WDB, Complaint, ¶¶2, 14, 29, 30);

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 4 of 12**

*(This Attachment may be used with any Judicial Council form.)* (Add pages as required)

- On *"May 27, 2006, . . .* plaintiff suffered bodily injury . . ." (SF Sup. Ct. Case No. CGC-06-456662, Complaint, ¶¶25, 27, 56);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *June 1, 2006, June 12, 2006, June 14, 2006, July 12, 2006, January 11, 2007, January 25, 2007 and February 1, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv02525-MMC, Complaint, ¶¶2, 14, 30, 32, 60.)

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *August 1, 2006, August 29, 2006, and January 25, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv01405-WHA, Complaint, ¶¶2, 14, 15, 30, 59);

- "On or about *August 13, 2006, August 30, 2006 and October 28, 2006,* plaintiff CRAIG YATES was an invitee and . . suffered bodily injury." (SF Sup. Ct. Case No. CGC-06-459119, Complaint, ¶¶2, 14, 24);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 3, 2006,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2006cv07917-MMC, Complaint, ¶¶2, 14, 16);

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 2*  **Page 5 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 16, 2006 and February 22, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv01566-PJH, Complaint, ¶¶2, 14, 25, 27);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 25, 2006, January 12, 2007 and January 26, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury. . . . Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing counter self plaintiff CRAIG YATES struck it with his shoulder causing trauma to it. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv03033-EDL, Complaint, ¶¶2, 14, 15, 22, 24);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *December 22, 2006, January 26, 2007, March 29, 2007 and June 23, 2007,* was an invitee, guest, patron, customer . . . [who] suffered physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv04177-EDL, Complaint, ¶¶2, 14, 27, 29);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *December 22, 2006, January 26, 2007, March 29, 2007, June 23, 2007 and July 22, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury. . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv04395-JCS, Complaint, ¶¶2, 14, 32);

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number)*: 2  **Page 6 of 12**

*(This Attachment may be used with any Judicial Council form.)* (Add pages as required)

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *December 22, 2006 and January 26, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring around, through, up and over architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv02657-JL, Complaint, ¶¶2, 14, 24);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008 and July 16, 2008,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (U.S.D.C. N.D. Cal. Case No. 4:2008cv03914-CW, Complaint, ¶¶2, 14, 33);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *May 17, 2007, May 24, 2007 and October 11, 2007,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (U.S.D.C. N.D. Cal. Case No. 3:2007cv05485-MMC, Complaint, ¶¶2, 14, 27);

- "On or about *June 13, 2007, June 22, 2007 and September 18, 2007,* . . . plaintiff's . . . injuries . . ." (SF Sup. Ct. Case No. CGC-07-467642, Complaint, ¶¶2, 14, 31, 34, 57);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *June 13, 2007, June 22, 2007 and October 22, 2007,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (SF Sup. Ct. Case No. CGC-07-469605, Complaint, ¶¶2, 14, 24);

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 2* **Page 7 of 12**

*(This Attachment may be used with any Judicial Council form.)* *(Add pages as required)*

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *July 1, 2007, August 25, 2007, October 16, 2007 and November 2, 2007,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury. . . ." (U.S.D.C. N.D. Cal. Case No. 3:2007cv06498-WHA, Complaint, ¶¶2, 14, 31);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *July 21, 2007, January 15, 2008, March 24, 2008 and March 27, 2008,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (U.S.D.C. N.D. Cal. Case No. 3:2008cv02165-SI, Complaint, ¶¶2, 14, 30);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *August 26, 2007, September 4, 2007, September 8, 2007, September 9, 2007 and October 17, 18 2007,* was an invitee, guest, patron, customer . . . [who] stressed and strained himself in his wheelchair attempting this maneuver, resulting in trauma to his one partially usable right upper extremities." (SF Sup. Ct. Case No. CGC-07-469073, Complaint, ¶¶2, 14, 15);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *August 13, 2006, August 30, 2006, May 19,2007, June 22, 2007, July 18, 2007 and December 17, 2007,* was an invitee, guest, patron, customer . . . [and suffered] injuries." (SF Sup. Ct. Case No. CGC-08-470951, Complaint, ¶¶2, 14, 35);

- Plaintiff CRAIG YATES is a person with physical disabilities [and] suffered physical stress, strain and exhaustion in attempting to negotiate barriers at the subject Union Square, suffered physical pain and discomfort, and other physical, psychological, and emotional damages, pain and suffering, all to his damages. (SF Sup. Ct. Case No. CGC-08-473176, Complaint, ¶¶2, 17);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (U.S.D.C. N.D. Cal. Case No. 3:2008cv03004-EDL, Complaint, ¶¶2, 14, 32);

**ATTACHMENT**
**to Judicial Council Form**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number): 2*  **Page 8 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

● "On or about *May 19, 2007, June 15, 2007, July 24, 2007 and February 16, 2008,* plaintiff CRAIG YATES was an invitee and guest . . ." and alleges no physical injuries. (SF Sup. Ct. Case No. CGC-08-473260);

● Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *August 1, 2007, August 7, 2007, August 12, 2007, December 17, 2007 and March 7, 2008,* was an invitee, guest, patron, customer . . . [and suffered] injuries." (SF Sup. Ct. Case No. CGC-08-470951, Complaint, ¶¶2, 14, 35);

● "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 26, 2007, October 28, 2007, December 2, 2007, February 17, 2008 and March 19, 2008,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury . . . including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry doors, placement of loose mat on a slope and excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremity while attempting to open a double door." (U.S.D.C. N.D. Cal. Case No. 3:2008cv01877-WHA, Complaint, ¶¶2, 14, 33, 35);

● "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *September 9, 2007, September 16, 2007, September 23, 2007, October 17, 2007, January 24, 2008, February 16, 2008, March 5, 2008, March 31, 2008, April 3, 2008 and April 16, 2008,* was an invitee, guest, patron, customer . . . [who] suffered bodily injury . . . including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing the west side entry door plaintiff suffered 16 continuous, repetitive and cumulative trauma to his right upper extremity while attempting to pull the door open without strike side clearance." (U.S.D.C. N.D. Cal. Case No. 3:2008cv02293-PJH, Complaint, ¶¶2, 14, 44, 46);

● "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *September 16, 2007, January 24, 2008, February 17,2008, March 6, 2 2008, March 24, 2008, April 3, 2008, April 16, 2008 and May 22, 2008,* was an invitee, guest, patron, customer . . . [who] suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court." (U.S.D.C. N.D. Cal. Case No. 3:2008cv03183-BZ, Complaint, ¶¶2, 14, 29);

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 9 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *October 18, 2007 and October 26, 2007*, was an invitee, guest, patron, customer . . . [who] suffered bodily injury . . . including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing unisex restroom door, plaintiff suffered continuous, repetitive and cumulative trauma to upper extremities while attempting to open said door without strike side clearance." (U.S.D.C. N.D. Cal. Case No. 3:2008cv02734-SI, Complaint, ¶¶2, 14, 30, 33);

- "Plaintiff CRAIG YATES is a person with physical disabilities who, on or about *November 29, 2007, March 5, 2008, April 3, 2008 and May 4, 2008*, was an invitee, guest, patron, customer . . . [who] suffered bodily injury." (U.S.D.C. N.D. Cal. Case No. 4:2008cv02545-CW, Complaint, ¶¶2, 14, 30);

Plaintiff CRAIG YATES's repeated bodily injury and emotional distress claims over the course of four years calls into serious question the veracity of those claims.  Indeed, his claims are reminiscent of another individually named plaintiff JAREK MOLSKI who also asserted repeated bodily injury and emotional distress claims over many years in hundreds of lawsuit and whom the United States District Court for the Central District of California found to be a vexatious litigant sanctioned the law firm representing plaintiff Molski, Thomas E. Frankovich, a Professional Law Corporation. (See Order Granting Defendant's Motion to Declare Jarek Molski a Vexatious Litigant and for a Pre-filing Order Requiring Molski to Obtain Leave of Court Before Filing Any Other Claims under the Americans with Disabilities Act [the "Vexatious Litigant Order"] in *Molski et al v. Mandarin Touch Restaurant et al*, U.S.D.C. C.D. Cal. Case No. 2:04-cv-00450-ER attached hereto as Exhibit "A.")

///

///

///

///

**ATTACHMENT**
**to Judicial Council Form**

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 10 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

The Ninth Circuit upheld the Vexatious Litigant Order. (See generally <u>Molski v. Evergreen Dynasty Corp.</u> (9th Cir.2007) 500 F.3d 1047, 1062, Part V attached hereto as Exhibit "B.") In upholding the district court's Vexatious Litigant Order, the Ninth Circuit noted:

> [I]n 2004 the Frankovich Group filed at least 223 nearly identical lawsuits in the Northern and Central Districts of California, that the complaints all stated an ADA claim and the same four claims under California state law, that the damages requested in each case were identical and that, other than superficial alteration of the names and facts, the complaints were textually identical down to the typos." <u>Id.</u> at 1052-53. We also considered and agreed with the district court's observation that many of the claims of bodily injury found in the various complaints were "contrived." <u>Id.</u> at 1053. Specifically, we noted that: [t]he court found in particular that "the rate of physical injury defies common sense," noting that the plaintiffs alleged similar injuries sustained in a similar fashion at different businesses on the same day. The court noted that the similar injuries did not excuse the existence of accessibility barriers, but that its finding that the injury claims were contrived was "merely a recognition of the fact that reasonable people, once injured, tend to take affirmative steps to avoid similar physical injuries, rather than repeat that same activity 400 times (or five times in the same day)."

<u>Molski</u>, *supra,* 500 F.3d at 1053-54 (Exhibit "B" hereto [internal citations omitted, emphasis added].)

Defendant PURGATORY, INC., submits that plaintiff CRAIG YATES, represented by Thomas E. Frankovich, a Professional Law Corporation, has engaged in the same litigation tactics as plaintiff JAREK MOLSKI. Thus, defendant respectfully contends that this case involves the same parties and is based on the same or similar claims as the pending cases before this Court, the Marin County Superior Court and the federal district court for the Northern District of California and arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact within the meaning of Rule 3.300(a) of the California Rules of Court.

In addition, given the repetitive claims of the bodily injury and emotional distress allegations in these suits, the defendants have a right not only to challenge the legitimacy of the allegations, but should be afforded the opportunity to question comparative fault and apportionment of any

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 11 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

legitimate claims of personal injuries.  Consequently, defendant PURGATORY, INC., submits that, for judicial economy reasons assignment to a single judge of all cases in which plaintiff CRAIG YATES is a party is warranted because litigation of these claims will require substantial duplication of judicial resources if heard by different judges within the meaning of Rule 3.300(a) of the California Rules of Court.

**Plaintiff:**    **DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS**

In every complaint filed by an individual plaintiff as identified in this Notice of Related Cases, plaintiff DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS is also a party and describes itself as a nonprofit organization advocating on disability issues and seeks redress along with the individual plaintiff.  In an extraordinary number of the cases identified herein, there is typically a challenge made to plaintiff DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS's standing to sue.

An organization may have standing to bring suit on behalf of its members if (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) the participation of individual members in the lawsuit is not required. (Hunt v. Washington Apple Advertising Comm'n (1977) 432 U.S. 333, 343.  The first two requirements for organizational standing are constitutional; the third is prudential. (Or. Advocacy Ctr v. Mink (2003) 322 F.3d 1101, 1109.

Under the prudential standing doctrine, "the individual plaintiff is in the best position to litigate his own claims," (Molski v. Kahn Winery (C.D.Cal.2005) 381 F.Supp.2d 1209, 1210; see also Allen v. Wright (1984) 468 U.S. 737, 751 ["general prohibition on a litigant's raising another person's legal rights"]; Gladstone, Realtors v. Village of Bellwood (1979) 441 U.S. 91, 100 ["Even when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the

| PLAINTIFF/PETITIONER: **CRAIG YATES et al.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **LA ROCCA'S CORNER, et al.** | **CGC-07-469605** |

**ATTACHMENT** *(Number):* 2   **Page 12 of 12**

*(This Attachment may be used with any Judicial Council form.) (Add pages as required)*

prudential principles by which the judiciary seeks ... to limit access to the federal courts to those litigants best suited to assert a particular claim"].)

Because plaintiff DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS is a plaintiff along with every individually named plaintiff in this Notice of Related Cases, defendant PURGATORY, INC., submits that this case involves the same parties and is based on the same or similar claims as the pending cases before this Court, the Marin County Superior Court and the federal district courts for the Northern, Central and Eastern District of California.

In addition, because there is the same standing question inherent in each case in which plaintiff DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS seeks redress along with an individually named plaintiff, defendant PURGATORY, INC., submits that, for judicial economy reasons assignment to a single judge of all cases in which plaintiff DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS is a party is warranted because litigation of its claims will require substantial duplication of judicial resources if heard by different judges within the meaning of Rule 3.300(a) of the California Rules of Court.

**ATTACHMENT**
**to Judicial Council Form**

Exhibit A

FILED
CLERK, U.S. DISTRICT COURT

DEC 9 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

ENTERED
CLERK, U.S. DISTRICT COURT

DEC 10 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREK MOLSKI, an individual; and DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MANDARIN TOUCH RESTAURANT; EVERGREEN DYNASTY CORP., a California corporation; and BRIAN McINERNEY and KATHY S. McINERNEY, as joint tenants, <br><br> Defendants. | Case No. CV 04-0450 ER <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DECLARE JAREK MOLSKI A VEXATIOUS LITIGANT AND FOR A PRE-FILING ORDER REQUIRING MOLSKI TO OBTAIN LEAVE OF COURT BEFORE FILING ANY OTHER CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT** |

Defendant Evergreen Dynasty Corporation, doing business as Mandarin Touch Restaurant,[1] has asked this Court to declare Plaintiff Jarek Molski a vexatious litigant, and to order Molski to obtain leave of court

---

[1]    Brian and Kathy S. McInerney did not join in the Motion for a Pre-Filing Order.  For simplicity, this order will refer to Mandarin Touch and Evergreen Dynasty, collectively, as "Defendant."

32

before filing any other claims under the Americans With
Disabilities Act.  The matter came on for hearing on
November 15, 2004, the Honorable Edward Rafeedie
presiding.  The Court has concluded that a pre-filing
order is appropriate for the reasons discussed below.

**Statement of Facts**

a. <u>Plaintiff's History of Litigation</u>

Plaintiff Jarek Molski is a physically disabled
individual who relies on a wheelchair for ambulation.
Although he resides in Woodland Hills, he has filed
hundreds[2] of lawsuits in federal courts throughout the
state of California.

A review of the cases submitted to this Court
reveals that many are nearly identical in terms of the
facts alleged, the claims presented, and the damages
requested.  In virtually every complaint involving a
restaurant or winery, Molski initially reports having
trouble finding adequate van-accessible parking.  Then,
almost uniformly, he reports difficulties entering the
business, often citing ramps that are too steep, or
doors that require more pressure to open than is

---

[2]      Defendant's Memorandum of Points and Authorities
asserts that Molski has filed 334 lawsuits in the federal courts
since 1998.  During the hearing, Plaintiff's counsel stated that
Molski had filed approximately 400 suits, and the Court will
accept that number. Despite this considerable number of filings,
Molski has never litigated a suit on the merits in the Central
District of California.  The vast majority of his claims settle,
with a significant minority dismissed for lack of prosecution or
violation of a court order.

permitted by law.  After entering the business, Molski generally complains that the service counter is too high.  Virtually every complaint ends with Molski venturing to the restroom, which inevitably suffers from at least one violation.  Molski almost always suffers some injury - typically to the upper extremities - in the process of transferring himself from his wheelchair to the toilet.  He also regularly complains of suffering humiliation or other emotional distress from the experience.  Molski's prayer for relief routinely includes both a request for injunctive relief and damages of $4,000 per day, for each day after his visit until the facility is brought up to ADA standards.

The facts of the instant case are predictably similar.  On January 25, 2003, Molski's complaint alleges that he had dinner at the Mandarin Touch Restaurant in Solvang, California.  After dinner, Molski attempted to use the restroom, but found that the entrance was too narrow.  Molski then alleges that, as he was attempting to leave the restroom, his hand became "caught in the exterior door causing trauma to it." The lawsuit asks for injunctive relief to bring the restaurant up to ADA standards, and damages of not less than $4,000 per day, for each day after his visit until such time as the restaurant is made fully accessible.

b. <u>The Americans With Disabilities Act</u>

The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, <u>et seq.</u>, was signed into law in 1990. Its stated goal is to remedy discrimination against individuals with disabilities.[3]  To that end, Title III of the ADA, 42 U.S.C. § 12181, <u>et seq.</u>, requires the removal of structural barriers in existing public accommodations "where such removal is readily achievable."[4]  42 U.S.C. § 12182(b)(2)(A)(iv).  <u>See also</u> 28 C.F.R. § 36.304 (2004)(listing examples of, and prioritizing, readily achievable repairs).  Where removal of the barrier is not readily achievable, the facility must provide access "through alternative

_____

[3]    The ADA states:
It is the purpose of this Act--
   (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
   (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
   (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
   (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.
42 U.S.C. § 12101(b).

[4]    The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181 (9).

-4-

1   methods if such methods are readily achievable."  42

2   U.S.C. § 12182(b)(2)(A)(v).

3       To enforce Title III, the ADA contains both a

4   private right of action, 42 U.S.C. § 12188(a), and a

5   right of action for the Attorney General, 42 U.S.C. §

6   12188(b).  While the Attorney General may seek monetary

7   damages on behalf of an aggrieved party, 42 U.S.C. §

8   12188(b)(2)(B), the only remedies available under the

9   private right of action are injunctive relief and the

10   recovery of attorneys' fees and costs.  42 U.S.C. §

11   12188(a)(1); 42 U.S.C. § 2000a-3(a).  By providing

12   different remedies for public and private enforcement,

13   Congress clearly demonstrated its intent to prevent

14   private plaintiffs from recovering money damages under

15   the ADA.  <u>American Bus Ass'n v. Slater</u>, 231 F.3d 1, 5

16   (D.C. Cir. 2000) ("By specifying the circumstances

17   under which monetary relief will be available, Congress

18   evinced its intent that damages would be available in

19   no others.").

20       However, enterprising plaintiffs (and their

21   attorneys) have found a way to circumvent the will of

22   Congress by seeking money damages while retaining

23   federal jurisdiction.  Because a violation of the ADA

24   also constitutes a violation of California's Unruh

25   Civil Rights Act, Cal. Civ. Code § 51(f), and the

26   California Disabled Persons Act ("CDPA"), Cal. Civ.

27   Code § 54(c), Plaintiffs can sue in federal court for

28   injunctive relief under the ADA, and tack on state law

claims for money damages under the Unruh Act and CDPA.
See, e.g., Moeller v. Taco Bell Corp., 220 F.R.D. 604,
607 (N.D. Cal. 2004).

The ability to profit from ADA litigation has given
birth to what one Court described as "a cottage
industry." Rodriguez v. Investco, L.L.C., 305 F. Supp.
2d 1278, 1280-81 (M.D. Fla. 2004). The scheme is
simple: an unscrupulous law firm sends a disabled
individual to as many businesses as possible, in order
to have him aggressively seek out any and all
violations of the ADA. Then, rather than simply
informing a business of the violations, and attempting
to remedy the matter through "conciliation and
voluntary compliance," id. at 1281, a lawsuit is filed,
requesting damage awards that would put many of the
targeted establishments out of business. Faced with
the specter of costly litigation and a potentially
fatal judgment against them, most businesses quickly
settle the matter.

The result of this scheme is that "the means for
enforcing the ADA (attorney's fees) have become more
important and desirable than the end (accessibility for
disabled individuals)." Brother v. Tiger Partner, LLC,
331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004). Serial
plaintiffs, like Molski, serve as "professional pawn[s]
in an ongoing scheme to bilk attorney's fees."
Rodriguez, 305 F. Supp. 2d at 1285. It is a "type of
shotgun litigation [that] undermines both the spirit

-6-

1  and purpose of the ADA." <u>Brother</u>, 331 F. Supp. 2d at

2  1375.[5]

3  **Analysis**

4      a. <u>Authority to Issue Pre-Filing Order</u>

5      The District Court has the inherent power to levy

6  sanctions in response to abusive litigation practices.

7  <u>See</u>, <u>e.g.</u>, <u>Roadway Express, Inc. v. Piper</u>, 447 U.S.

8  752, 765-66 (1980). This inherent power is augmented

9  by Local Rule 83-8, which empowers this Court to craft

10 an appropriate sanction to defend against vexatious

11 litigation, including, but not limited to, "a directive

12 to the Clerk not to accept further filings from the

13 litigant without payment of normal filing fees and/or

14 without written authorization from a judge of the Court

15 or a Magistrate Judge, issued upon such showing of the

16 evidence supporting the claim as the judge may

17 require."[6] C.D. Cal. Local Rule 83-8.2.

18

---

19     [5] The <u>Brother</u> court expressed serious concerns about the

20 "vexatious litigation tactics" employed by serial ADA plaintiffs,
    and called upon the Congress to formulate a legislative solution

21 to the problem. 331 F. Supp. 2d at 1375. Pending legislative
    reform, however, "[t]he appropriate mechanism for addressing

22 allegations of such behavior lies with the ethics and
    disciplinary bodies of State bar associations or with the court

23 where the litigation is pending." <u>ADA Notification Act: Hearings</u>
    <u>on H.R. 3590, before the Subcomm. on the Constitution of the</u>

24 <u>House Comm. on the Judiciary</u> (May 18, 2000), <u>available</u> <u>at</u>:

25 http://commdocs.house.gov/committees/judiciary/hju66728.000/hju66
    728_0.htm.

26

27     [6] Local Rule 83-8 also states:
        It is the policy of the Court to discourage
        vexatious litigation and to provide persons who are

28     subjected to vexatious litigation with security

-7-

b. <u>Standard for Vexatious Litigant</u>

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." <u>Safir v. United States Lines, Inc.</u>, 792 F.2d 19, 23 (2nd Cir. 1986). In doing so, the Court should look to five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. <u>See</u> <u>id.</u>

1. <u>Litigant's History of Litigation</u>

A "vexatious suit" is a "lawsuit instituted

against the costs of defending against such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.
C.D. Cal. Local Rule 83-8.1.

1  maliciously and without good cause." Black's Law
2  Dictionary 1596 (8th ed. 2004). After examining
3  Plaintiff's extensive collection of lawsuits, the Court
4  believes that most, if not all, were filed as part of a
5  scheme of systematic extortion, designed to harass and
6  intimidate business owners into agreeing to cash
7  settlements.

8      The Court bases this determination on several
9  considerations. One is the sheer volume of lawsuits
10 filed by this Plaintiff. Although litigiousness alone
11 is insufficient to justify a restriction on filing
12 activities, see In re Oliver, 682 F.2d 443, 446 (3rd
13 Cir. 1982), it is a factor the Court considers
14 indicative of an intent to harass. See De Long v.
15 Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (stating
16 that in order to issue a prefiling order, "[a]t the
17 least, the record needs to show, in some manner, that
18 the litigant's activities were numerous or abusive").
19 Here, Molski's filing are plainly numerous, and, as
20 discussed throughout this order, abusive as well.

21     Another consideration is the textual and factual
22 similarity of the complaints filed by Plaintiff. This
23 too, while not dispositive, is a factor the Court
24 considers indicative of an intent to harass, as it
25 suggests that Plaintiff is filing boilerplate
26 complaints. See In re Powell, 851 F.2d 427, 431 (D.C.
27 Cir. 1988) (stating that "the district court should
28 attempt to discern whether the filing of several

-9-

1 similar types of actions constitutes an intent to
2 harass the defendant or the court").

3     Most important, however, is the Court's conclusion
4 that the allegations contained in Plaintiff's
5 complaints are contrived and not credible.  Although it
6 is not obvious when looking at an individual complaint,
7 examining Plaintiff's complaints in the aggregate
8 reveals a clear intent to harass businesses.

9     For example, in <u>Molski v. El 7 Mares Restaurant</u>,
10 Case No. C04-1882 (N.D. Cal. 2004), Molski claims that,
11 on May 20, 2003, he and significant other, Brygida
12 Molski, attended the El 7 Mares Restaurant for the
13 purposes of dining out.  Molski alleges that the
14 restaurant lacked adequate handicapped parking, and
15 that the food counter was too high.  After the meal,
16 Molski attempted to use the restroom, but because the
17 toilet's grab bars were improperly installed, he
18 injured his shoulders in the process of transferring
19 himself from his wheelchair to the toilet.  Thereafter,
20 he was unable to wash his hands because of the
21 lavatory's design.

22     Although this complaint appears credible standing
23 alone, its validity is undermined when viewed alongside
24 Molski's other complaints.  In <u>Molski v. Casa De Fruta</u>,
25 L.P., Case No. C04-1981 (N.D. Cal. 2004), Molski
26 alleges that he sustained nearly identical injuries on
27 the exact same day, May 20, 2003.  In <u>Casa de Fruta</u>,
28 Molski alleges that he and significant other, Brygida

-10-

1  Molski, patronized Casa de Fruta for the purpose of
2  wine tasting.  On arrival, Molski was again unable to
3  locate van accessible parking.  Once inside, Molski
4  again found the counter to be too high.  After wine
5  tasting, Molski again decided to use the restroom, and
6  again, injured his upper extremities while in the
7  process of transferring himself to the toilet.
8  Thereafter, he was once again unable to wash his hands
9  due to the design of the lavatory.

10      This was, apparently, not the end of Molski's day.
11 In Molski v. Rapazzini Winery, Case No. C04-1881 (N.D.
12 Cal. 2004), Molski once again alleges that he sustained
13 nearly identical injuries on the exact same day, May
14 20, 2003.  Molski, again accompanied by Brygida Molski,
15 claims he visited the Rapazzini Winery for the purpose
16 of wine tasting.  Again, Molski complains that the
17 parking lot lacked adequate handicapped van accessible
18 parking.  Upon entering the establishment, he
19 discovered that the counter was too high.  After
20 tasting wine, he again needed to use the restroom.  In
21 the course of transferring himself from his wheelchair
22 to the toilet, he injured himself yet again.
23 Thereafter, he was again unable to wash his hands due
24 to the lavatory's design.

25      The Court is tempted to exclaim: "what a lousy
26 day!"  It would be highly unusual – to say the least –
27 for anyone to sustain two injuries, let alone three, in
28 a single day, each of which necessitated a separate

-11-

federal lawsuit. But in Molski's case, May 20, 2003, was simply business as usual. Molski filed 13 separate complaints for essentially identical injuries sustained between May 19, 2003 and May 23, 2003. The Court simply does not believe that Molski suffered 13 nearly identical injuries, generally to the same part of his body, in the course of performing the same activity, over a five-day period. This is to say nothing of the hundreds of other lawsuits Molski has filed over the last four years, many of which make nearly identical allegations. The record before this Court leads it to conclude that these suits were filed maliciously, in order to extort a cash settlement.

It is possible, even likely, that many of the businesses sued were not in full compliance with the ADA. However, "[f]or purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of [sanctions].'" Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001)(citations omitted). See also Vollmer v. Selden, 350 F.3d 656, 660 (7th Cir. 2003) (a non-frivolous filing may be sanctionable if filed for an improper purpose, such as extortion). So, even if the businesses sued by Molski were in violation of the ADA,

1  this fact is outweighed by the Court's finding that he

2  acted in bad faith, for the improper purpose of

3  extorting a settlement.  The Court therefore finds that

4  Molski has a considerable history of vexatious

5  litigation.  See Brother, 331 F. Supp. 2d at 1375

6  (describing a similar pattern of "shotgun" ADA

7  litigation, designed to extort attorneys' fees, as

8  "vexatious litigation").

9      2. Litigant's Motive

10     The next factor to be considered is the litigant's

11 motive in bringing the lawsuit.  Molski claims that his

12 motivation was to obtain injunctive relief, and that

13 the funds recovered were largely used to offset his

14 legal expenses.  But this explanation is undercut by

15 his course of action.  The ADA itself allows private

16 plaintiffs to sue for injunctive relief, and to recover

17 their attorneys' fees and costs.  It does not allow for

18 any award of money damages to a private plaintiff.  If

19 Molski's motivation was genuinely to obtain injunctive

20 relief and recover his legal costs, he could sue

21 entirely under the ADA.  But he does not do that.

22 Instead, Molski almost always raises additional state

23 law claims under the CDPA, California Health & Safety

24 Code, the Unruh Civil Rights Act, and California Bus. &

25 Prof. Code § 17200, which allow for the recovery of

26 money damages.

27     Clearly, raising multiple claims, by itself, is not

28 unethical or vexatious.  However, it is consistent with

-13-

an overall pattern of behavior that demonstrates
Molski's motivation is, ultimately, to extract a cash
settlement.  The threat of significant money damages[7] is
a much more effective inducement to settle than merely
requesting a court order to make "readily achievable"
repairs.  And that threat appears to be working.
Almost as startling as the sheer number of complaints
Molski has filed, is the number of those claims that
settle.  Of the hundreds of cases Molski has filed in
this district, not one has ever been litigated on the
merits.  The overwhelming majority settle, with a
significant minority dismissed for violation of a court
order, or failure to prosecute the claim.  This not
only calls into question Molski's good faith
expectation of prevailing on the merits of his claim,
but also suggests that he does not even have a
reasonable expectation (or intention) of litigating the
suit on the merits.[8]  Molski's m.o. is clear: sue,
settle, and move on to the next suit.

---

[7]     And the damages requested are quite significant. Molski
routinely asks for $4,000 per day, for every day from his visit
until the repairs are completed.  And Molski often waits a year
or more before filing suit.  In the instant case, the purported
violation took place on January 25, 2003, but the suit was not
filed until January 23, 2004.  That delay alone would be worth
$1,452,000 if Molski received the damages requested.

[8]     Additionally, given Molski's considerable history of
making questionable claims, a jury could reasonably refuse to
credit his testimony.  This further weakens the likelihood of
Molski prevailing on the merits of his claims.

-14-

### 3. Representation By Counsel

The next factor is whether or not Molski is represented by counsel. Molski has been represented by counsel in every lawsuit that this Court is aware of. Although courts are generally protective of pro se litigants, this same protection does not apply to litigants represented by counsel, and thus, this factor also weighs against Plaintiff. See Iwachiw v. N.Y. City Bd. of Elections, 273 F. Supp. 2d 224, 228 (E.D. N.Y. 2003).

### 4. Burden on the Courts

The fourth factor is whether Plaintiff has caused needless expense to other parties or unnecessarily burdened the courts. Because Plaintiff has filed a countless number of vexatious claims, the Court believes this factor plainly weighs against him.

### 5. Adequacy of Other Sanctions

The final factor is whether sanctions, other than a pre-filing order, could adequately protect the court and other parties. For the reasons already discussed, the Court believes the answer is no. As noted above, Plaintiff's filings appear meritorious when examined individually. Their vexatious nature is revealed only when viewed in the aggregate. Thus, the only effective way to put a reviewing judge on notice of Plaintiff's history is to require Molski to file a copy of this order with every new complaint that he seeks to file. This would allow the reviewing judge to assess whether

1  Molski had raised a bona fide claim of discrimination

2  under the ADA, or whether he was merely bringing

3  another vexatious claim in order to strong arm a

4  business into settling.  <u>See</u>, <u>e.g.</u>, <u>In re Billy Roy</u>

5  <u>Tyler</u>, 839 F.2d 1290, 1293-94 (8th Cir. 1988) (per

6  curiam) (holding that a pre-filing order is appropriate

7  where petitioner was able to consistently dress up

8  frivolous claims so that, on the face of the complaint,

9  they appeared to be meritorious).

10 **Conclusions**

11      The Court is convinced that a pre-filing order is

12 justified and necessary to prevent Molski from filing

13 any further vexatious complaints.  The Court has no

14 doubt that Molski's "shotgun litigation" tactics

15 "undermine[] both the spirit and purpose of the ADA."

16 In addition to misusing a noble law, Molski has plainly

17 lied in his filings to this Court.  His claims of being

18 the innocent victim of hundreds of physical and

19 emotional injuries over the last four years defy belief

20 and common sense.

21      But Molski has not acted alone.  In every action,

22 Molski is aided and abetted by his attorneys, often the

23 Thomas E. Frankovich Law Offices, and his corporate co-

24 Plaintiff, Disability Rights Enforcement Education

25 Services: Helping You Help Others ("DREES").[9]  For that

26

27      [9]   The Court notes that it has at least one other case
   currently before it involving DREES and the Frankovich firm.  The
28 named plaintiff in that case is Les Jankey.  <u>Jankey v. Yang Chow</u>

                              - 16 -

1  reason, this Court is also issuing orders to show cause

2  why the Court should not exercise its inherent power to

3  extend similar sanctions to them, for their role in

4  facilitating Molski's abusive litigation practices.[10]

5  The Court is also troubled by the fact that Molski

6  raises a federal ADA claim in the federal courts, while

7  seeking a remedy, money damages, exclusively available

8  under state law.[11] Even if proven, the ADA claim would

9  not entitle Molski to any relief that is not already

10  available under state law. Additionally, the burden of

11  proving an ADA claim is necessarily at least as high as

12  proving a violation to the California statutes, as a

13  violation of the ADA constitutes a prima facie

14  violation of those statutes. Thus, the ADA claims do

15  not extend Molski any benefit in terms of the

16  litigation itself, or the remedies he may seek, other

17  than allowing him to proceed in the federal courts.

18  For that reason, the Court believes that Molski's

19  ADA claims are a sham, used as a pretext to gain access

20  to the federal courts, while he pursues remedies that

21  _____

22  Restaurant, CV 03-2239 (C.D. Cal. 2003). While less prolific
    than Molski, the Court's computer docketing program reveals that
23  Jankey has filed 36 claims in the Central District, including 21
    cases filed in 2004 alone. In each of these cases, Jankey was
24  represented by the Frankovich firm, and DREES is a co-plaintiff.

25  [10]   The Court will also issue an order to show cause why
26  DREES's claims should not be dismissed for a lack of standing.

27  [11]   Although Molski does seek injunctive relief and
    attorneys' fees under the ADA, he also requests them as part of
28  his state law claims.

-17-

are available - sometimes exclusively - under
California state law.  Therefore, the Court will also
issue an order to show cause why Molski's ADA complaint
should not be dismissed, and his remaining claims
remanded back to state court, for lack of subject
matter jurisdiction.

Sadly, Molski is not unique.  The Trevor Law Group,
and others like it, have achieved infamy in California
for carrying out a similar scheme under California's
Unfair Business Practices statute, Bus. & Prof. Code §
17200 et seq.  As one Court described it:

> The abuse is a kind of legal shakedown
> scheme: Attorneys form a front "watchdog"
> or "consumer" organization. They scour
> public records on the Internet for what are
> often ridiculously minor violations of some
> regulation or law by a small business, and
> sue that business in the name of the front
> organization. Since even frivolous lawsuits
> can have economic nuisance value, the
> attorneys then contact the business (often
> owned by immigrants for whom English is a
> second language), and point out that a
> quick settlement (usually around a few
> thousand dollars) would be in the
> business's long-term interest.
> People ex rel. Lockyer v. Brar, 115 Cal.
> App. 4th 1315, 1316-17 (2004).

These words could apply, almost verbatim, to the
scheme perpetrated by Molski, DREES, and the Frankovich
firm.  And this Court is not unmindful of the result of
the Trevor Law Group's abuse of the Unfair Business
Practices statute.  In the most recent election, the
citizens of California overwhelmingly backed
Proposition 64, which greatly limited the private
attorney general provision of that law.  It is not

-18-

1 | beyond the realm of belief that the actions of Molski,
2 | and those like him, pose a similar threat to the ADA.

3      Thus, this pre-filing order serves as a bulwark
4 | that not only shields the Court and defendants from
5 | vexatious litigation, but also protects the "purpose
6 | and spirit of the ADA." It does not limit the right of
7 | a legitimately aggrieved disabled individual to seek
8 | legal relief under the ADA; it only prevents abuse of
9 | that law by professional plaintiffs, like Molski, and
10 | their lawyers, such as the Frankovich firm, whose
11 | priority is their own financial gain, and not "the
12 | elimination of discrimination against individuals with
13 | disabilities." 42 U.S.C. § 12101(b)(1).

14      For all of these reasons, the Court finds that
15 | Jarek Molski is a vexatious litigant. Before filing
16 | any new litigation alleging violations of Title III of
17 | the ADA in the United States District Court for the
18 | Central District of California, Molski is hereby
19 | ordered to file a motion for leave to file a complaint.
20 | Molski must submit a copy of this order and a copy of
21 | the proposed filing with every motion for leave. This
22 | will allow a reviewing judge to assess whether the
23 | proposed filing is made in good faith, or is simply
24 | another attempt to extort a settlement.

25 | **Rule 11 Sanctions**

26      Defendant has also requested sanctions under Rule
27 | 11. At this point, the Court has not made any formal
28 | determination regarding the merits of the instant case,

-19-

1 | and as such, Rule 11 sanctions would be premature. The
2 | request for sanctions is therefore DENIED.

5 | IT IS SO ORDERED.

6 | IT IS FURTHER ORDERED that the Clerk of the Court shall
7 | serve, by United States mail or by telefax or by email,
8 | copies of this Order on counsel for the parties in this
9 | matter.

10 |     Dated:    DEC - 9 2004

13 | EDWARD RAFEEDIE
    Senior United States District Judge

- 20 -

Exhibit B

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAREK MOLSKI; DISABILITY RIGHTS
ENFORCEMENT EDUCATION SERVICES:
HELPING YOU HELP OTHERS, a
California public benefit
corporation,

*Plaintiffs-Appellants,*

v.

EVERGREEN DYNASTY CORP., d/b/a
MANDARIN TOUCH RESTAURANT;
BRIAN MCINERNEY; KATHY S.
MCINERNEY, as joint tenants,

*Defendants-Appellees.*

No. 05-56452

D.C. No.
CV-04-00450-ER

OPINION

Appeal from the United States District Court
for the Central District of California
Edward Rafeedie, District Judge, Presiding

Argued and Submitted
April 17, 2007—Pasadena, California

Filed August 31, 2007

Before: Jerome Farris and Ronald M. Gould, Circuit Judges,
and Kevin Thomas Duffy,* District Judge.

Per Curiam Opinion

_____

*The Honorable Kevin Thomas Duffy, Senior United States District
Judge for the Southern District of New York, sitting by designation.

11053

## COUNSEL

Thomas E. Frankovich and Jennifer L. Steneberg, Thomas E. Frankovich, A Professional Law Corporation, San Francisco, California, for plaintiff-appellant Jarek Molski and appellant Thomas E. Frankovich, A Professional Law Corporation.

Robert H. Appert, San Gabriel, California, for defendants-appellees Mandarin Touch Restaurant and Evergreen Dynasty Corporation.

Alan H. Boon and David B. Ezra, Berger Kahn, Irvine, California, for defendants-appellees Brian McInerney and Kathy McInerney.

Lizbeth V. West, Charles L. Post, and Thadd A. Blizzard, Weintraub Genshlea Chediak, Sacramento, California, for

amici curiae California Restaurant Association, National Federation of Independent Businesses Legal Foundation, California Retailers Association, California Grocers Association, and California Farm Bureau.

---

## OPINION

PER CURIAM:

   This appeal presents two orders of the district court for our review. The first order declared Jarek Molski a vexatious litigant and ordered that Molski obtain leave of the court before filing any claims under Title III of the Americans With Disabilities Act ("ADA") in the United States District Court for the Central District of California. The second order sanctioned the law firm representing Molski, Thomas E. Frankovich, a Professional Law Corporation ("the Frankovich Group"), by requiring it to obtain leave of the court before filing any claims under Title III of the ADA in the Central District of California. We dismiss two of the defendants-appellees from this appeal for lack of jurisdiction. As to the remaining parties, we hold that the district court acted within its sound discretion in entering the pre-filing orders against Molski and against the Frankovich Group, and we affirm the orders of the district court.

## I

   Molski, who is paralyzed from the chest down, needs a wheelchair to get around. He has filed about 400 lawsuits in the federal courts within the districts in California. Molski lives in Woodland Hills, California, but frequently travels. According to Molski's amended complaint in this case, during his travels, he stopped at the Mandarin Touch Restaurant in Solvang, California on January 25, 2003. After finishing his meal, Molski decided to use the restroom. Molski was able to

pass through the narrow restroom door, but there was not enough clear space to permit him to access the toilet from his wheelchair. Molski then exited the restroom, and in the course of doing so, got his hand caught in the restroom door, "causing trauma" to his hand. Molski's amended complaint also alleged that Mandarin Touch contained other accessibility barriers "too numerous to list."

Asserting claims under the ADA and California law, Molski, along with co-plaintiff Disability Rights Enforcement, Education Services: Helping You Help Others ("DREES"), a non-profit corporation, sought injunctive relief, attorneys' fees and costs, and damages. Specifically, the complaint sought "daily damages of not less than $4,000/day . . . for each day after [Molski's] visit until such time as the restaurant is made fully accessible" as well as punitive damages and pre-judgment interest. The amended complaint named as defendants Mandarin Touch Restaurant, Evergreen Dynasty Corp., and Brian and Kathy McInerney.

Shortly after the defendants answered the complaint, Mandarin Touch and Evergreen Dynasty filed a motion for an order (1) declaring Molski a vexatious litigant; (2) requiring Molski to obtain the court's permission before filing any more complaints under the ADA; and (3) imposing monetary sanctions against Molski and his counsel, Thomas E. Frankovich. Defendants Brian and Kathy McInerney did not join the motion. In a published order, the district court granted the motion in part, declaring Molski a vexatious litigant and granting the defendants' request for a pre-filing order. *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004) [hereinafter *Mandarin Touch I*].

In determining that Molski was a vexatious litigant, the district court applied the five factors set forth in the opinion of the United States Court of Appeals for the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Those factors are: (1) the litigant's history of litigation

and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.*

The district court first noted that Molski had an extensive history of litigation. *Mandarin Touch I*, 347 F. Supp. 2d at 864. While acknowledging that the fact that a plaintiff has filed a large number of suits, standing alone, does not warrant a pre-filing order, the district court noted that a large volume of suits might indicate an intent to harass defendants into agreeing to cash settlements. *Id.* The district court also noted that Molski's complaints were all textually and factually similar. *Id.* While again not entirely dispositive, the district court surmised that boilerplate complaints might indicate an intent to harass defendants. *Id.*

Against this background, the district court's reasoning made clear that the most important consideration was its specific finding that the allegations in Molski's numerous and similar complaints were "contrived and not credible." *See id.* The court stressed that Molski often filed multiple complaints against separate establishments asserting that Molski had suffered identical injuries at each establishment on the same day. *Id.* at 865. The district court pointed out that Molski had filed thirteen separate complaints for essentially identical injuries allegedly sustained during one five-day period in May 2003. *Id.* In particular, Molski had alleged that, at each establishment, he injured his "upper extremities" while transferring himself to a non-ADA-compliant toilet. *See id.* at 864-65. The district court explicitly found that, in making these duplicitous injury claims, Molski had "plainly lied" in his filings to the court because the district court "simply [did] not believe that Molski suffered 13 nearly identical injuries, generally to the

same part of his body, in the course of performing the same activity, over a five-day period." *Id.* at 865, 867.

Applying the second *Safir* factor, the district court concluded that Molski's motivation in bringing numerous suits alleging both violations of the ADA and California state civil rights laws was to extract cash settlements from defendants. *Id.* at 866-67. Although the ADA grants private plaintiffs like Molski only the rights to seek injunctive relief, attorneys' fees, and costs, the California state civil rights laws amplify the scope of relief available under federal law by also permitting the recovery of money damages. *Compare* 42 U.S.C. §§ 2000a-3(a), 12188(a)(1), *with* Cal. Civ. Code §§ 51(f), 52(a), 54(c), 54.3(a); *see also Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 606-07 (N.D. Cal. 2004) (discussing the remedies available under California law). The district court acknowledged that raising multiple claims in one suit is, in and of itself, not vexatious. *Mandarin Touch I*, 347 F. Supp. 2d at 866. However, because Molski had tried on the merits only one of his approximately 400 suits and had settled all the others, the district court concluded that Molski's consistent approach was to use the threat of money damages under California law to extract cash settlements and move on to his next case. *Id.*

Applying the third factor from *Safir*, the district court found that Molski had been represented by counsel in every suit he filed. *Id.* The court wrote that "courts are generally protective of *pro se* litigants," but reasoned that "this same protection does not apply to litigants represented by counsel," and concluded that this factor also weighed in favor of issuing a pre-filing order. *Id.*

Under the fourth *Safir* factor, the district court determined that the large number of vexatious claims Molski had filed had placed an undue burden on the courts. *Id.*

Finally, applying the fifth factor from *Safir*, the district court found that the only effective way to protect the courts

and other parties from future vexatious litigation by Molski was by entering a pre-filing order. *Id.* Accordingly, the district court held that, "[b]efore filing any new litigation alleging violations of Title III of the ADA in the United States District Court for the Central District of California, Molski [must] file a motion for leave to file a complaint." *Id.* at 868. The court required that Molski "submit a copy of this order and a copy of the proposed filing with every motion for leave." *Id.*

In the same order, the district court denied the motion of Evergreen Dynasty and Mandarin Touch for sanctions as premature. *Id.* Finally, the district court issued an order to show cause why it should not impose a pre-filing sanction on Molski's attorneys, the Frankovich Group. *Id.* at 867.

About three months later, the district court issued a published memorandum decision regarding that order to show cause. *See Molski v. Mandarin Touch Rest.*, 359 F. Supp. 2d 924 (C.D. Cal. 2005) [hereinafter *Mandarin Touch II*]. The district court imposed a pre-filing order on the Frankovich Group similar to the order that it had imposed on Molski. *Id.* at 926. In its decision, the district court first observed that in 2004 the Frankovich Group filed at least 223 nearly identical lawsuits in the Northern and Central Districts of California, that the complaints all stated an ADA claim and the same four claims under California state law, that the damages requested in each case were identical and that, other than superficial alteration of the names and facts, the complaints were textually identical down to the typos. *Id.* The district court also noted that plaintiffs represented by the Frankovich Group would often file multiple complaints regarding similar or identical injuries sustained at multiple establishments on a single day. *See id.* at 926-27. The district court noted that one-third of the suits were against ethnic restaurants and commented that "such establishments are seen as easy prey for coercive claims." *Id.* at 926.

Supplementing its findings from its decision accompanying the pre-filing order entered against Molski, the district court

found that the Frankovich Group had filed sixteen lawsuits on Molski's behalf alleging injuries sustained over a four-day period from May 20, 2003 to May 23, 2003, all alleging that Molski suffered injuries to his upper extremities as a result of transfers or negotiating barriers. *Id.* at 928. The district court also noted that, on thirty-seven occasions in 2004 alone, Molski alleged that he had been injured two or more times on the same day. *Id.* On nineteen occasions, Molski alleged that he had been injured three or more times in one day. *Id.* And, on nine occasions in 2004, Molski alleged that he suffered four or more injuries in one day. *Id.*

Additionally, the district court discussed what it characterized as an "astonishing" letter the Frankovich Group had sent to defendants in at least two cases after suing them. *See id.* at 928. The letter described itself as "friendly advice" and counseled the unrepresented defendant against hiring a lawyer. *Id.* The letter warned that a defense attorney would embark on a "billing expedition" and that the defendant's money would be best spent on settlement and remediation of the ADA violations, rather than hiring a defense attorney. *Id.* The letter also advised the defendant that its insurance policy might cover the claim. *Id.* Finally, the letter advised the defendant that it had no bona fide defense to the lawsuit. *Id.*

Relying on its inherent power to levy sanctions, the district court ordered

> that The Frankovich Group, as presently constituted, and as it may hereafter be constituted, including shareholders, associates and employees, is required to file a motion requesting leave of court before filing any new complaints alleging violations of Title III of the Americans with Disabilities Act in the United States District Court for the Central District of California. Such a motion must include a copy of this order.

*Id.* at 926.

As the basis for its sanction, the court first emphasized the ethics rules violations contained in the letter discussed above. *Id.* at 929. For example, the letter offered legal advice to an unrepresented party whose interests conflicted with the interests of the Frankovich Group's clients. *Id.* (citing Model Rules of Prof'l Conduct R. 4.3).

Next, the district court found that many of the claims of bodily injury in complaints filed by the Frankovich Group were "contrived." *Id.* at 930. The court found in particular that "the rate of physical injury defies common sense," noting that the plaintiffs alleged similar injuries sustained in a similar fashion at different businesses on the same day. *Id.* The court noted that the similar injuries did not excuse the existence of accessibility barriers, but that its finding that the injury claims were contrived was "merely a recognition of the fact that reasonable people, once injured, tend to take affirmative steps to avoid similar physical injuries, rather than repeat that same activity 400 times (or five times in the same day)." *Id.* at 931.

The district court also criticized the practice of the Frankovich Group of waiting one year before filing their complaints, in order to maximize the damages threatened and to intimidate the small businesses against whom the Frankovich Group frequently filed its suits. *Id.* at 932.

Finally, the district court found that the high settlement rate in cases brought by the Frankovich Group, coupled with the volume of cases filed, showed a pattern of extortion. *Id.* at 933-34.

In addition to imposing a pre-filing order on the Frankovich Group, the district court requested that the California state bar investigate the Frankovich Group's practices and consider disciplinary action. *Id.* In the same order, the district court

dismissed the plaintiffs' state law claims, declining to exercise supplemental jurisdiction over them. *Id.* at 937.

On August 31, 2005, the district court, in a third published order, granted the defendants summary judgment on Molski's ADA claim for lack of standing. *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1044 (C.D. Cal. 2005). Because Molski's ADA claim was the final claim remaining in the case, the district court also entered an order dismissing with prejudice the plaintiffs' case in its entirety. *Id.* at 1048. (The district court had already dismissed DRESS's ADA claim for lack of standing in an unpublished order filed on February 9, 2005.)

On September 13, 2005, Molski and DREES filed their notice of appeal. The notice provided that the plaintiffs were appealing four rulings of the district court: (1) the December 2004 order declaring Molski a vexatious litigant; (2) the February 2005 order dismissing DREES's ADA claim for lack of standing; (3) the March 2005 order sanctioning the Frankovich Group;[1] and (4) the August 2005 order granting the defendants summary judgment on Molski's ADA claim for lack of standing and dismissing the case.

## II

We first address whether the appeal of the pre-filing orders

---

[1] In the notice of appeal and in their brief to this court, the Frankovich Group characterizes the order entered against it as an order declaring it a "vexatious litigant." The Frankovich Group characterizes the order in this fashion likely because we have held that "an attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant; by definition, he or she is acting as an attorney and not as a litigant." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, the district court's order is an order imposing sanctions. In its order, the district court repeatedly refers to its inherent power to levy sanctions against attorneys who abuse the litigation process. *See Mandarin Touch II*, 359 F. Supp. 2d at 928-29.

is timely. 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A) provide that the notice of appeal in a civil case must be filed with the district court clerk within thirty days after the judgment or order appealed from is entered. If a party does not file a notice of appeal within the prescribed time limits, we have no jurisdiction to hear the case. *Bowles v. Russell*, 127 S. Ct. 2360, 2363-64 (2007).

Under 28 U.S.C. § 1291, parties may appeal to this court only "final decisions" of the district courts. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999) (internal quotation marks omitted); *Catlin v. United States*, 324 U.S. 229, 233 (1945). Neither party disputes that the August 31, 2005 order dismissing the case was an appealable final decision. However, the McInerneys argue that the December 2004 pre-filing order entered against Molski and the March 2005 pre-filing order entered against the Frankovich Group were also final decisions and therefore immediately appealable. They maintain we must dismiss the appeal because the notice of appeal, filed on September 13, 2005, was filed more than thirty days after the entry of the pre-filing orders. Conversely, Molski and the Frankovich Group argue that the only final decision in this case is the district court's August 31, 2005 order dismissing the plaintiffs' case in its entirety and that, because they filed a notice of appeal within thirty days of the entry of that order, their appeal is timely.

**[1]** The appeal of the Frankovich Group is timely under the Supreme Court's decision in *Cunningham* and our subsequent decision in *Stanley v. Woodford*, 449 F.3d 1060 (9th Cir. 2006). In *Cunningham*, the Supreme Court held that an order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4) was not an immediately-appealable "final decision." 527 U.S. at 200. In *Stanley*, we extended *Cunningham* and held that we do not have jurisdiction to entertain interlocutory appeals of district court orders sanc-

tioning attorneys pursuant to the district court's inherent power to levy sanctions.[2] *Stanley*, 449 F.3d at 1065. In this case, the district court entered the pre-filing order against the Frankovich Group under its inherent sanctioning power. *Mandarin Touch II*, 359 F. Supp. 2d at 928. Because the Frankovich Group could not immediately appeal the pre-filing order entered against it, and because it filed its notice of appeal within thirty days of the district court's August 31, 2005 order dismissing the entire case, its appeal is timely.

[2] Molski's appeal is also timely. As a general matter, a district court order imposing sanctions on a party is not appealable before the entry of a final judgment. *See Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir. 1990); *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.*, 634 F.2d 1215, 1216 (9th Cir. 1980). However, we have not previously and specifically addressed whether pre-filing orders entered against vexatious litigants are immediately-appealable final decisions. As far as we can tell, no other circuit has considered this question either. We begin with the general presumption that "an appeal ordinarily will not lie until after final judgment has been entered in a case." *Cunningham*, 527 U.S. at 203. For vexatious litigant orders to be appealable immediately, then, those orders would have to fall within the small category of decisions in which appeal is grounded on the collateral order doctrine which permits immediate appeal of orders that are conclusive and that cannot be effectively reviewed on the appeal of the final judgment. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995).

---

[2]Prior to *Cunningham*, we had permitted interlocutory appeals of sanctions orders entered against attorneys. *See, e.g.*, *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 465 (9th Cir. 1995); *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir. 1982); *see also Stanley*, 449 F.3d at 1063 (noting that "*Cunningham* effectively overruled earlier Ninth Circuit decisions allowing immediate appeal by attorneys from orders imposing sanctions").

**[3]** As we see it, pre-filing orders entered against vexatious litigants are not conclusive and can be reviewed and corrected (if necessary) after final judgment. Though during the pendency of the appeal, the order might delay or prohibit a litigant from filing claims without leave of court, we have the authority to vacate the order entirely if we conclude the order was unjustified on the merits. *Johnny Pflocks*, 634 F.2d at 1216. Moreover, allowing immediate appeals of pre-filing orders would permit piecemeal appeals and result in a costly succession of appeals from the district court's rulings before entry of final judgment. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). We see no good reason to part ways from our case law holding that sanctions orders entered against a party are not immediately appealable, and we hold that pre-filing orders entered against vexatious litigants are also not immediately appealable. Because Molski filed his notice of appeal within thirty days of the district court's August 31, 2005 order dismissing the plaintiffs' entire case, Molski's appeal is timely.

### III

**[4]** Before we address the merits of the pre-filing orders, we must address a second jurisdictional issue. Brian and Kathy McInerney ask us to dismiss them from this appeal because they were not parties to the motion that led to the pre-filing orders entered against Molski and the Frankovich Group. Because Article III limits our jurisdiction to "cases" and "controversies," we dismiss appeals as moot when "the parties lack a cognizable interest in the outcome of the suit." *H.C. v. Koppel*, 203 F.3d 610, 612 (9th Cir. 2000); *see City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As noted above, the plaintiffs initially appealed four rulings of the district court: the two pre-filing orders and the two orders dismissing Molski and DREES's claims for lack of standing. However, in their briefs, Molski and the Frankovich Group limit their

arguments to the two pre-filing orders entered against them.[3] The McInerneys were not a party to the motion that led to the pre-filing orders that now form the sole basis of the appeal in this case. *See Mandarin Touch I*, 347 F. Supp. 2d at 861. The McInerneys thus have no cognizable interest in whether we affirm or vacate the pre-filing orders, and there is no justiciable dispute between the McInerneys and Molski and the Frankovich Group. We dismiss Brian and Kathy McInerney from this appeal for lack of jurisdiction.

## IV

We next address whether the district court erred in declaring Molski a vexatious litigant and in entering a pre-filing order against him. Two district courts in our circuit disagree about whether Molski's frequent litigation is vexatious. In this case, the Central District of California deemed Molski a vexatious litigant. *See Mandarin Touch I*, 347 F. Supp. 2d at 868. However, the Northern District of California has denied a motion to declare Molski a vexatious litigant in that district. *See Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1212 (N.D. Cal. 2005). We review a pre-filing order entered against a vexatious litigant for abuse of discretion. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). A district court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002); *Does 1-5 v. Chandler*, 83 F.3d 1150, 1152 (9th Cir. 1996).

The All Writs Act, 28 U.S.C. § 1651(a), provides district

---

[3]In their reply brief, Molski and the Frankovich Group state:

Since the filing of their Notice of Appeal, appellants have narrowed the issues for appeal, and through their opening brief seek this Court's review of two of the lower court's orders—the order deeming appellant Jarek Molski a vexatious litigant and the order imposing a pre-filing petition sanction on appellant Thomas E. Frankovich, A Professional Law Corporation.

courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used. *De Long*, 912 F.2d at 1147. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982) (noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336.3, at 698 (3d ed. 2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.

Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148; *see O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). Thus, in *De Long*, we outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *De Long*, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." *Id.* at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

The district court in this case did not apply the factors we outlined in *De Long.* Instead, the district court looked to Sec-

ond Circuit case law for guidance, applying that circuit's vexatious litigant standard as outlined in *Safir*. *See Mandarin Touch I*, 347 F. Supp. 2d at 863-64. Molski argues that the district court erred by structuring its analysis around the *Safir* factors rather than the factors we have identified.

**[5]** One district court in our circuit has correctly observed that the *Safir* factors "have never been adopted by the Ninth Circuit." *Doran v. Vicorp Rests., Inc.*, 407 F. Supp. 2d 1115, 1117 n.3 (C.D. Cal. 2005); *see also Wilson v. Pier 1 Imports (US), Inc.*, 411 F. Supp. 2d 1196, 1198 (E.D. Cal. 2006) (noting that the Ninth Circuit has developed a vexatious litigant standard separate from *Safir*). However, the Second Circuit's standard is not irreconcilable with our standard, but rather can be viewed as a tool for analyzing some of the factors we set forth in *De Long*, insofar as *Safir* and *De Long* in substance cover much of the same ground. As we noted above, we held in *De Long* that district courts considering imposing a pre-filing order on a vexatious litigant should consider four factors. The first two requirements, (1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural considerations—that is, the factors define "[a] specific method or course of action" that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order. *Black's Law Dictionary* 1241 (8th ed. 2004). The latter two factors, requiring (3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations—that is, the factors help the district court define who is, in fact, a "vexatious litigant" and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts.

The Second Circuit, by contrast, has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplica-

tive lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24. These five factors are substantive in that they all address whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate. The Second Circuit has held that district courts should use the five *Safir* factors to answer the ultimate substantive issue in resolving a motion for a pre-filing order: "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*; *see also Cromer*, 390 F.3d at 818 (using the *Safir* factors to "determin[e] whether a prefiling injunction is substantively warranted").

   **[6]** Thus, the Second Circuit's five-factor standard provides a helpful framework for applying the two substantive factors (factors three and four) of our own four-factor standard. *See Rapazzini Winery*, 400 F. Supp. 2d at 1210 ("The *Safir* test[']s examination of history of litigation, motive, and needless burden [is] useful in determining whether the current filings are frivolous and the question of whether other sanctions are adequate [is] similar to the Ninth Circuit's requirement that any pre-filing order be narrowly tailored."). While we structure our analysis here around the four factors we outlined in *De Long*, it was not reversible error for the district court to structure its analysis around the similar factors identified by the Second Circuit.[4]

---

   [4]Because the facts underlying the district court's imposition of the pre-filing order on Molski are undisputed, we could decide the merits of this appeal even if the district court had applied an incorrect legal standard. *See Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982); *Kelley v. S. Pac. Co.*, 419 U.S. 318, 331-332 (1974).

**[7]** The first factor under *De Long* is whether Molksi was given notice and an opportunity to be heard before the district court entered the pre-filing order. This is a core requirement of due process. *De Long*, 912 F.2d at 1147. In this case, Molski had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel. Also, Molski had the opportunity to oppose the motion, both in writing and at a hearing. *Cf. Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding, in a case involving sanctions levied against an attorney, that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but instead that "[t]he opportunity to brief the issue fully satisfies due process requirements").

**[8]** The second factor of the *De Long* standard is whether the district court created an adequate record for review. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The record before the district court contained a complete list of the cases filed by Molski in the Central District of California, along with the complaints from many of those cases. Although the district court's decision entering the pre-filing order did not list every case filed by Molski, it did outline and discuss many of them. *See Mandarin Touch I*, 347 F. Supp. 2d at 864-65. The district court supplemented its findings in *Mandarin Touch I* with a further discussion of Molski's litigation history in *Mandarin Touch II*. *See Mandarin Touch II*, 359 F. Supp. 2d at 927-28. The district court compiled a record adequate for review of its order.

The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis, inquiring whether the district court made " 'substantive findings as to the frivolous or harassing nature of the litigant's actions.' " *De Long*, 912

F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). To decide whether the litigant's actions are frivolous or harassing, the district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* (quoting *Powell*, 851 F.2d at 431). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy*, 906 F.2d at 470.

[9] Molski concedes that he has filed numerous claims. However, Molski contends that his suits were not vexatious because they had merit. As the district court observed, it is likely that many of the businesses Molski sued were not in compliance with the ADA. *Mandarin Touch I*, 347 F. Supp. 2d at 865. However, while Molski's complaints may have stated a legitimate claim for relief, it was not clearly erroneous for the district court to find that the claims of injury contained in those complaints were patently without merit. Because many of the violations Molski challenged were similar, it would have been reasonable for Molski's complaints to contain similar allegations of barriers to entry, inadequate signage, and so on. However, it is very unlikely that Molski suffered the same injuries, often multiple times in one day, performing the same activities—transferring himself from his wheelchair to the toilet or negotiating accessibility obstacles. Common sense dictates that Molski would have figured out some way to avoid repetitive injury-causing activity; even a young child who touches a hot stove quickly learns to avoid pain by not repeating the conduct. The district court's conclusion that Molski "plainly lied" in making his injury allegations was not clearly erroneous.

[10] In light of the district court's finding that Molski did not suffer the injuries he claimed, it was not clearly erroneous for the district court to conclude that the large number of complaints filed by Molski containing false or exaggerated allegations of injury were vexatious.

[11] The district court's determination that Molski harassed defendants into cash settlements was justified by its findings regarding Molski's litigation strategy. California law provides that a plaintiff who suffers discrimination based on his or her disability may recover up to three times the amount of actual damages for each offense, and that, at a minimum, the plaintiff must recover damages of not less than $4000. Cal. Civ. Code § 52(a). Thus, Molski usually sought damages of not less than $4000 for each day that a facility did not comply with the ADA. Because Molski would often wait to file suit until a full year elapsed since his visit to the defendants' establishments, defendants often faced claims for statutory damages of over one million dollars. While Molski's claim for daily damages might have been legally justified,[5] it was not clearly erroneous for the district court to find that Molski's litigation strategy evidenced an intent to harass businesses into cash settlements.[6]

---

[5]District courts in our circuit disagree about whether a plaintiff may seek daily damages under California Civil Code sections 52(a) and 54.3(a). *Compare Rapazzini Winery*, 400 F. Supp. 2d at 1211 (holding that daily damages are not available under section 52(a)), *and Doran v. Embassy Suites Hotel*, No. C-02-1961, 2002 WL 1968166, at *6 (N.D. Cal. Aug. 26, 2002) (holding that daily damages are not available under either section 52(a) or 54.3(a)), *with Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047, 1051-52 (S.D. Cal. 1998) (holding that an allegation that a plaintiff "is being subjected to a discrimination" meant that the plaintiff had been deterred from visiting a public accommodation on a daily basis, and supported a claim for daily damages under sections 52(a) and 54.3(a)); *see also Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994) (suggesting that a plaintiff can claim damages under sections 52(a) and 54.3(a) for each particular occasion of deterrence). We could not find any California court that has spoken on this issue.

[6]We note that there was a substantial disconnect between the magnitude of injuries Molski suffered and the amount of damages he sought to recover. For example, in this case, in a declaration submitted to the district court, Molski admitted that the injury he suffered at Mandarin Touch—scraping his hand on the door frame—was "not a big injury." Nonetheless, Molski claimed damages of "not less than $4,000" for each of the 363 days that elapsed between when he visited Mandarin Touch on January 25,

**[12]** The district court also did not err when it inferred an intent to harass defendants into settlement from the fact that Molski had tried on the merits only one of his roughly 400 ADA cases and the fact that Molski and the Frankovich Group targeted ethnic restaurants viewed as easy prey for coercive claims.

Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions. Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false. In an adversary system, we do not fault counsel or client for putting their

2003, and when he filed his complaint on January 23, 2004. Molski thus made a damage claim of no less than $1,452,000 on the day he filed his complaint, with that amount growing by the day. Even if Molski could claim statutory minimum damages in an amount far greater than any actual injury he suffered, *see Continental Cablevision, Inc. v. Poll*, 124 F.3d 1044, 1049 (9th Cir. 1997) (suggesting that statutory damages do not require proof of injury); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306 (9th Cir. 1990) (same), Molski's claims of damages far in excess of the injuries he suffered are not entirely irrelevant to determining whether his litigation was vexatious.

By seeking damages of *not less than* $4000 per day, Molski would claim actual damages beyond those to which he was arguably entitled under the California statutes. *See* Cal. Civ. Code §§ 52(a), 54.3(a) (permitting the recovery of actual damages). Also, there existed a possibility that the district court would reject the notion that Molski could recover daily damages, *see supra* note 5, and that Molski would be forced to seek, for the most part, actual damages. Additionally, Molski's complaints usually sought punitive damages. In all of those situations, to recover actual or punitive damages, Molski would need to prove a corresponding injury. *Cf. Continental Cablevision, Inc.*, 124 F.3d at 1049; *Six (6) Mexican Workers*, 904 F.2d at 1306. Because he claimed damages far in excess of his actual injuries, his exaggerated claims of damages support a pre-filing order to the extent that he sought to recover more than the statutory minimum of damages.

best arguments forward, and it is likely the unusual case in
which a finding of frivolous litigation follows in the train of
a legitimate legal claim. It is a question of degree where the
line falls between aggressive advocacy of legitimate claims
and the frivolous assertion of false allegations. In this case,
the district court, looking at the allegations of hundreds of
lawsuits, made a decision that Molski's baseless and exagger-
ated claims of injuries exceeded any legitimacy and were
made for the purpose of coercing settlement. We cannot on
this record conclude that the district court's factual determina-
tions were clearly erroneous or that the district court errone-
ously reached the legal conclusion that Molski's litigation was
vexatious.

**[13]** The fourth and final factor in the *De Long* standard is
that the pre-filing order must be narrowly tailored to the vexa-
tious litigant's wrongful behavior. In *De Long*, we held over-
broad an order preventing the plaintiff from filing any suit in
a particular district court. *De Long*, 912 F.2d at 1148. Like-
wise, in *O'Loughlin*, we held that an order requiring a plain-
tiff to show good cause before making any request to proceed
in forma pauperis was not narrowly tailored. *O'Loughlin*, 920
F.2d at 618. Also, in *Moy* we held that an order requiring a
plaintiff to obtain leave of court to file any suit was overly
broad when the plaintiff had only been highly litigious with
one group of defendants. *Moy*, 906 F.2d at 470. Here, by con-
trast, the district court's order is much narrower—it only pre-
vents Molski from filing actions under Title III of the ADA
in the Central District of California. The order thus appropri-
ately covers only the type of claims Molski had been filing
vexatiously—ADA claims. *Cf. Cromer*, 390 F.3d at 818-19
(vacating a pre-filing order that prevented the plaintiff from
making "any and all filings" in the present case and also
enjoined him from making any future filings in any unrelated
case in the district court without obtaining permission from
the magistrate judge who issued the order); *In re Packer Ave.
Assocs.*, 884 F.2d 745, 748 (3d Cir. 1989) (vacating as not
narrowly tailored a pre-filing order "prohibiting a litigant

from ever again filing a document in federal court"). The order also does not prevent Molski from filing any ADA complaints, it merely subjects Molski's complaints to an initial screening review by a district judge. The order is narrowly tailored because it will not deny Molski access to courts on any ADA claim that is not frivolous, yet it adds a valuable layer of protection, which we think was warranted, for the courts and those targeted by Molski's claims. *See Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984).

In summary, we reemphasize that the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as "vexatious." *De Long*, 912 F.2d at 1147; *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982). We also emphasize that the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant. Accessibility barriers can be, and often are, similar in different places of public accommodation, and there is nothing inherently vexatious about using prior complaints as a template. *See Wilson*, 411 F. Supp. 2d at 1196 (stating that uniform instances of misconduct can justify uniform pleadings).

As we discussed above, the ADA does not permit private plaintiffs to seek damages, and limits the relief they may seek to injunctions and attorneys' fees. We recognize that the unavailability of damages reduces or removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit under the ADA. *See* Samuel R. Bagenstos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 U.C.L.A. L. Rev. 1, 5 (2006). As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. District courts should not condemn such serial litigation as vexatious as a matter of course. *See De Long*, 912 F.2d at 1148 n.3. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individ-

uals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA. But as important as this goal is to disabled individuals and to the public, serial litigation can become vexatious when, as here, a large number of nearly-identical complaints contain factual allegations that are contrived, exaggerated, and defy common sense. False or grossly exaggerated claims of injury, especially when made with the intent to coerce settlement, are at odds with our system of justice, and Molski's history of litigation warrants the need for a pre-filing review of his claims.

**[14]** We acknowledge that Molski's numerous suits were probably meritorious in part—many of the establishments he sued were likely not in compliance with the ADA. On the other hand, the district court had ample basis to conclude that Molski trumped up his claims of injury. The district court could permissibly conclude that Molski used these lawsuits and their false and exaggerated allegations as a harassing device to extract cash settlements from the targeted defendants because of their noncompliance with the ADA. In light of these conflicting considerations and the relevant standard of review, we cannot say that the district court abused its discretion in declaring Molski a vexatious litigant and in imposing a pre-filing order against him.

## V

The final issue in this case is whether the district court erred in imposing a pre-filing order against the Frankovich Group. We review the district court's imposition of sanctions against an attorney for abuse of discretion. *Weissman*, 179 F.3d at 1197; *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). "A district court abuses its discretion in imposing sanctions when it bases its decision 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

The district court in this case sanctioned the Frankovich Group with a pre-filing order pursuant to its inherent power to regulate abusive or bad-faith litigation. *Mandarin Touch II*, 359 F. Supp. 2d at 928; *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). "This inherent power derives from the lawyer's role as an officer of the court which granted admission." *In re Snyder*, 472 U.S. 634, 643 (1985) (citations omitted). The Supreme Court has cautioned that, because of the potency of attorney sanction orders, courts must exercise their inherent sanctioning authority with restraint and sound discretion. *Chambers*, 501 U.S. at 45; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

As a procedural matter, before imposing sanctions on an attorney, the district court must afford the attorney notice and an opportunity to be heard. *Weissman*, 179 F.3d at 1198. As a substantive matter, justifications for imposing a pre-filing sanction on an attorney "include the attorney's willful abuse of the judicial process, bad faith conduct during litigation, or filing frivolous papers." *Id.* (citations and internal quotation marks omitted). Violations of ethics rules can also serve as a ground for imposing sanctions. *See, e.g.*, *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996); *see also* C.D. Cal. Local R. 83-3.1.2 (providing that attorneys practicing in the district court must comply with the Rules of Professional Conduct of the State Bar of California, that any violation of those rules "may be the basis for the imposition of discipline," and that the Model Rules of Professional Conduct of the American Bar Association may also be considered as guidance when disciplining attorneys). Additionally, the sanction imposed must be tailored to curtail the attorney's particular misconduct. *Chambers*, 501 U.S. at 57; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam); *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992).

In this case, the district court afforded the Frankovich Group notice and an opportunity to be heard before imposing its sanction. On December 10, 2004, the district court issued an order to show cause why the court should not impose a pre-filing order on the Frankovich Group for its role in facilitating Molski's litigation. *Mandarin Touch I*, 347 F. Supp. 2d at 867. The Frankovich Group responded to the order in writing, and on February 7, 2005, the district court conducted a hearing on the order. These proceedings provided the Frankovich Group the notice and opportunity to be heard that due process requires. *See Pac. Harbor Capital*, 210 F.3d at 1118; *Weissman*, 179 F.3d at 1198.

The district court also did not abuse its discretion in making the substantive determination that a pre-filing order was justified based on the conduct of the Frankovich Group. As discussed above, Molski's complaints repeatedly alleged injuries that the district court found to be contrived and untrue. Also, the claims of injuries often were inconsistent with the barriers alleged. For example, complaints filed by the Frankovich Group would allege bodily injury suffered as a result of inadequate signage or the lack of an accessible parking space.

**[15]** In light of the similarity and exaggerated nature of the frequent injuries Molski alleged, we concluded above that the district court's findings regarding the lack of veracity in Molski's complaints were not clearly erroneous and that the district court was within its discretion in imposing a pre-filing order on Molski. When a client stumbles so far off the trail, we naturally should wonder whether the attorney for the client gave inadequate or improper advice. That the Frankovich Group filed numerous complaints containing false factual allegations, thereby enabling Molski's vexatious litigation, provided the district court with sufficient grounds on which to base its discretionary imposition of sanctions. *Weissman*, 179 F.3d at 1198.

The district court also emphasized that the letter that the Frankovich Group sent to the defendants in at least two cases

may have violated multiple ethics rules. While we do not rely on the possible ethical violations as a ground for affirming the sanction imposed on the Frankovich Group, we note that Frankovich Group's decision to send letters that many might view as intimidating to unrepresented defendants was, at best, a questionable exercise of professional judgment. The letters gave legal advice to unrepresented parties whose interests conflicted with the interests of the Frankovich Group, and this advice quite possibly ran afoul of relevant ethical rules. *See* Model Rules of Prof'l Conduct R. 4.3 ("The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client."); Model Code of Prof'l Responsibility DR 7-104(A)(2) (providing that "a lawyer shall not . . . [g]ive advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client").

Additionally, the letters advised the defendant that it had no bona fide defense to the ADA action, when in fact this might not be true in a particular case. For example, the ADA requires the removal of barriers in certain structures only when "such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). This possibly false statement of law may have violated ethics provisions regarding a lawyer's candor to third parties. *See* Model Rules of Prof'l Conduct R. 4.1(a) (providing that "[i]n the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person"); Model Code of Prof'l Responsibility DR 7-102(A)(5).

The advice that the defendant might have insurance covering the alleged ADA violation might also have violated Model Rule 4.1(a) and Disciplinary Rule 7-102(A)(5) because California courts have held that an insurance company has no

contractual duty to defend in an ADA suit alleging that a defendant's facilities were inaccessible. *See Modern Dev. Co. v. Navigators Ins. Co.*, 111 Cal. App. 4th 932, 943 (2002). But because the district court was within its discretion in sanctioning the Frankovich Group based on the questionable allegations of physical injury in the complaints they filed, we need not rely on the possible ethics rules violations as a ground for affirming the district court's sanction.[7]

[16] Finally, we hold that the district court's pre-filing sanction is sufficiently tailored to combat the Frankovich Group's practice of repetitive litigation based on false allegations of injury. The sanction requires the Frankovich Group to seek leave of the court before filing any more ADA complaints in the Central District of California, and requires that the district court's order in this case accompany the Frankovich Group's motion for leave. Functionally, the sanction ensures that a judge will initially determine whether the factual allegations in future complaints are colorable. The order will protect against the extracting of possibly unjustified settlements from uncounseled small-business defendants intimidated by the spectre of a federal complaint coupled with a coercive and misleading communication from a law firm. However, the order does not make it impossible for the Frankovich Group to pursue meritorious ADA litigation in the district court. *See Franklin*, 745 F.2d at 1232. Moreover, as far as the evidence before the district court showed, the Frankovich Group only used abusive litigation tactics in connection with litigation under the ADA. The pre-filing order rightly applies only to complaints asserting claims for relief

---

[7]Because we do not need to rely on the possibility of ethical rule violations to sustain the district court's pre-filing order against the Frankovich Group, and we decline to do so, we also do not make an ultimate determination whether or not any ethical rule violations occurred. As a general matter, decisions on whether lawyers have violated their ethical obligations are best made in the context of formal bar association proceedings where procedural due process protects the lawyer's rights while assessing any harm to the public.

under the ADA. *See De Long*, 912 F.2d 1148; *O'Loughlin*, 920 F.2d at 618. For these reasons, we hold that the pre-filing order imposed in this case is adequately tailored to punish the past sanctionable conduct of the Frankovich Group, and, more importantly, to protect the courts and the public from any future misconduct by that law firm.[8] Lawyers are required to give their clients' interests zealous advocacy, and while the pre-filing order in this case will not stand in the way of advocacy for legitimate claims, it will help to ensure that the services of the Frankovich Group are used in support of valid claims and not as a device to encourage settlement of unwarranted or exaggerated claims. We affirm the district court's order imposing sanctions on the Frankovich Group.

## VI

In summary, we dismiss defendants Brian and Kathy McInerney from this appeal for lack of jurisdiction. We affirm the district court's order declaring Molski a vexatious litigant and requiring him to obtain leave of the court before filing another ADA complaint in the Central District of California. We also affirm the district court's order sanctioning the Frankovich Group and imposing a similar pre-filing order on it. Costs are awarded to the appellees.

### AFFIRMED IN PART, DISMISSED IN PART.

---

[8]District courts have broad discretion in fashioning sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 786 (9th Cir. 1983) (Wallace, J., dissenting in part). Permissible sanctions when vexatious litigation is encountered may include not only a pre-filing order, but also monetary sanctions or even the ultimate sanction of dismissal of claims. We do not here hold that, if a court encounters vexatious litigation, a pre-filing order is the only permissible form of sanction. Rather, the district court may exercise its sound discretion under the facts presented to choose any appropriate sanction that will punish the past misconduct and prevent the future misconduct of the lawyer or party at issue.

1

**PROOF OF SERVICE**

2

I, the undersigned, declare as follows:

3

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 1374 Pacific Avenue, San Francisco, California 94109.

4

5

On the date set forth below, I served the document(s) entitled:

6

**DEFENDANT PURGATORY INC.'S NOTICE OF RELATED CASES**

7

on the parties in this action and the interested parties in the putative related pending cases as follows:

8

THOMAS E. FRANKOVICH                     LEO M. LaROCCA
A Professional Law Corporation              NIVEN & SMITH
2806 Van Ness Avenue                        425 California Street, 15th Floor
San Francisco, CA 94109                     San Francisco, CA 94104-2118

9

10

Counsel for plaintiffs CRAIG YATES and      Counsel for defendant VINCENT P.
DISABILITY RIGHTS ENFORCEMENT,              LaROCCA, Trustee
EDUCATION,   SERVICES:   HELPING
YOU HELP OTHERS

11

12

13

___X___      [BY MAIL] I placed the above document(s) in an envelope which was sealed, with postage thereon fully prepaid, and placed in the United States mail in San Francisco, California.  I am "readily familiar" with the practice of The Law Offices of Frank S. Moore for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

14

15

16

17

**San Francisco County Superior Court Litigants:**

18

CGC-06-452090                               CGC-06-452090
*CRAIG YATES et al vs. CIGAR AMOUR*         *CRAIG YATES et al vs. CIGAR*
*et al*                                     *AMOUR et al*

19

20

Janet M. Brayer                             SEIGEL JONATHAN
Law Offices of Janet Brayer                 2099 MARKET STREET
20 California Street, #201                   SAN FRANCISCO, CA 94114
San Francisco, CA 94111                     (415) 252-4241
415-445-9555
415-445-9541 (fax)                          representing SKYLINE
janet@brayer.net                            ENTERPRISES DE LLC
                                            (DEFENDANT)
representing CIGAR AMOUR                     SKYLINE ENTERPRISES DE LLC
(Defendant)                                 (CROSS COMPLAINANT)
                                            SKYLINE ENTERPRISES LLC, A
                                            CALIFORNIA LIMITED
                                            (Defendant)

21

22

23

24

25

26

27

28

---

*YATES, et al. v. LA ROCCA'S CORNER, et al.*                                    Case No. CGC-07-469605
DEFENDANT PURGATORY INC.'S NOTICE OF RELATED CASES

5

| | | |
|---|---|---|
| 1 | CGC-06-459119<br>*CRAIG YATES et al vs. PAKWAN* | CGC-07-467642<br>CRAIG YATES et al vs. RICO'S |
| 2 | *RESTAURANT et al* | RESTAURANT INC., A<br>CALIFORNIA CORPORATION et |
| 3 | PAUL R. PERDUE, ATTORNEY AT<br>LAW 369 PINE STREET, STE. 610 | al |
| 4 | SAN FRANCISCO, CA 94104 | AARON ROBERT S<br>AARON & WILSON, LLP |
| 5 | representing PAKWAN RESTAURANT, | 150 POST STREET, STE 400<br>SAN FRANCISCO, CA 94108 |
| 6 | LLC., A CALIFORNIA LIMITED<br>(DEFENDANT) | |
| 7 | SHABAZ AND AMIN, A CALIFORNIA<br>GENERAL PARTNERSHIP | representing WOO, HERMAN H<br>(DEFENDANT) |
| 8 | (DEFENDANT) | WOO, SHANA JOYCE<br>(DEFENDANT) |
| 9 | | WOO, WAYLAND LEE<br>(DEFENDANT) |
| 10 | | ROCHE, DENA M<br>O'REILLY & ROCHE LLP |
| 11 | | 101 CALIFORNIA STREET,<br>STE 2450 |
| 12 | | SAN FRANCISCO, CA 94111 |
| 13 | | representing RICO'S<br>RESTAURANT INC., A |
| 14 | | CALIFORNIA CORPORATION<br>(DEFENDANT) |
| 15 | | |
| 16 | CGC-07-469073<br>*CRAIG YATES et al vs. K &L* | CGC-08-470951<br>*CRAIG YATES et al vs.* |
| 17 | *RESTAURANT et al* | *CANDYSTORE COLLECTIVES,LLC*<br>*A CALIFORNIA LIMITED et al* |
| 18 | LAW OFFICES OF JEFFREY A. CHEN<br>275 FIFTH STREET, FOURTH FLOOR | |
| 19 | SAN FRANCISCO, CA 94103 | WALTER NANCY S<br>LAW OFFICES OF THOMAS O' |
| 20 | representing KONG, GILBERT | HAGAN<br>1999 HARRISON STREET |
| 21 | (DEFENDANT)<br>LIN, YON CAN (DEFENDANT) | SUITE 2070<br>OAKLAND, CA 94612 |
| 22 | | representing CANDYSTORE |
| 23 | | COLLECTIVES,LLC A<br>CALIFORNIA LIMITED |
| 24 | | (DEFENDANT)<br>JENNIFER JONES DBA |
| 25 | | CANDYSTORE (DEFENDANT)<br>MALAKIS, FRANCES |
| 26 | | (DEFENDANT) |
| 27 | | |
| 28 | | |

1  CGC-08-473176                          CGC-08-473260
   *CRAIG YATES vs. UNION SQUARE et al*   *CRAIG YATES et al vs. DA FLORA*
2                                          *RESTAURANT et al*
   ORLICK, MARTIN HARRY
3  JEFFER, MANGELS, BUTLER &              KAVANAGH, GAIL E
   MARMARO LLP                            SEDGWICK, DETERT, MORAN &
4  TWO EMBARCADERO CTR, 5TH FL.           ARNOLD LLP
   SAN FRANCISCO, CA 941113824            ONE MARKET PLAZA
5                                          SAN FRANCISCO, CA 94105
   representing CITY AND COUNTY OF
6  SAN FRANCISCO (DEFENDANT)              representing WONG, ELBERT
   CITY OF SAN FRANCISCO UPTOWN           (DEFENDANT)
7  PARKING CORPORATION                    WONG, JEAN LEE
   (DEFENDANT)                            (DEFENDANT)
8                                          WONG, NORBERT
   THIMESCH TIMOTHY S 148213              (DEFENDANT)
9  THIMESCH LAW OFFICES                   WONG, NORMAN L.
   158 HILLTOP CRESCENT                   (DEFENDANT)
10 WALNUT CREEK, CA 94576                 WONG, YICK F. (DEFENDANT)

11 representing YATES, CRAIG              LIEBERMAN RICHARD M
   (PLAINTIFF)                            LAW OFFICES OF R. MICHAEL
12                                         LIEBERMAN
                                          1398 POST STREET
13                                         SAN FRANCISCO, CA 94109

14                                         representing GASPAR, FLORENCE
                                          C. (DEFENDANT)
15

16    X      [BY MAIL] I placed the above document(s) in an envelope which was sealed, with
             postage thereon fully prepaid, and placed in the United States mail in San Francisco,
17           California.  I am "readily familiar" with the practice of The Law Offices of Frank S.
             Moore for collection and processing of correspondence for mailing, said practice being
18           that in the ordinary course of business, mail is deposited in the United States Postal
             Service the same day as it is placed for collection.
19

20 **United States District Court for the Northern District Litigants** by sending via Northern District
   of California's e-filing procedure addressed as follows:

21 3:08-cv-00356-JSW *Yates et al v. Unicorn*    3:08-cv-01403-MEJ Ramirez et al v.
   *Pan Asian Cuisine et al*                     Martha's Old Mexico et al
22
   Matthew Scott Kenefick                        Peter C. De Golia
23 Martin H. Orlick                              Jeffrey S. Lyons
   Jeffer Mangels Butler & Marmaro LLP           Clement Fitzpatrick & Kenworthy
24 Two Embarcadero Center, 5th Floor             PC
   San Francisco, CA 94111                       3333 Mendocino Avenue, Suite 200
25 415-398-8080                                  Santa Rosa, CA 95403-2261
   415-398-5584 (fax)                            (707) 523-1181
26 MKenefick@jmbm.com                            (707) 546-1360 (fax)
   mho@jmbm.com                                  pdegolia@cfk.com
27                                                jlyons@cfk.com
   ATTORNEYS representing  Wells Fargo
28 Bank, N.A. (formerly known as Croket
   National Bank) & Henry I. Poppic

---

| | |
|---|---|
| 1 | 4:07-cv-01537-CW Loskot et al v. University Inn et al |
| 2 | |
| 3 | Kurt A. Franklin<br>Kevin Durrell Reese |
| | Hanson Bridgett LLP |
| 4 | 425 Market Street<br>26th Floor |
| 5 | San Francisco, CA 94105<br>415-777-3200 |
| 6 | 415-541-9366 (fax)<br>kfranklin@hansonbridgett.com |
| 7 | KReese@hansonbridgett.com |
| 8 | |

1  4:07-cv-01537-CW Loskot et al v.
   University Inn et al

2

3  Kurt A. Franklin
   Kevin Durrell Reese
   Hanson Bridgett LLP

4  425 Market Street
   26th Floor

5  San Francisco, CA 94105
   415-777-3200

6  415-541-9366 (fax)
   kfranklin@hansonbridgett.com

7  KReese@hansonbridgett.com

8

9

10

11

12

13

14

15

16

17  3:08-cv-01958-JCS Yates et al v. Sweet
    Delight et al

18  Ara R. Jabagchourian
    Cotchett Pitre & McCarthy

19  San Francisco Airport Office Center
    840 Malcolm Road, Suite 200

20  Burlingame, CA 94010
    650-697-6000

21  650-697-0577 (fax)
    ajabagchourian@cpmlegal.com

22
    representing  Huang Family Trust

23  (Defendant)
      Pacificcom Inc.

24  (Defendant)
      Sweet Delight

25  (Defendant)

26

27

28


3:08-cv-01876-CRB Jankey et al v.
King of Thai Noodle House et al

Janet M. Brayer
Law Offices of Janet Brayer
20 California Street, #201
San Francisco, CA 94111
415-445-9555
415-445-9541 (fax)
janet@brayer.net

representing  King of Thai Noodle
House
(Defendant)

Merrilee C. Miller
Law Offices of William J.
Diffenderfer
One Market, Spear Tower
Suite 2150
San Francisco, CA 94105
(415) 348-4150
800-914-3772 (fax)
merhag@safeco.com

representing  Ling K. Kwok
(Defendant)


3:08-cv-02293-PJH Yates et al v.
Zephyr Cafe et al

Jaemin Chang
Bay Capital Legal P.C.
582 Market Street Suite 805
San Francisco, CA 94104
415 445 2570
415 462 5737 (fax)
jchang@capitallegal.com

representing  Won Hyun Enterprises
Inc.  (Defendant)

Curtis Edward Smolar
Bay Capital Legal P.C.
582 Market Street
Suite 805
San Francisco, CA 94104
(415) 445-2570
415-462-5737 (fax)
Curtis@capitallegal.com

Won Hyun Enterprises Inc.
(Defendant)

YATES, et al. v. LA ROCCA'S CORNER, et al.    Case No. CGC-07-469605
DEFENDANT PURGATORY INC.'S NOTICE OF RELATED CASES

8

1

2    3:07-cv-02657-JL Yates et al v. Winter          3:08-cv-02932-JL Yates et al v.
     Properties et al                                Benjarong Thai Cuisine et al
3
     Marvin Pederson                                 Tyler Mark Paetkau
4    Attorney at Law                                 Littler Mendelson, PC
     1160 North Dutton Avenue                        650 California Street
5    Suite 150                                       San Francisco, CA 94108
     Santa Rosa, CA 95401                            415-433-1940
6    707/544-9444                                    415-399-8490 (fax)
     707/544-5829 (fax)                              TPaetkau@littler.com
7    pederson@marvlaw.com
                                                     representing  Benjarong Thai Cuisine
8    representing  Andrade Luz Beatrice              (Defendant)
     (Defendant)                                       David Merlin
9                                                    (Defendant)
                                                       Raymond F. Stiavvetti
10                                                   (Defendant)
                                                     3:07-cv-06498-WHA Yates et al v.
11                                                   Levin Commercial Facility et al

12                                                   Richard E. Morton
                                                     Haight Brown & Bonesteel LLP
13                                                   5 Hutton Centre Drive, Suite 900
                                                     Santa Ana, CA 92707
14                                                   714-754-1100
                                                     714-754-0826 (fax)
15                                                   rmorton@hbblaw.com

16                                                   representing  Levin Commercial
                                                     Facility
17                                                   (Defendant)
                                                       Stuart M. Levin
18                                                   (Defendant)

19   3:07-cv-04813-JSW Moss et al v. Molte
     Cose et al
20
     Tyler Mark Paetkau
21   Littler Mendelson, PC
     650 California Street
22   San Francisco, CA 94108
     415-433-1940
23   415-399-8490 (fax)
     TPaetkau@littler.com
24
     representing  Molte Cose
25   (Defendant)
       Lorraine J. Choy
26   (Defendant)
       Raymond G. Choy
27   (Defendant)
       Teresa Marie Nittolo
28   (Defendant)

YATES, et al. v. LA ROCCA'S CORNER, et al.                    Case No. CGC-07-469605
DEFENDANT PURGATORY INC.'S NOTICE OF RELATED CASES

9

1 | 3:07-cv-04395-JCS Yates et al v. Red's    3:07-cv-04396-MEJ Ramirez et al v.
Recovery Room Inc. et al    Union Hotel Inc. et al

2

3 | John Henry Feldmann, III
Law Offices of John H. Feldmann III    George Joseph Keller
P.O. Box 150329    Donald Douglas Shureen

4 | 211 Forbes Ave.    Jeffrey Eugene Duplicki
San Rafael, CA 94915    McMillan & Shureen LLP

5 | (415) 453-8249    Fifth Floor
jhfiii@pacbell.net    50 Santa Rosa Ave

6 | Santa Rosa, CA 95404-4908
representing  Townsend Capital Partners,    george.keller@mcmillanshureen.com

7 | LLC    doug.shureen@mcmillanshureen.co
(Defendant)    m

8 | representing  Union Hotel Inc.
Gail F. Flatt    (Defendant)

9 | Provencher & Flatt LLP    Lucille Gonella
823 Sonoma Avenue    (Defendant)

10 | Santa Rosa, CA 95404-4714
(707) 284-2380

11 | (707) 284-2387 (fax)
gff@provlaw.com

12

13 | representing  Red's Recovery Room Inc.
(Defendant)

14 | 3:07-cv-04463-JCS Ramirez et al v.    3:07-cv-05485-MMC Yates et al v.
Omelette Express Inc. et al    N-O-H-R Plaza et al

15

16 | Bradford John DeMeo    Patrick E. Guevara
DeMeo & DeMeo    Randick O'Dea & Tooliatos, LLP

17 | 565 W. College Avenue    5000 Hopyard Road
Santa Rosa, CA 95401    Suite 400

18 | 707-545-3232    Pleasanton, CA 94588
707-545-1725 (fax)    (925) 460-3700

19 | demeo5@sonic.net    (925) 460-0969 (fax)
jwest37333@sbcglobal.net    pguevara@randicklaw.com

20 | representing  Nan Z. Mishkin    representing  N-O-H-R Plaza
(Defendant)    (Defendant)

21 | Frank Man Wai Wong
Michelle Valerie Zyromski    (Defendant)

22 | Zyromski Konicek LLP    Sin Yee Wong
2455 Bennett Valley Road, Suite B-204    (Defendant)

23 | Santa Rosa, CA 95404
(707) 542-1393

24 | (707) 542-7697 (fax)
mzyromski@zkklegal.com

25

26 | representing  Omelette Express Inc.
(Defendant)

27

28

| | | |
|---|---|---|
| 1 | 3:08-cv-02164-JL Jankey et al v. Geary Street Bella Pizza et al | 3:08-cv-02733-MMC Jankey et al v. Five Happiness Restaurant Inc et al |
| 2 | | |
| 3 | Wing Cheong Lee<br>Attorney at Law | Jason George Gong<br>Livingston Law Firm |
| 4 | 275 6th Avenue, #102<br>San Francisco, CA 94113 | 1600 South Main Street<br>Suite 280 |
| 5 | 415-831-8816<br>wingclee88@hotmail.com | Walnut Creek, CA 94596<br>(925) 952-9880<br>(925) 952-9881 (fax) |
| 6 | representing Lum Revocable Trust<br>(Defendant) | jgong@livingstonlawyers.com |
| 7 | | representing Five Happiness<br>Restaurant Inc |
| 8 | | (Defendant)<br>  Mei-Mei Koo Yang |
| 9 | | (Defendant)<br>  William P. Yang |
| 10 | | (Defendant) |
| 11 | 3:07-cv-04813-JSW Moss et al v. Molte Cose et al | 3:08-cv-01403-MEJ Ramirez et al v. Martha's Old Mexico et al |
| 12 | | |
| 13 | Tyler Mark Paetkau<br>Littler Mendelson, PC | Peter C. De Golia<br>Clement Fitzpatrick & Kenworthy |
| 14 | 650 California Street<br>San Francisco, CA 94108 | PC<br>3333 Mendocino Avenue, Suite 200 |
| 15 | 415-433-1940<br>415-399-8490 (fax) | Santa Rosa, CA 95403-2261<br>(707) 523-1181 |
| 16 | TPaetkau@littler.com | (707) 546-1360 (fax)<br>pdegolia@cfk.com |
| 17 | representing Molte Cose<br>(Defendant) | representing Martha's Old Mexico |
| 18 |   Lorraine J. Choy<br>(Defendant) | (Defendant)<br>  Elvia Lobato |
| 19 |   Raymond G. Choy<br>(Defendant) | (Defendant)<br>  Judith A. Barbieri |
| 20 |   Teresa Marie Nittolo<br>(Defendant) | (Defendant)<br>  Martha Leticia Lopez |
| 21 | |   (Defendant)<br>  Peter R. Barbieri<br>(Defendant) |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1  3:08-cv-01876-CRB Jankey et al v. King          3:08-cv-02293-PJH Yates et al v.
   of Thai Noodle House et al                      Zephyr Cafe et al
2  3:08-cv-01877-WHA Yates et al v. King
   of Thai Noodle #2 Inc. et al                    Jaemin Chang
3                                                  Curtis Edward Smolar
   Janet M. Brayer                                 Bay Capital Legal P.C.
4  Law Offices of Janet Brayer                     582 Market Street Suite 805
   20 California Street, #201                      San Francisco, CA 94104
5  San Francisco, CA 94111                         415 445 2570
   415-445-9555                                    415 462 5737 (fax)
6  415-445-9541 (fax)                              jchang@capitallegal.com
   janet@brayer.net                                Curtis@capitallegal.com
7
   representing  King of Thai Noodle House         representing  Won Hyun Enterprises
8  (Defendant)                                     Inc.
                                                   (Defendant)
9  Merrilee C. Miller
   Law Offices of William J. Diffenderfer
10 One Market, Spear Tower
   Suite 2150
11 San Francisco, CA 94105
   (415) 348-4150
12 800-914-3772 (fax)
   merhag@safeco.com
13
   representing  Ling K. Kwok
14 (Defendant)

15 3:08-cv-00737-JCS Yates et al v. Burger         Alison M. Crane
   King #3157 et al                                Bledsoe, Cathcart, Diestel &
16                                                 Pedersen
   Matthew Philip Harrington                       601 California Street
17 Hughes & Gill, P.C.                             16th Floor
   1600 S. Main Street                             San Francisco, CA 94108-2805
18 Suite 315                                       415-981-5411
   Walnut Creek, CA 94596                          415-981-0352 (fax)
19 925-926-1200                                    Acrane@bledsoelaw.com
   925-926-1202 (fax)
20 mharrington@hughes-gill.com                     representing  Belli Deli
                                                   (Defendant)
21 representing  Centennial Restaurants LLC          Dong J. Homer
   (Defendant)                                     (Defendant)
22   Syers Properties I LP                           Young B. Homer
   (Defendant)                                     (Defendant)
23
   James Albert Sarrail
24 Sarrail, Lynch & Hall, LLP
   700 Airport Blvd., Suite 420
25 Burlingame, CA 94010
   650-685-9200
26 650-685-9206 (fax)
   jsarrail@slhlawfirm.com
27
   representing  Syers Properties I LP
28 (Defendant)

---

1    3:07-cv-01405-WHA Yates et al v. Belli
     Deli et al
2

3    Lawrence Allen Baskin
     Krause & Baskin
     1120 Nye St Ste 300
4    San Rafael, CA 94901
     (415) 456-2500
5    (415) 456-1580 (fax)
     larry@baskinlaw.com
6
     representing  William Rogers
7    (Defendant)

8    Todd Alan Angstadt
     Phillips Spallas et al LLP
9    650 California St 10FL
     San Francisco, CA 94108
10   415-278-9400
     415-278-9411 (fax)
11
     representing  William Rogers
12   (Defendant)

13   3:07-cv-02100-JSW Yates et al v. Foster        3:08-cv-02165-SI Yates et al v.
     Freeze Berkeley et al                          Twice is Nice et al
14
     Andrew K. Jacobson                             Kathleen Darmagnac
15   Bay Oak Law Firm, APLC                         Stubbs & Leone
     180 Grand Ave                                  2175 N.California Blvd, Ste. 900
16   Ste 700                                        Walnut Creek, CA 94596
     Oakland, CA 94612-3763                         925-974-8600
17   510-208-5500                                   925-974-8601 (fax)
     510-208-5511 (fax)                             darmagnack@stubbsleone.com
18   andy@bayoaklaw.com
                                                    representing  Ronald Andrews
19   representing  Foster Freeze Berkeley           (Defendant)
     (Defendant)
20     Byung H. Yoo
     (Defendant)
21     Grace Pak
     (Defendant)
22     Sung C. Pak
     (Defendant)
23

24

25

26

27

28

---

1    4:08-cv-02545-CW Yates et al v. Sushi          3:08-cv-03004-EDL Yates et al v.
      Bistro Inc et al                               Franklin Arden LLC
2
      Jon C. Yonemitsu                               David W. Evans
3     Gordon & Rees LLP                              Nairi Chakalian
      275 Battery Street, Suite 2000                 Haight Brown & Bonesteel LLP
4     San Francisco, CA 94111                        71 Stevenson Street, 20th Floor
      (415) 986-5900                                 San Francisco, CA 94105-2981
5     (415) 986-8054 (fax)                           (415) 546-7500
      jyonemitsu@gordonrees.com                      (415) 546-7505 (fax)
6                                                    devans@hbblaw.com
      representing  Sushi Bistro Inc                 nchakalian@hbblaw.com
7     (Defendant)
        Jeffery Lau                                  representing  Franklin Arden LLC
8     (Defendant)                                    (Defendant)
        Sophia Lau
9     (Defendant)

10    3:07-cv-03033-EDL Yates et al v. El            3:07-cv-04177-EDL Yates et al v.
      Sombrero et al                                 Discount Alley Inc. et al
11
      James J. Zenere                                Gail F. Flatt
12    Sheuerman Martini & Tabari                     Provencher & Flatt LLP
      A Professional Corporation                     823 Sonoma Avenue
13    1033 Willow Street                             Santa Rosa, CA 95404-4714
      San Jose, CA 95125                             (707) 284-2380
14    (408) 288-9700                                 (707) 284-2387 (fax)
      (408) 295-9900 (fax)                           gff@provlaw.com
15    jzenere@smtlaw.com
                                                     representing  Discount Alley Inc.
16    representing  Agnes R. Reeves                  (Defendant)
      (Defendant)                                      Ann M. Batiste
17                                                   (Defendant)
                                                       Bruce Paul Monaghan
18                                                   (Defendant)
                                                       Chetan Kumar
19                                                   (Defendant)
                                                       Kemlesh M. Kumar
20                                                   (Defendant)
                                                       Kenneth J. McAdams
21                                                   (Defendant)
                                                       Laurie A. McAdams
22                                                   (Defendant)
                                                       Marc Frederick
23                                                   (Defendant)

24

25

26

27

28

1   **United States District Court for the Eastern District Litigants** by sending via Eastern District of
    California's e-filing procedure addressed as follows:

2

3   2:07-cv-01564-FCD-EFB Chapman, et al. v.          Lizbeth V. West
    Subway Salads and Sandwiches #14054, et al.       Weintraub Genshlea Chediak Sproul
                                                       400 Capitol Mall, 11th Floor
4   Alden John Parker                                  Sacramento, CA 95814
    Basham Parker LLP                                  (916) 558-6082
5   701 University Avenue                              (916) 446-1611 (fax)
    Suite 210                                          lwest@weintraub.com
6   Sacramento, CA 95825
    (916) 925-5850                                     representing Mary Delouize
7   (916) 925-5845 (fax)                               (Defendant)
    alden@bashamparker.com

8
    representing Mary Delouize
9   (Defendant)
     Thereza Coughran
10  (Defendant)
    Elizabeth Morell
11  (Defendant)

12

13         I declare under penalty of perjury under the laws of the State of California that the

14  foregoing is true and correct.

15

16  DATED: August 29, 2008

17                                                    Frank S. Moore

18

19

20

21

22

23

24

25

26

27

28